SIDLEY AUSTIN LLP
Thomas R. Califano (10369867)
Andres Barajas (*pro hac vice* application forthcoming)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

Duston McFaul (24003309)
Charles M. Persons (24060413)
Maegan Quejada (24105999)
Jeri Leigh Miller (24102176)
Juliana L. Hoffman (24106103)
2021 McKinney Ave
Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

*Proposed Counsel for the Debtors and
Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **GVS TEXAS HOLDINGS I, LLC,** | § | Case No. 21-31121 |
| | § | |
| Debtor. | § | |
| | § | |
| **Tax I.D. No. 81-3737458** | § | |
| In re: | § | |
| | § | |
| **GVS PORTFOLIO I B, LLC,** | § | Case No. 21-31119 |
| | § | |
| Debtor. | § | |
| | § | |
| **Tax I.D. No. 83-2577171** | § | |
| In re: | § | |
| | § | |

| | | |
|---|---|---|
| **GVS PORTFOLIO I, LLC,** | § | Case No. 21-31120 |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 83-2246441 | § | |
| ------------------------------------------------- | § | |
| **In re:** | § | |
| | § | |
| **WC MISSISSIPPI STORAGE PORTFOLIO I, LLC,** | § | Case No. 21-31125 |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 47-4670423 | § | |
| ------------------------------------------------- | § | |
| **In re:** | § | |
| | § | |
| **GVS NEVADA HOLDINGS I, LLC,** | § | Case No. 21-31126 |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 32-0504849 | § | |
| ------------------------------------------------- | § | |
| **In re:** | § | |
| | § | |
| **GVS OHIO HOLDINGS I, LLC** | § | Case No. 21-31123 |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 81-3746449 | § | |
| ------------------------------------------------- | § | |
| **In re:** | § | |
| | § | |
| **GVS MISSOURI HOLDINGS I, LLC,** | § | Case No. 21-31127 |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 81-3785452 | § | |
| ------------------------------------------------- | § | |
| **In re:** | § | |
| | § | |
| **GVS NEW YORK HOLDINGS I, LLC** | § | Case No. 21-31128 |

| | | |
|---|---|---|
| **Debtor.** | § § § § | |
| Tax I.D. No. 36-4845858 | § | |
| ------------------------------------------------- | § | |
| **In re:** | § § | |
| **GVS INDIANA HOLDINGS I, LLC** | § § § | **Case No. 21-31129** |
| **Debtor.** | § § § | |
| Tax I.D. No. 81-3763929 | § | |
| ------------------------------------------------- | § | |
| **In re:** | § § | |
| **GVS TENNESSEE HOLDINGS I, LLC,** | § § | **Case No. 21-31131** |
| **Debtor.** | § § § | |
| Tax I.D. No. 37-1835909 | § | |
| ------------------------------------------------- | § | |
| **In re:** | § § | |
| **GVS TEXAS HOLDINGS II, LLC LLC,** | § § § | **Case No. 21-31122** |
| **Debtor.** | § § § | |
| Tax I.D. No. 30-0951225 | § | |
| ------------------------------------------------- | § | |
| **GVS OHIO HOLDINGS II, LLC GP LLC,** | § § § | **Case No. 21-31124** |
| **Debtor.** | § § § | |
| Tax I.D. No. 82-1662376 | § | |
| ------------------------------------------------- | § | |
| **In re:** | § § | |
| **GVS ILLINOIS HOLDINGS I, LLC,** | § § | **Case No. 21-31130** |
| **Debtor.** | § § § | |

3

| | |
|---|---|
| Tax I.D. No. 82-1669944 | § |
| ------------------------------------------------- | § |
| In re: | § |
| | § |
| GVS COLORADO HOLDINGS I, LLC | §    Case No. 21-31132 |
| | § |
| | § |
| Debtor. | § |
| | § |
| Tax I.D. No. 82-1320408 | § |
| ------------------------------------------------- | § |

**EMERGENCY MOTION OF DEBTORS PURSUANT TO BANKRUPTCY RULE 1015(b) AND LOCAL RULE 1015-1 FOR ORDER DIRECTING JOINT <u>ADMINISTRATION OF CHAPTER 11 CASES</u>**

GVS Texas Holdings I, LLC ("<u>GVS Texas</u>") and its affiliated debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>") submit this motion (this "<u>Motion</u>"), under Rule 1015 of the Federal Rules of Bankruptcy Procedures (the "<u>Bankruptcy Rules</u>") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of Texas (the "<u>Local Rules</u>"). The Debtors seek entry of an order directing the joint administration of these chapter 11 cases for procedural purposes only. In support of this Motion, the Debtors submit the *Declaration of Robert D. Albergotti in Support of the Debtors' Emergency Motion Pursuant to Rule 1015(b) and Local Rule 1015-1 for Order Directing Joint Administration of Chapter 11 Cases* (the "<u>Joint Administration Declaration</u>"), which is attached hereto as **Exhibit B**. In further support of this Motion, the Debtors respectfully state as follows:

**Status of the Cases and Jurisdiction**

1. On the date hereof (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas (the "<u>Court</u>"). The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

4

Bankruptcy Code. No party has requested the appointment of a trustee or examiner in these cases, and no statutory committee has been appointed.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *District Court's Miscellaneous Order No. 33, Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc dated August 3, 1984*. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and other bases for the relief requested in this Motion are Bankruptcy Code section 105(a), Bankruptcy Rules 1015 and 6003, and Local Rule 1015-1.

**Background of the Debtors**

5. The Debtors are limited liability companies with the principal business of owning a wide array of properties functioning principally as self-storage and parking facilities. The properties managed by a non-Debtor operating affiliate that maintains, manages and operates the facilities. The Debtors have approximately 64 storage locations in Texas, Colorado, Illinois, Indiana, Mississippi, Missouri, Nevada, New York, Ohio, and Tennessee. Six of the properties are in the Dallas-Fort Worth Metroplex, with an additional 28 located elsewhere in the State of Texas. Since their formation, the Debtors and their non-Debtor operating affiliate have generated revenue and marketed their services as "Great Value Storage[1]," and maintain approximately 30,811 units, totaling 4,103,764 square feet. The storage units offer secure storage with 24-hour security systems, both climate controlled and non-climate controlled, RV, car, and boat parking, moving and storage supplies and moving truck rentals. In addition to conventional storage units, the GVS Portfolio includes 1,380 covered and uncovered vehicle parking units; thirteen office,

---

[1] www.greatvaluestorage.com

5

warehouse and retail commercial spaces; four campsites; seven billboards; and, two cell tower leases.

6. The Debtors own the properties, and the facilities are managed and operated by a non-Debtor affiliate responsible for the leasing, management, and operation of the storage facilities. The Debtors generate revenue through the regular and periodic collection of rents from the thousands of tenants who lease storage space at the properties.

7. The Debtors' board consists of Robert D. Albergotti, an independent director, Natin Paul, Richard Arthur, an independent director, and Colleen De Vries, an independent director. Each of the Debtors are directly or indirectly owned by GVS Portfolio I, LLC, GVS Portfolio I B, LLC, and GVS Portfolio I C, LLC.

**Relief Requested**

8. By this Motion, the Debtors seek entry of an order, substantially in the form attached to this Motion as **Exhibit A** (the "Order"), directing joint administration of these chapter 11 cases for procedural purposes only. To that end, the Debtors respectfully request that a docket entry—substantially similar to the following—be entered on the docket of each of the Debtors to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Texas directing joint administration of the chapter 11 cases of: GVS Texas Holdings I, LLC, Case No. 21-31121; GVS Portfolio I B, LLC, Case No. 21-31119; GVS Portfolio I, LLC, Case No. 21-31120; WC Mississippi Storage Portfolio I, LLC, Case No. 21-31125; GVS Nevada Holdings I, LLC, Case No. 21-31126; GVS Ohio Holdings I, LLC Case No. 21-31123; GVS Missouri Holdings I, LLC, Case No. 21-31127; GVS New York Holdings I, LLC, Case No. 21-31128; GVS Indiana Holdings I, LLC Case No. 21-31129; GVS Tennessee Holdings I, LLC, Case No. 21-31131; GVS Texas Holdings II, LLC Case No. 21-31122; GVS Ohio Holdings II, LLC Case No. 21-31124; GVS Illinois Holdings I, LLC, Case No.

21-31130; and GVS Colorado Holdings I, LLC, Case No. 21-31132. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 21-31121.

9. Further, the Debtors request that the Court maintain one file and one docket for all of the jointly administered chapter 11 cases under the case of GVS Texas Holdings I, LLC, and that these chapter 11 cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **GVS TEXAS HOLDINGS I, LLC, *et al.*,**[1] | Case No. 21-31121 |
| Debtors. | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: GVS Texas Holdings I, LLC (7458); GVS Portfolio I B, LLC (7171); GVS Portfolio I, LLC (6441); WC Mississippi Storage Portfolio I, LLC (0423); GVS Nevada Holdings I, LLC (4849); GVS Ohio Holdings I, LLC (6449); GVS Missouri Holdings I, LLC (5452); GVS New York Holdings I, LLC (5858); GVS Indiana Holdings I, LLC (3929); GVS Tennessee Holdings I, LLC (5909); GVS Texas Holdings II, LLC (1225); GVS Ohio Holdings II, LLC (2376); GVS Illinois Holdings I, LLC (9944); and GVS Colorado Holdings I, LLC (0408). The location of the Debtors' service address is: 814 Lavaca Street, Austin, Texas 78701.

10. The Debtors further respectfully request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

11. Finally, the Debtors seek authority to file the monthly operating reports as required by the U.S. Trustee Operating Guidelines on a consolidated basis; *provided, however*, those disbursements will be listed on a Debtor-by-Debtor basis.

**Basis for Relief Requested**

12. Bankruptcy Rule 1015(b) provides that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of

the estates." The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Local Rule 1015-1 provides for the joint administration of related chapter 11 cases. Accordingly, the Bankruptcy Code, Bankruptcy Rules, and Local Rules authorize the Court to grant the relief requested in this Motion.

13. As noted above, the Debtors filed the Joint Administration Declaration contemporaneously with this Motion. The Joint Administration Declaration establishes that the joint administration of the Debtors' respective estates is warranted and will ease the administrative burden for the Court and parties in interest.

14. Joint administration will promote efficiency and will ease the administrative burden on the Court and all parties in interest. Because the Debtors' financial affairs and business operations are closely related, many of the motions, hearings, and orders in the bankruptcy proceedings will affect all of the Debtors. Joint administration will significantly reduce the volume of paper that otherwise would be filed with the Clerk of the Court, because it will avoid the preparation, replication, service, and filing, as applicable, of duplicative notices, applications and orders. Joint administration will therefore render the completion of various administrative tasks less costly, and will minimize the number of unnecessary delays. The relief requested by this Motion will also simplify supervision of the administrative aspects of these cases by the Office of the United States Trustee.

15. Further, joint administration of the Chapter 11 Cases will not prejudice or adversely impact the rights of the Debtors' creditors because the relief sought herein is purely procedural and is not intended to affect substantive rights. Each creditor may still file a claim against individual estates, as applicable. Moreover, all creditors will benefit from the reduced costs that

will result from the joint administration of the Chapter 11 Cases. The relief requested in this Motion has been granted in other large and complex chapter 11 cases in this District.[2]

16. For these reasons, the Debtors respectfully submit that the relief requested herein is in the best interest of the estates and will reduce administrative burdens on the Court and all parties in interest, and therefore should be granted.

## Emergency Consideration

17. In accordance with this District's Procedures for Complex Chapter 11 Cases, the Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." To avoid confusion and facilitate a smooth transition into these chapter 11 cases, it is critical that the cases be jointly administered from the outset, a period during which there will be a significant volume of docket filings and other procedures. Accordingly, the Debtors respectfully submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

---

[2] *See, e.g., In re Tuesday Morning, C*ase No. 20-31476 (HDH) (Bankr. N.D. Tex. May 28, 2020) [ECF No. 66] (authorizing joint administration); *In re Diamondback Industries, Inc*., Case No. 20-41504 (ELM) (Bankr. N.D. Tex. April 28, 2020) [ECF No. 41] (same); *In re The LaSalle Group, Inc*., Case No. 19-31484 (SGJ) (Bankr. N.D. Tex. May 7, 2019) [ECF No. 35] (same); *In re PHI, Inc.,* Case No. 19-30923 (HDH) (Bankr. N.D. Tex. Mar 19, 2019) [ECF No. 57]; *In re SAS Healthcare, Inc.,* Case No. 19-40401 (MXM) (Bankr. N.D. Tex. Feb. 6, 2019) [ECF No. 44] (same); *In re Senior Care Centers, LLC,* Case No. 18-33967 (BJH) (Bankr. N.D. Tex. Dec. 7, 2018) [ECF No. 65] (same); *In re PFO Global, Inc.* Case No. 17-30355 (HDH) (Bankr. N.D. Tex. Feb. 3, 2017) [ECF No. 22] (same); *In re Preferred Care, Inc.,* Case No. 17-44642 (MXM) (Bankr. N.D. Tex. Nov. 20, 2017) [ECF No. 89] (same); *In re BFN Operations LLC,* Case No. 16-32435 (BJH) (Bankr. N.D. Tex. Jun. 21, 2016) [ECF No. 39] (same);*In re Erickson Incorporated,* Case No. 16-34393 (HDH) (Bankr. N.D. Tex. Nov. 10, 2016) [ECF No. 39] (same).

**Reservation of Rights**

18. Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute any claim, (iii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law, or (iv) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any party in interest's rights to dispute such claim subsequently.

**Notice**

19. Notice of this Motion has been provided by email, facsimile, or overnight courier to: (a) the Office of the U.S. Trustee for the Northern District of Texas; (b) the holders of the largest unsecured claims against the Debtors (on a consolidated basis); (c) Wells Fargo Bank, National Association, or counsel thereto; (d) Wilmington Trust, National Association, or counsel thereto; (e) ESS-GVS Holdings LLC, or counsel thereto; (f) RREF III Storage LLC, or counsel thereto; (g) Midland Loan Services, a division of PNC Bank, National Association, or counsel thereto; (h) the United States Attorney's Office for the Northern District of Texas; (i) the Internal Revenue Service; (j) the state attorneys general for states in which the Debtors conduct business; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

20. No prior request for the relief sought in this Motion has been made by the Debtors to this or any other court.

| | |
|---|---|
| Dated:  June 17, 2021<br>       Dallas, Texas | Respectfully submitted,<br><br>**SIDLEY AUSTIN LLP**<br><br>/s/ *Charles M. Persons*<br>Thomas R. Califano (10369867)<br>Andres Barajas (*pro hac vice* application forthcoming)<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone: (212) 839-5300<br>Facsimile: (212) 839-5599<br><br>Duston McFaul (24003309)<br>Charles M. Persons (24060413)<br>Maegan Quejada (24105999)<br>Jeri Leigh Miller (24102176)<br>Juliana L. Hoffman (24106103)<br>2021 McKinney Ave<br>Suite 2000<br>Dallas, Texas 75201<br>Telephone: (214) 981-3300<br>Facsimile: (214) 981-3400<br><br>*Proposed Counsel for the Debtors and Debtors in Possession* |