SIDLEY AUSTIN LLP
Thomas R. Califano (10369867)
Andres Barajas (*pro hac vice* application forthcoming)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

Duston McFaul (24003309)
Charles M. Persons (24060413)
Maegan Quejada (24105999)
Jeri Leigh Miller (24102176)
Juliana L. Hoffman (24106103)
2021 McKinney Ave
Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

*Proposed Counsel for the Debtors and
Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| GVS TEXAS HOLDINGS I, LLC, *et al.* [1] | Case No. 21-31121-MVL |
| Debtors. | **(Joint Administration Requested)** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: GVS Texas Holdings I, LLC (7458); GVS Portfolio I B, LLC (7171); GVS Portfolio I, LLC (6441); WC Mississippi Storage Portfolio I, LLC (0423); GVS Nevada Holdings I, LLC (4849); GVS Ohio Holdings I, LLC (6449); GVS Missouri Holdings I, LLC (5452); GVS New York Holdings I, LLC (5858); GVS Indiana Holdings I, LLC (3929); GVS Tennessee Holdings I, LLC (5909); GVS Texas Holdings II, LLC (1225); GVS Ohio Holdings II, LLC (2376); GVS Illinois Holdings I, LLC (9944); and GVS Colorado Holdings I, LLC (0408). The location of the Debtors' service address is: 814 Lavaca Street, Austin, Texas 78701.

**MOTION FOR ENTRY OF AN ORDER
(I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED
CREDITOR MATRIX AND A CONSOLIDATED LIST OF THE 30 LARGEST
UNSECURED CREDITORS AND (II) AUTHORIZING THE DEBTORS TO REDACT
CERTAIN PERSONAL IDENTIFICATION INFORMATION OF DIRECTORS**

GVS Texas Holdings I, LLC ("GVS Texas") and its affiliated debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") submit this motion (this "Motion"), under sections 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors seek entry of an order (the "Order"), (i) authorizing the Debtors to file a consolidated creditor matrix (the "Consolidated Creditor Matrix") and a consolidated list of the Debtors' 30 largest unsecured creditors (the "Consolidated Top 30 Creditors List") and (ii) authorizing the Debtors to redact certain personal identification information of directors. In support of this Motion, the Debtors respectfully state as follows:

**Status of the Case and Jurisdiction**

1. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas (the "Court"). The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in these cases, and no statutory committee has been appointed.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *District Court's Miscellaneous Order No. 33, Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and other bases for the relief requested in this Motion are Bankruptcy Code section 521, Bankruptcy Rule 1007(a)(1), and Local Rule 1007-1.

## Background of the Debtors

5. The Debtors are limited liability companies with the principal business of owning a wide array of properties functioning principally as self-storage and parking facilities. The properties are managed by a non-Debtor operating affiliate that maintains, manages and operates the facilities. The Debtors have approximately 64 storage locations in Texas, Colorado, Illinois, Indiana, Mississippi, Missouri, Nevada, New York, Ohio, and Tennessee. Six of the properties are in the Dallas-Fort Worth Metroplex, with an additional 28 located elsewhere in the State of Texas. Since their formation, the Debtors and their non-Debtor operating affiliate have generated revenue and marketed their services as "Great Value Storage,"[2] and maintain approximately 30,811 units, totaling 4,103,764 square feet. The storage units offer secure storage with 24-hour security systems, both climate controlled and non-climate controlled, RV, car, and boat parking, moving and storage supplies and moving truck rentals. In addition to conventional storage units, the GVS Portfolio includes 1,380 covered and uncovered vehicle parking units; thirteen office, warehouse and retail commercial spaces; four campsites; seven billboards; and, two cell tower leases.

6. The Debtors own the properties, and the facilities are managed and operated by a non-Debtor affiliate responsible for the leasing, management, and operation of the storage facilities. The Debtors generate revenue through the regular and periodic collection of rents from the thousands of tenants who lease storage space at the properties.

---

[2] www.greatvaluestorage.com

7. The Debtors' board consists of Robert D. Albergotti, an independent director, Natin Paul, Richard Arthur, an independent director, and Colleen De Vries, an independent director. Each of the Debtors are directly or indirectly owned by GVS Portfolio I, LLC, GVS Portfolio I B, LLC, and GVS Portfolio I C, LLC.

## Relief Requested

8. By this Motion, the Debtors seek entry of the Order granting the following relief:

   a. authorizing the Debtors to file the Consolidated Creditor Matrix and the Consolidated Top 30 Creditors List; and

   b. authorizing the redaction of certain personal identification information for the Debtors' current and former directors.

## Basis for Relief Requested

### A. The Consolidated Creditor Matrix

9. Bankruptcy Rule 1007(a)(1) and Local Rule 1007-1 require a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E, F, G, and H." Because the preparation of separate lists of creditors for each Debtor would be expensive, time consuming, and administratively burdensome, the Debtors respectfully request authority to file one Consolidated Creditor Matrix for all the Debtors.

10. The Court has authority to grant the relief requested in this Motion under section 105(a) of the Bankruptcy Code, which empowers bankruptcy courts to enter "any order, process, or judgment that is necessary or appropriate" to carry out the provisions of the Bankruptcy Code. Section 105(a) codifies the "equitable power" of bankruptcy courts and provides "broad

authority" to accomplish tasks important to the implementation of the Bankruptcy Code.[3] Courts in this and other districts have allowed debtors to file a consolidated creditor matrix in other chapter 11 cases.[4]

### B. The Consolidated Top 30 Creditors List

11. Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Because a large number of creditors may be shared amongst the Debtors, the Debtors respectfully request authority to file the Consolidated Top 30 Creditors List for all the Debtors. The Consolidated Top 30 Creditors List will help alleviate administrative burdens, costs, and the possibility of duplicative service. For the sake of clarity, the Debtors are not requesting authority to (a) file consolidated schedules of assets and liabilities and statements of financial affairs or (b) substantively consolidate the Debtors. Courts in this and other districts have allowed debtors to file consolidated lists of their largest general unsecured creditors in other chapter 11 cases.[5] The Debtors respectfully submit that similar relief should be granted here.

---

[3] *See United States v. Energy Res. Co.*, 495 U.S. 545, 549 (1990) (stating that the statutory directive of section 105(a) is "consistent with the traditional understanding that bankruptcy courts, as courts of equity, have broad authority to modify creditor-debtor relationships").

[4] *See, e.g., In re Tuesday Morning*, Case No. 20-31476 (HDH) (Bankr. N.D. Tex. May 29, 2020) [ECF No. 103] (authorizing debtors to file a consolidated creditor matrix); *In re J.C. Penney Co., Inc.*, Case No. 20-20182 (DRJ) (Bankr. S.D. Tex. May 16, 2020) [ECF No. 68]; *In re Neiman Marcus Grp. Ltd LLC*, Case No. 20-32519 (DRJ) (Bankr. S.D. Tex. May 8, 2020) [ECF No. 241] (same); *In re Chinos Holdings, Inc.*, Case No. 20-32181 (Bankr. E.D. Va. May 5, 2020) [ECF No. 100]; *In re PHI, Inc.*, Case No. 19-30923 (HDH) (Bankr. N.D. Tex. Mar. 20, 2019) [ECF No. 68] (same); *In re Senior Care Ctrs., LLC*, Case No. 18-33967 (BJH) (Bankr. N.D. Tex. Dec. 7, 2018) [ECF No. 70] (same); *In re Sears Methodist Retirement Sys., Inc.*, Case No. 14-32821 (SGJ) (Bankr. N.D. Tex. June 12, 2014) [ECF No. 67] (same); *In re Fibertower Network Servs. Corp.*, Case No. 12-44027-11 (DML) (Bankr. N.D. Tex. July 25, 2012) [ECF No. 75] (same).

[5] *See, e.g., In re Tuesday Morning*, Case No. 20-31476 (HDH) (Bankr. N.D. Tex. May 29, 2020) [ECF No. 103] (authorizing debtors to file a consolidated top unsecured creditors list); *In re J.C. Penney Co., Inc.*, Case No. 20-20182 (DRJ) (Bankr. S.D. Tex. May 16, 2020) [ECF No. 68]; *In re Neiman Marcus Grp. Ltd LLC*, Case No. 20-32519 (DRJ) (Bankr. S.D. Tex. May 8, 2020) [ECF No. 241] (same); *In re Chinos Holdings, Inc.*, Case No. 20-32181 (Bankr. E.D. Va. May 5, 2020) [ECF No. 100]; *In re PHI, Inc.*, Case No. 19-30923 (HDH) (Bankr. N.D. Tex. Mar. 20, 2019) [ECF No. 68] (same); *In re Senior Care Ctrs., LLC*, Case No. 18-33967 (BJH) (Bankr. N.D. Tex. Dec. 7, 2018) [ECF No. 70] (same); *In re Sears Methodist Retirement Sys., Inc.*, Case No. 14-32821 (SGJ) (Bankr. N.D. Tex. June 12, 2014)

### C. Redaction of Certain Confidential Information for Directors

12. Section 107(c)(1)(A) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code.[6] Here, cause exists to authorize the Debtors to redact address information of the Debtors' current and former directors from the Consolidated Creditor Matrix because such information could be used to perpetrate identity theft. The Debtors propose to provide upon request an unredacted version of the Consolidated Creditor Matrix to the Court, the Office of the United States Trustee (the "U.S. Trustee"), and counsel to the official committee of unsecured creditors, should one be appointed in these chapter 11 cases. Similar relief has been granted by courts in this district and other districts.[7]

### Reservation of Rights

13. Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute any claim, (iii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law, or (iv) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's

---

[ECF No. 67] (same); *In re Fibertower Network Servs. Corp.*, Case No. 12-44027-11 (DML) (Bankr. N.D. Tex. July 25, 2012) [ECF No. 75] (same).

[6] 11 U.S.C. § 107(c)(1)(A).

[7] *See, e.g., In re Tuesday Morning*, Case No. 20-31476 (HDH) (Bankr. N.D. Tex. May 29, 2020) [ECF No. 103] (authorizing debtors to file a consolidated top unsecured creditors list); *In re J.C. Penney Co., Inc.*, Case No. 20-20182 (DRJ) (Bankr. S.D. Tex. May 16, 2020) [ECF No. 68]; *In re Neiman Marcus Grp. Ltd LLC*, Case No. 20-32519 (DRJ) (Bankr. S.D. Tex. May 8, 2020) [ECF No. 241] (same).

order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any party in interest's rights to dispute such claim subsequently.

### Notice

14. Notice of this Motion has been provided by email, facsimile, or overnight courier to: (a) the Office of the U.S. Trustee for the Northern District of Texas; (b) the holders of the largest unsecured claims against the Debtors (on a consolidated basis); (c) Wells Fargo Bank, National Association, or counsel thereto; (d) Wilmington Trust, National Association, , or counsel thereto; (e) ESS-GVS Holdings LLC, or counsel thereto; (f) RREF III Storage LLC, or counsel thereto; (g) Midland Loan Services, a division of PNC Bank, National Association, or counsel thereto; (h) the United States Attorney's Office for the Northern District of Texas; (i) the Internal Revenue Service; (j) the state attorneys general for states in which the Debtors conduct business; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

15. No prior request for the relief sought in this Motion has been made by the Debtors to this or any other court.

[*Remainder of page intentionally left blank.*]

| | |
|---|---|
| Dated: June 17, 2021<br>Dallas, Texas | Respectfully submitted,<br><br>**SIDLEY AUSTIN LLP**<br><br>*/s/ Thomas R. Califano*<br>Thomas R. Califano (10369867)<br>Andres Barajas (pro hac vice application forthcoming)<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone: (212) 839-5300<br>Facsimile: (212) 839-5599<br><br>Duston McFaul (24003309)<br>Charles M. Persons (24060413)<br>Maegan Quejada (24105999)<br>Jeri Leigh Miller (24102176)<br>Juliana L. Hoffman (24106103)<br>2021 McKinney Avenue<br>Suite 2000<br>Dallas, Texas 75201<br>Telephone: (214) 981-3300<br>Facsimile: (214) 981-3400<br><br>*Proposed Counsel for the Debtors and Debtors in Possession* |