SIDLEY AUSTIN LLP
Thomas R. Califano (10369867)
Andres Barajas (*pro hac vice* application forthcoming)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

Duston McFaul (24003309)
Charles M. Persons (24060413)
Maegan Quejada (24105999)
Jeri Leigh Miller (24102176)
Juliana L. Hoffman (24106103)
2021 McKinney Avenue
Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

*Proposed Counsel for the Debtors and
Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>GVS TEXAS HOLDINGS I, LLC, *et al.* [1]<br><br>Debtors. | Chapter 11<br><br>Case No. 21-31121-MVL<br><br>**(Joint Administration Requested)** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: GVS Texas Holdings I, LLC (7458); GVS Portfolio I B, LLC (7171); GVS Portfolio I, LLC (6441); WC Mississippi Storage Portfolio I, LLC (0423); GVS Nevada Holdings I, LLC (4849); GVS Ohio Holdings I, LLC (6449); GVS Missouri Holdings I, LLC (5452); GVS New York Holdings I, LLC (5858); GVS Indiana Holdings I, LLC (3929); GVS Tennessee Holdings I, LLC (5909); GVS Texas Holdings II, LLC (1225); GVS Ohio Holdings II, LLC (2376); GVS Illinois Holdings I, LLC (9944); and GVS Colorado Holdings I, LLC (0408). The location of the Debtors' service address is: 814 Lavaca Street, Austin, Texas 78701.

**MOTION FOR ORDER EXTENDING THE TIME TO FILE
(I) SCHEDULES OF ASSETS AND LIABILITIES, (II) SCHEDULES OF CURRENT
INCOME AND EXPENDITURES, (III) SCHEDULES OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, AND (IV) STATEMENTS OF FINANCIAL AFFAIRS**

GVS Texas Holdings I, LLC ("GVS Texas") and its affiliated debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") submit this motion (this "Motion"), under section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 1007(c) and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors seek entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, extending time to file (i) schedules of assets and liabilities, (ii) schedules of current income and expenditures, (iii) schedules of executory contracts and unexpired leases, and (iv) statements of financial affairs (collectively, the "Schedules and Statements"). In support of this Motion, the Debtors respectfully state as follows:

**Status of the Case and Jurisdiction**

1. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas (the "Court"). The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in these cases, and no statutory committee has been appointed.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *District Court's Miscellaneous Order No. 33, Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and other bases for the relief requested in this Motion are Bankruptcy Code section 521, Bankruptcy Rules 1007 and 9006, and Local Rule 1007-1.

**Background Information**

5. The Debtors are limited liability companies with the principal business of owning a wide array of properties functioning principally as self-storage and parking facilities. The properties are managed by a non-Debtor operating affiliate that maintains, manages, and operates the facilities. The Debtors have approximately 64 storage locations in Texas, Colorado, Illinois, Indiana, Mississippi, Missouri, Nevada, New York, Ohio, and Tennessee. Six of the properties are in the Dallas-Fort Worth Metroplex, with an additional 28 located elsewhere in Texas. Since their formation, the Debtors and their non-Debtor operating affiliate have generated revenue and marketed their services as the "Great Value Storage,"[2] and maintain approximately 30,811 units, totaling 4,103,764 square feet. The storage units offer secure storage with 24-hour security systems, both climate controlled and non-climate controlled, RV, car, and boat parking, moving and storage supplies and moving truck rentals. In addition to conventional storage units, the GVS Portfolio includes 1,380 covered and uncovered vehicle parking units; thirteen office, warehouse and retail commercial spaces; four campsites; seven billboards; and, two cell tower leases.

6. The Debtors own the properties, and the facilities are managed and operated by a non-Debtor affiliate responsible for the leasing, management, and operation of the storage facilities. The Debtors generate revenue through the regular and periodic collection of rents from the thousands of tenants who lease storage space at the properties.

7. The Debtors' board consists of Robert D. Albergotti, an independent director, Natin Paul, Richard Arthur, an independent director, and Colleen De Vries, an independent director.

---

[2] *See* www.greatvaluestorage.com.

Each of the Debtors are directly or indirectly owned by GVS Portfolio I, LLC, GVS Portfolio I B, LLC, and GVS Portfolio I C, LLC.

### Relief Requested

8. The Debtors respectfully request entry of the Order extending the deadline by which the Debtors must file their Schedules and Statements by 20 days, for a total of 34 days from the Petition Date, through and including July 21, 2021, without prejudice to the Debtors' ability to request additional extensions for cause shown.

### Basis for Relief Requested

9. The requirements of section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) generally require debtors to file Schedules and Statements within 14 days after their petition date. Pursuant to Bankruptcy Rules 1007(c) and 9006, the Court has authority to extend the time required for filing of the Schedules and Statements "for cause."[3]

10. Good and sufficient cause exists for granting an extension of time to file the Schedules and Statements. To prepare the Schedules and Statements, the Debtors must compile information from books, records, and documents relating to creditor claims, as well as the Debtors' assets, executory contracts, and unexpired leases. This information is voluminous. Collecting the necessary information requires a significant expenditure of time and effort on the part of the Debtors and their professional advisors in the near term, when these resources would be best used to address the immediate needs of the Debtors' business operations.

11. The Debtors, with the assistance of their professional advisors, are working diligently and expeditiously on preparing the Schedules and Statements. Given the amount of work entailed in completing the Schedules and Statements and the competing demands on the

---

[3] Fed. R. Bankr. P. 1007(c), 9006.

Debtors, the Debtors may not be able to properly and accurately complete the Schedules and Statements within the required time period. The Debtors therefore respectfully request that the Court extend the 14-day period for an additional 20 days (making the Schedules and Statements due within 34 days after the Petition Date), without prejudice to the Debtors' right to request further extensions, for cause shown. Courts in this district and other districts have granted similar relief to that requested herein in a number of cases.[4]

## Reservation of Rights

12. Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute any claim, (iii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law, or (iv) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any party in interest's rights to dispute such claim subsequently.

## Notice

13. Notice of this Motion has been provided by email, facsimile, or overnight courier to: (a) the Office of the U.S. Trustee for the Northern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) Wells Fargo Bank, National Association, or counsel thereto; (d) Wilmington Trust, National Association, or counsel

---

[4] *See, e.g.*, *In re Tuesday Morning,* Case No. 20-31476 (HDH) (Bankr. N.D. Tex. May 29, 2020) [ECF No. 91] (authorizing extending time to file schedules and statements); *In re Forest Park Medical Center at Fort Worth, LLC,* Case No. 16-40198 (RFN) (Bankr. N.D. Tex. Jan. 12, 2016) [ECF No. 18] (same); *In re PFO Global, Inc.* Case No. 17-30355 (HDH) (Bankr. N.D. Tex. Feb. 10, 2017) [ECF No. 44] (same); *In re TPP Acquisition, Inc.,* Case No. 16-33437 (HDH) (Bankr. N.D. Tex. Sep. 21, 2016) [ECF No. 86] (same); *In re BFN Operations LLC,* Case No. 16-32435 (BJH) (Bankr. N.D. Tex. Jun. 21, 2016) [ECF No. 46] (same).

thereto; (e) ESS-GVS Holdings LLC or counsel thereto; (f) RREF III Storage LLC, or counsel thereto; (g) Midland Loan Services, a division of PNC Bank, National Association, or counsel thereto; (h) the United States Attorney's Office for the Northern District of Texas; (i) the Internal Revenue Service; (j) the state attorneys general for states in which the Debtors conduct business; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

14. No prior request for the relief sought in this Motion has been made by the Debtors to this or any other court.

[*Remainder of page intentionally left blank.*]

Dated: June 17, 2021
      Dallas, Texas

Respectfully submitted,

**SIDLEY AUSTIN LLP**

/s/ *Thomas R. Califano*
Thomas R. Califano (10369867)
Andres Barajas (*pro hac vice* application forthcoming)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

Duston McFaul (24003309)
Charles M. Persons (24060413)
Maegan Quejada (24105999)
Jeri Leigh Miller (24102176)
Juliana L. Hoffman (24106103)
2021 McKinney Ave
Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

*Proposed Counsel for the Debtors and Debtors in Possession*