IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN THE MATTER OF:                                                   CASE NO.
21-31121

GVS TEXAS HOLDINGS I, LLC

   DEBTOR                                                       CHAPTER 11

OBJECTION TO INTERIM ORDER AUTHORIZING THE USE OF CASH COLLATERAL
AND GRANTING RELATED RELIEF

TO THE HONORABLE BANKRUPTCY JUDGE:

NOW COME The County of Comal, Texas and The County of Williamson, Texas, hereinafter referred to as "Texas Taxing Authorities", secured creditors in the above bankruptcy case, and file this Objection to the Debtor's Interim Order Authorizing the Use of Cash Collateral and Granting Related Relief, on the following grounds:

1. The Texas Taxing Authorities are political subdivisions of the State of Texas authorized to assess and collect ad valorem taxes pursuant to the laws of the State. The Texas Taxing Authorities have filed secured claims for 2021 ad valorem taxes in the estimated amount of $144,295.88.

2. The Texas Taxing Authorities object to the Interim Order to the extent that the pre-petition, and any potential post-petition, claims are being primed. The Texas Taxing Authorities object to the entry of any final order that purports the superior lien position of the Texas Taxing Authorities. The tax liens arise on January 1 of each tax year and "float" to after-acquired property.  See City of Dallas v Cornerstone Bank, 879 S. W. 2d 264 (Tex. App. – Dallas 1994). The tax liens are *in solido,* and a lien on all personal property of the Debtor.  See In re: Universal Seismic Associates, Inc., 288 F.3d 205 (5th Cir. 2002).  The tax lien is also unavoidable.  See In re: Winns Stores, Inc., 177 B.R. 253 (Bankr. W.D. Tex. 1995).

3.  The inclusion of the following language in the Final Order authorizing the Debtor to use cash collateral would be adequate to enable the Texas Taxing Authorities to withdraw their Objection to this Interim Order:

    a.  Notwithstanding any other provisions included in the Final Order, or any agreements approved hereby, any statutory liens (collectively, the "Tax Liens"), of the Texas Taxing Authorities shall not be primed by nor made subordinate to any liens granted to any party hereby to the extent such Tax Liens are valid, senior, perfected, and unavoidable, and all parties' rights to object to the priority, validity, amount, and extent of the claims and liens asserted by the Texas Taxing Authorities are fully preserved.

    WHEREFORE the Texas Taxing Authorities object to the Interim Order, request this Court to order appropriate provisions to assure the protection of the position of their secured tax claims, and further request other and such relief as is just and proper.

Dated: July 15, 2021

Respectfully submitted,

MCCREARY, VESELKA, BRAGG &
ALLEN, P.C.
Attorneys for Claimants,

*/s/Tara LeDay*
Tara LeDay
State Bar Number 24106701
P.O. Box 1269
Round Rock, Texas 78680
Telephone: (512) 323-3200
Fax: (512) 323-3205
Email: tleday@mvbalaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have placed a copy of the above Objection to Interim Order Authorizing the Use of Cash Collateral and Granting Related Relief to Charles Martin Persons, Jr., Sidley Austin LLP, 2020 McKinney Avenue, Suite 2000, Dallas, Texas 75210, and to those parties listed on the Court's Notice of Electronic Filing on July 15, 2021, by Electronic Notification.

*/s/Tara LeDay*
Tara LeDay
