**JACKSON WALKER LLP**
Michael S. Held (TX Bar No.
Jennifer F. Wertz (TX Bar No. 24072822)
J Machir Stull (TX Bar No. 24070697)
Vienna F. Anaya (TX Bar No. 24091225)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Telephone: (214) 953-6000
Facsimile: (214) 953-5800
Email: mheld@jw.com
Email: jwertz@jw.com
Email: mstull@jw.com
Email: vanaya@jw.com

**MORRISON & FOERSTER LLP**
Theresa A. Foudy (admitted *pro hac vice*)
James Michael Peck (admitted *pro hac vice*)
Mark A. Lightner (admitted *pro hac vice*)
250 West 55th Street
New York, NY 10019-9601
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Email: tfoudy@mofo.com
Email: jpeck@mofo.com
Email: mlightner@mofo.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| GVS TEXAS HOLDINGS I, LLC, *et al.*[1] | § | Case No. 21-31121-MVL |
| | § | |
| Debtors. | § | (Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF RREF III
STORAGE LLC WITH RESPECT TO EMERGENCY MOTIONS OF THE DEBTORS
FOR ENTRY OF ORDERS AUTHORIZING THE USE OF CASH COLLATERAL
AND CASH MANAGEMENT SYSTEM AND GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: GVS Texas Holdings I, LLC (7458); GVS Texas Holdings II, LLC (1225); GVS Portfolio I, LLC (6441); GVS Portfolio I B, LLC (7171); GVS Portfolio I C, LLC (3093); WC Mississippi Storage Portfolio I, LLC (0423); GVS Nevada Holdings I, LLC (4849); GVS Ohio Holdings I, LLC (6449); GVS Missouri Holdings I, LLC (5452); GVS New York Holdings I, LLC (5858); GVS Indiana Holdings I, LLC (3929); GVS Tennessee Holdings I, LLC (5909); GVS Ohio Holdings II, LLC (2376); GVS Illinois Holdings I, LLC (9944); and GVS Colorado Holdings I, LLC (0408). The location of the Debtors' service address is: 814 Lavaca Street, Austin, Texas 78701.

1

ny-2187075

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

RREF III Storage LLC ("RREF"), a secured creditor and party-in-interest, hereby submits this limited objection and reservation of rights (this "Limited Objection") in connection with the *Emergency Motion of the Debtors for Entry of Interim and Final Orders Authorizing the Use of Cash Collateral and Granting Related Relief* [Docket No. 40] (the "Cash Collateral Motion") and the *Emergency Motion of the Debtors for Entry of Order (I) Authorizing Use of Cash Management System; (II) Authorizing Applicable Banks and Other Financial Institutions to Honor and Process Related Checks and Transfers; (III) Authorizing Continuation of Intercompany Transactions; (IV) Waiving Requirements of Section 345 of the Bankruptcy Code; and (V) Granting Related Relief* [Docket No. 43] (the "Cash Management Motion," and together with the Cash Collateral Motion, the "Motions").[2] In support of this Limited Objection, RREF respectfully states as follows:

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

1. RREF is the holder of a second mezzanine secured loan (the "Mezz 2 Loan") owed by Debtor GVS Portfolio I B, LLC (the "Mezz 2 Borrower"). RREF has a first priority security interest in certain collateral (the "Mezz 2 Collateral") consisting of the Mezz 2 Borrower's equity ownership interest (the "Membership Interest") in Debtor GVS Portfolio I, LLC, along with any associated dividends, proceeds, or other property relating to the Membership Interest.

2. RREF has reviewed the Motions, but as of the objection deadline, has not been provided all of the necessary information requested to properly evaluate the Motions, including a draft of the proposed final form of order for the Cash Collateral Motion. In addition, RREF has a number of outstanding requests to the Debtors for financial information, as well as information

---

[2] Terms used but not defined herein shall have the meanings ascribed to them in the Motions, as applicable.

concerning the payments to be made to non-Debtor affiliate Great Value Storage, LLC (the "Property Manager") and its employees pursuant to the Motions.  Accordingly, RREF files this limited objection and reserves its rights to (a) raise any issue at the final hearing scheduled on July 28, 2021 (the "Final Hearing"), and (b) object further to the Motions prior to the Final Hearing. RREF looks forward to working with the Debtors and other parties-in-interest in advance of the Final Hearing to obtain the appropriate information.  In the interim, RREF has identified the following issues that should be addressed prior to the Court's approval of the Motions on a final basis.

3. *First*, with respect to the Cash Collateral Motion, as RREF has not been provided with a draft of the proposed final form of order, RREF submits that any final cash collateral order should include both a reservation of all rights with respect to default interest and not authorize the current payment of default interest (including any provision providing for the automatic payment of default interest upon the occurrence of certain events (*e.g.* an event of default)), as was provided for in the interim order approving the Cash Collateral Motion [Docket No. 59] (the "Interim Cash Collateral Order").  *See* Interim Cash Collateral Order ¶ 5(f)).

4. *Second*, RREF does not consent to having its interest in the Mezz 2 Collateral primed in these Chapter 11 Cases and objects to any final cash collateral order to the extent that it purports to do so.  The Debtors have not made the requisite showing to prime RREF without its consent.  The Cash Collateral Motion states that Adequate Protection Liens would be granted only relative to the PropCos (a defined term that does not include the Mezz 2 Borrower); however, the Interim Cash Collateral Order granted Adequate Protection Liens relative to all of the Debtors, which would include the Mezz 2 Borrower (on both pre- and post-petition property of the Debtors), which would have the effect of priming RREF.  *See* Cash Collateral Motion ¶ 2; *but see* Interim

3

Cash Collateral Order ¶ 5(a). Therefore, the following language should be added to the final order approving the Cash Collateral Motion to avoid such priming:

> Notwithstanding any other provisions included in the Final Order, or any agreements approved hereby, any claims and liens in favor of RREF shall not be primed by nor made subordinate to any liens granted to any party hereby to the extent such claims are valid, senior, perfected, and unavoidable, and all parties' rights to object to the priority, validity, amount, and extent of the claims and liens asserted by RREF are fully preserved.

5. *Third*, RREF objects to final relief that permits payment of property management fees on a current basis to the Property Manager, which is a non-Debtor affiliate that is under the control of the Debtors' ultimate equity owner Natin Paul (*i.e.*, the Debtors' statutory insider).

6. Under the terms of the Mezz 2 Loan Agreement,[3] the Mezz 2 Lender had the right to require the Mezz 2 Borrower to cause the replacement of the Property Manager with a non-affiliated "Qualified Manager," and under the terms of that certain Subordination of Management Agreement, dated as of November 30, 2018 by and between the Mezz 2 Borrower, the Mortgage Borrowers (as defined therein), and the Property Manager, attached hereto as **Exhibit A**, the Debtors and the Property Manager agreed that, during an event of default, the Mezz 2 Lender could terminate the Management Agreement and direct the Mortgage Borrower to appoint a replacement manager that was not affiliated with the borrower. *See* Mezz 2 Loan Agreement § 7.3; Subordination of Management Agreement § 4.

7. On July 16, 2020, per the letter attached hereto as **Exhibit B**, RREF's predecessor-in-interest, Teachers Insurance Annuity Association of America ("TIAA"), exercised its contractual rights to terminate the related-party Property Manager by providing notice to the Debtors and the Property Manager of TIAA's election to terminate the Property Manager, effective immediately. The Debtors were contractually required to cause the appointment of a non-affiliated

---

[3] The Mezz 2 Loan Agreement is voluminous. A copy may be requested from the undersigned.

"Qualified Manager" to replace the Property Manager, but the Debtors did not do so. Now, having failed to replace the Property Manager, the Debtors propose to continue paying management fees to the insider non-Debtor Property Manager, without having made any showing that the decision to continue using the insider Property Manager despite the termination of its contract is in the best interests of, and entirely fair to, the Debtors' estates.

8. RREF has a number of concerns in regards to the quality of the management being provided by the insider non-Debtor Property Manager, including based upon the Senior Lender having declared a default on June 4, 2021 (the "June 4 Default Notice"), attached hereto as **Exhibit C**, as a result of the Debtors' failure to pay taxes when due and to comply with their contractual obligations to avoid incurring tax and judgment liens on the property, coupled with the Debtors' statements in their *Emergency Motion of the Debtors for Entry of Interim and Final Orders (I) Authoring the Debtors to Pay Certain Prepetition Taxes and (II) Granting Related Relief*, filed on July 1, 2021 [Dkt. No. 42], that their failure to pay taxes could result in the suspension of licenses and other adverse effects and, in fact, the Ohio Department of Taxation had issued a Suspension Notice of its intent to suspend one of the Debtor's vendor's licenses if unpaid sales taxes were not remitted by June 24, 2021.

9. In addition, RREF has concerns about whether individual properties are being adequately maintained by the Property Manager. As evidenced by the June 4 Default Notice, on April 5, 2021, the Senior Lender had issued a Notice of Default to the Debtors based upon their failure to make contractually required repairs. Moreover, RREF is aware of two instances in which an individual property had been abandoned, and customer property was looted. *See* **Exhibits D & E**.

10. Further, as demonstrated by the February 17, 2021 notice to the Mezz 2 Borrower from TIAA, attached hereto as **Exhibit F**, the Debtors have failed to provide contractually required

financial reporting for over a year. Of particular concern with respect to the Cash Management Motion, when the Debtors' customers sign up electronically, their rent is collected via a credit card processing agreement and remitted to a lockbox account, but when customer sign up occurs in person, the applicable property manager is supposed to deposit the rent collected into the lockbox account. *See* Cash Collateral Motion, ¶ 16. Per the appraisal report prepared by Newmark Knight Frank, attached hereto as **Exhibit G**, the amount of cash making its way into the lockbox account was less than the amount of revenue collected that the Debtors were reporting on their financial statements.

11. Accordingly, under the circumstances, final relief should not be granted absent an opportunity to investigate the performance of the Property Manager and the corporate governance surrounding the decision to continue to use the insider Property Manager rather than to appoint a qualified replacement non-affiliated manager.

12. *Finally*, because the official committee of unsecured creditors will not have been formed by the objection deadline to the Motions, and any such committee will only have been in existence for a few days prior to the Final Hearing, RREF believes it would be appropriate for the Final Hearing to be adjourned to a later date. The Court may grant appropriate further interim relief under the Motions as an alternative. An adjournment would also allow for continued discussions among all parties and afford all creditors (including REFF) the opportunity to further consider the reasonableness of the final orders and to conduct additional diligence necessary to assess the terms and conditions of the final relief sought.

Dallas, Texas
July 21, 2021

/s/ *Jennifer F. Wertz*

| | |
|---|---|
| **JACKSON WALKER LLP** | **MORRISON & FOERSTER LLP** |
| Michael S. Held (TX Bar No. | Theresa A. Foudy (admitted *pro hac vice*) |
| Jennifer F. Wertz (TX Bar No. 24072822) | James Michael Peck (admitted *pro hac vice*) |
| J Machir Stull (TX Bar No. 24070697) | Mark A. Lightner (admitted *pro hac vice*) |
| Vienna F. Anaya (TX Bar No. 24091225) | 250 West 55th Street |
| 2323 Ross Avenue, Suite 600 | New York, NY 10019-9601 |
| Dallas, TX 75201 | Telephone: (212) 468-8000 |
| Telephone: (214) 953-6000 | Facsimile: (212) 468-7900 |
| Facsimile: (214) 953-5800 | Email: tfoudy@mofo.com |
| Email: mheld@jw.com | Email: jpeck@mofo.com |
| Email: jwertz@jw.com | Email: mlightner@mofo.com |
| Email: mstull@jw.com | |
| Email: vanaya@jw.com | |
| | |
| *Local Counsel for RREF III Storage LLC* | *Counsel for RREF III Storage LLC* |

ny-2187075

## CERTIFICATE OF SERVICE

    This is to certify that on this 21st day of July 2021, a true and correct copy of the foregoing was served electronically upon all parties receiving notice via the Court's ECF/PACER system.

                                            /s/ *Jennifer F. Wertz*
                                            Jennifer F. Wertz