

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*Michelle V. Larson*

**Signed September 8, 2021**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| GVS TEXAS HOLDINGS I, LLC, *et al.,*[1] | § | Case No. 21-31121-MVL |
| | § | |
| | § | |
| Debtors. | § | (Jointly Administered) |

## AGREED ORDER GRANTING THE MOTION FOR RULE 2004 EXAMINATION

Upon the motion, dated August 6, 2021 (the "Motion"),[2] of RREF III Storage LLC for

entry of an order, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 2004,

ordering the Debtors to comply with the Notice of Rule 2004 Examination attached hereto as

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: GVS Texas Holdings I, LLC (7458); GVS Texas Holdings II, LLC (1225); GVS Portfolio I, LLC (6441); GVS Portfolio I B, LLC (7171); GVS Portfolio I C, LLC (3093); WC Mississippi Storage Portfolio I, LLC (0423); GVS Nevada Holdings I, LLC (4849); GVS Ohio Holdings I, LLC (6449); GVS Missouri Holdings I, LLC (5452); GVS New York Holdings I, LLC (5858); GVS Indiana Holdings I, LLC (3929); GVS Tennessee Holdings I, LLC (5909); GVS Ohio Holdings II, LLC (2376); GVS Illinois Holdings I, LLC (9944); and GVS Colorado Holdings I, LLC (0408). The location of the Debtors' service address is: 814 Lavaca Street, Austin, Texas 78701.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

**Exhibit 1**, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY ORDERED THAT

1.      The Motion shall be, and hereby is, **GRANTED** as set forth herein.

2.      The Debtors shall be, and hereby are, directed to produce all documents and information within the respective Debtors' possession, custody, or control that are responsive to the categories set forth in the Notice of Rule 2004 Examination on a "rolling basis" following the entry of this Order; provided, however, that no such production, response, or lack thereof, shall be deemed an admission of law or fact to any statement or averment asserted in the Notice of Rule 2004 Examination.  The Debtors shall be, and hereby are, further directed to use their best efforts to complete that production of documents and information in full compliance with the Notice of Rule 2004 Examination no later than thirty (30) calendar days after the date of entry of this Order, unless otherwise agreed in writing by RREF III Storage LLC and the Debtors.

3.      Notwithstanding the foregoing, the Debtors shall not be required to produce any "Communications" as such term is defined in the Notice of Rule 2004 Examination pursuant to this Order, except with respect to requests #6 and #7 in the Notice of Rule 2004 Examination, for which the Debtors shall produce any police reports, insurance claims, or Communications among the Debtors and their insurers.

4.      If documents do not exist that are responsive to a specific request, or if no documents exist in addition to those already produced in response to a specific request, the Debtors shall so state in writing and thereafter be under no further obligation to produce with respect to the request.

5.      The Debtors' obligation to comply with the Notice of Rule 2004 Examination shall not be deemed continuing following completion of production; provided, however, that Debtors are directed to produce on a continuing basis, financial statements, monthly operating reports provided by the property manager, bank account statements, cash management waterfall statements, monthly statements of operations, rent rolls, updated budgets (if any), and occupancy statistics reports within fifteen (15) calendar days after such documents are created by, or become available to, the Debtors.

6.      Nothing in this Order shall be deemed to limit or restrict RREF's right to seek further discovery, including, but not limited to, in other or additional examinations under Bankruptcy Rule 2004 or in the context of contested matters.

7.      The terms and conditions of this Order will be immediately effective and enforceable upon its entry.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from, or related to, the implementation, interpretation, or enforcement of this Order.

# # # End of Order # # #

AGREED:

/s/ Jennifer F. Wertz

**JACKSON WALKER LLP**
Michael S. Held (TX Bar No. 09388150)
Jennifer F. Wertz (TX Bar No. 24072822)
J Machir Stull (TX Bar No. 24070697)
Vienna F. Anaya (TX Bar No. 24091225)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Telephone:  (214) 953-6000
Facsimile:  (214) 953-5800
Email:  mheld@jw.com
Email:  jwertz@jw.com
Email:  mstull@jw.com
Email:  vanaya@jw.com

*Local Counsel for RREF III Storage LLC*

/s/ Theresa A. Foudy

**MORRISON & FOERSTER LLP**
Theresa A. Foudy (admitted *pro hac vice*)
James Michael Peck (admitted *pro hac vice*)
Mark A. Lightner (admitted *pro hac vice*)
250 West 55th Street
New York, NY 10019-9601
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Email:  tfoudy@mofo.com
Email:  jpeck@mofo.com
Email:  mlightner@mofo.com

*Counsel for RREF III Storage LLC*

/s/ Juliana Hoffman

**SIDLEY AUSTIN LLP**
Thomas R. Califano (TX Bar No. 10369867)
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5599
Facsimile: (212) 839-5599

Dustin McFaul (TX Bar No. 24003309)
Charles M. Persons (TX Bar No. 24060413)
Maegan Quejada (TX Bar No. 24105999(
Jeri Leigh Miller (TX Bar No. 24106103)
Juliana L. Hoffman (TX Bar No. 24106103)
2021 McKinney Avenue, Suite 2100
Dallas, TX 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

*Counsel for the Debtors and Debtors in
Possession*

**Exhibit 1**

ny-2237724
30027751v.1 159155/00001

**JACKSON WALKER LLP**
Michael S. Held (State Bar No. 9388150)
Jennifer F. Wertz (State Bar No. 24072822)
J Machir Stull (State Bar No. 24070697)
Vienna F. Anaya (State Bar No. 24091225)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Telephone: (214) 953-6000
Facsimile: (214) 953-5800
Email: mheld@jw.com
Email: jwertz@jw.com
Email: mstull@jw.com
Email: vanaya@jw.com

**MORRISON & FOERSTER LLP**
Theresa A. Foudy (admitted *pro hac vice*)
James Michael Peck (admitted *pro hac vice*)
Mark A. Lightner (admitted *pro hac vice*)
250 West 55th Street
New York, NY 10019-9601
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Email: tfoudy@mofo.com
Email: jpeck@mofo.com
Email: mlightner@mofo.com

*Counsel for RREF III Storage LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| GVS TEXAS HOLDINGS I, LLC, *et al.,*[1] | § | Case No. 21-31121-MVL |
| | § | |
| | § | |
| Debtors. | § | (Jointly Administered) |

## RREF III STORAGE LLC'S NOTICE OF
## RULE 2004 EXAMINATION OF THE DEBTORS

Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), RREF Storage III LLC ("RREF"), hereby requests (each, a "Document Request," and collectively, the "Document Requests") that GVS Texas Holdings I, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors") make available for inspection and copying

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: GVS Texas Holdings I, LLC (7458); GVS Texas Holdings II, LLC (1225); GVS Portfolio I, LLC (6441); GVS Portfolio I B, LLC (7171); GVS Portfolio I C, LLC (3093); WC Mississippi Storage Portfolio I, LLC (0423); GVS Nevada Holdings I, LLC (4849); GVS Ohio Holdings I, LLC (6449); GVS Missouri Holdings I, LLC (5452); GVS New York Holdings I, LLC (5858); GVS Indiana Holdings I, LLC (3929); GVS Tennessee Holdings I, LLC (5909); GVS Ohio Holdings II, LLC (2376); GVS Illinois Holdings I, LLC (9944); and GVS Colorado Holdings I, LLC (0408). The location of the Debtors' service address is: 814 Lavaca Street, Austin, Texas 78701.

originals or clear copies of all documents listed and defined on Exhibit A not later than seven (7) calendar days from the date of the Court's Order granting RREF's Motion for Rule 2004 Examination (or such other time as agreed by RREF and the Debtors) at the offices of Jackson Walker LLP 2323 Ross Avenue, Suite 600, Dallas, Texas 75201, Attn: Jennifer F. Wertz and J. Machir Stull.

Dated: August 6, 2021

| **JACKSON WALKER LLP** | **MORRISON & FOERSTER LLP** |
|---|---|
| */s/ Jennifer F. Wertz* | */s/ Theresa A. Foudy* |
| Michael S. Held | James Michael Peck (admitted *pro hac vice*) |
| State Bar No. 9388150 | Theresa A. Foudy (admitted *pro hac vice*) |
| Jennifer F. Wertz | Mark Alexander Lightner (admitted *pro hac vice*) |
| State Bar No. 24072822 | 250 West 55th Street |
| J. Machir Stull | New York, NY 10019-9601 |
| State Bar No. 24070697 | Telephone: (212) 468-8000 |
| Vienna F. Anaya | Email: jpeck@mofo.com |
| State Bar No. 24091225 | Email: tfoudy@mofo.com |
| Jackson Walker LLP | Email: mlightner@mofo.com |
| 2323 Ross Avenue, Suite 600 | |
| Dallas, Texas 75201 | |
| (214) 953-6000 – Telephone | |
| (214) 953-5822 – Facsimile | |
| | |
| *Counsel for RREF III Storage LLC* | *Counsel for RREF III Storage LLC* |

### EXHIBIT A

### Definitions

A.     "Albergotti Declaration" means the *Declaration of Robert D. Albergotti in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings*, filed on June 29, 2021 [Dkt. No. 25].

B.     "And" and "or" shall each be individually interpreted in every instance as meaning "and/or" and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any specification.

C.     "Chapter 11 Cases" mean the above-captioned jointly administered chapter 11 bankruptcy cases of the Debtors, pending in the United States Bankruptcy Court for the Northern District of Texas under the caption *In re GVS Texas Holdings I, LLC*, Case No. 21-31121-MVL.

D.     "Communication" means any contact or act by which any information is transmitted or conveyed between two or more persons, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telexes, electronically transmitted messages, e-mails, or by any Document, and any oral contact by such means as face to face meetings or conversations and telephone conversations which are transcribed, notated or in any other manner memorialized in written, typed or recorded form.

E.     "Debtors" mean GVS Texas Holdings I, LLC, and its affiliated debtors and debtors in possesssion.

F.     "Document" means (a) all handwritten, typed, or printed matter of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, agreements, correspondence, forecasts, memoranda, notes, jottings, speeches, press releases, diaries, examinations, statistics, letters, telegrams, minutes, time records, payroll records, expense records,

contracts, reports, studies, training manuals, canceled checks, statements, receipts, delivery tickets, returns, summaries, work orders, pamphlets, books, prospectuses, statement of operations, interoffice and intraoffice communications, offers, notations of any sort of conversations, telephone calls, meetings, or other communications, bulletins, printed matter, computer printouts, teletypes, invoices, worksheets, and all drafts, alterations, modifications, changes, and amendments of any of the foregoing; (b) graphic or aural records or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape(s), recordings, motion pictures, and; (c) electronic, mechanical or electric records or representations of any kind, including, without limitation, e-mails, tapes, cassettes, disks, recordings, and all transcriptions, in whole or in part, of any of the foregoing.

G.      "Including" means "including but not limited to", and is not restrictive or limiting.

H.      "Mezz 2 Lender" means RREF and all predecessor holders of loans extended pursuant to the Mezz 2 Loan Agreement, including Teachers Insurance Annuity Association of America.

I.      "Mezz 2 Loan Agreement" collectively refers to:  (i) the Mezzanine 2 Loan Agreement, dated as of November 30, 2018, executed by the Debtor and UBS AG, by and through its branch office at 1285 Avenue of the Americas, New York, New York; and (ii) the Omnibus Amendment to Mezzanine 2 Loan Documents, dated as of January 7, 2019.

J.      "Person" refers to any individual, corporation, partnership, joint venture, association, governmental agency, or other entity.

K.      "Property" refers to each of the 64 self-storage facilities owned by the Debtors.

L.      "Property Management Agreements" has the meaning ascribed to that term in the Albergotti Declaration.

M. "Property Manager" means Great Value Storage, LLC.

N. The term "relating to" means referring to, pertaining to, concerning, evidencing, supporting or constituting evidence of, representing, memorializing, summarizing, describing, discussing, analyzing, evaluating, directly or indirectly, or in whole or in part, the subject matter of a particular topic.

O. "You" or "Your" refers to the Debtors and all Persons acting on their behalf, including its directors, officers, members, agents, employees, representatives, managing agents, accountants, attorneys, investigators or affiliates, and any agent, employee or representative thereof.

## **Instructions**

1. You are required to produce all responsive Documents in Your possession, custody, or control, as well as any Documents that are not in Your custody but are owned in whole or in part by You, and any Documents that, pursuant to any understanding, express or implied, You may use, inspect, examine, or copy. You must produce all responsive Documents which are known to You, Your agents, consultants, employees, accountants, attorneys, or experts, or which appear in Your records.

2. Documents shall be produced as maintained in the ordinary course of business or storage of such Documents, or segregated so as to identify the numbered Request(s) to which such Documents respond.

3. You are required to produce all non-identical copies and drafts of each Document. The originals of all Documents produced in copy form shall be made available for inspection upon request.

4. Documents attached to each other in their original form should not be separated.

5.      If no information or Documents responsive to a numbered Request is in Your possession, custody or control, You are to indicated this in a written response.

6.      If any Documents requested have been lost, discarded, or destroyed, identify such Documents and state what disposition was made of it and the date or dates upon which such disposition was made, and additionally, produce all Documents relating to the disposition of such Document.

7.      With respect to any Document You withhold on the claim of attorney-client privilege, the doctrine of work product immunity or any other statutory or common law privilege, You are to provide a list of such Documents, together with the following information:

      a.      the nature of the claim of privilege or immunity;

      b.      all facts relied upon in support of the claim of privilege or immunity;

      c.      a brief description of the nature and subject matter of the Document;

      d.      the Document's date, author(s), sender(s), addressee(s), and recipients; and

      e.      the number(s) of the Document Request(s) to which production of the Document is responsive.

8.      If You object to any Document Request (or portion thereof), state the reason for the objection in detail, identify any Documents being withheld on the basis of the objection, and respond to the Document Request as narrowed by Your objection.

9.      Unless otherwise stated, the relevant time period for the Document Requests is January 1, 2019 through the present.

10.      These Document Requests are continuing in nature.  If any responsive Document subsequently becomes available, is discovered or is created, or comes into Your possession,

custody, or control, You have a continuing obligation to supplement Your responses and production within a reasonable period of time.

### **Document Requests**

1.      All Documents and Communications concerning the financial condition of each individual Debtor, as well as one or more of the Debtors on a consolidated basis, including:

     a)      financial statements (including current trailing twelve months);

     b)      bank account statements;

     c)      lockbox bank statements;

     d)      cash management waterfall;

     e)      budgets;

     f)      business plans, forecasts, and/or projections;

     g)      operating statements;

     h)      trial balances;

     i)      capital expenditures;

     j)      weekly and monthly operating reports;

     k)      rent rolls;

     l)      outstanding tax bills;

     m)      federal and state tax returns;

     n)      export of accounting software (*e.g.*, QuickBooks) of transaction detail; and

     o)      reports of cash receipts.

2.      All financial information to which the Mezz 2 Lender is entitled pursuant to the terms of the Mezz 2 Loan Agreement, including:

     a)      annual operating and capital budget for 2021 in accordance with section 4.1.6(h) of the Mezz 2 Loan Agreement;

b)        quarterly financial reports as of June 30, 2020, September 30, 3030, March 31, 2021, and June 30, 2021, in accordance with section 4.1.6(c) of the Mezz 2 Loan Agreement; and

c)        annual financial reports as of December 31, 2019 and December 31, 2020, in accordance with section 4.1.6(d) of the Mezz 2 Loan Agreement.

3.        All Documents and Communications concerning any appraisal of any Debtor.

4.        The following Documents concerning any or all of the Properties:

a)        capital expenditure budgets;

b)        occupancy statistics reports (summary unit mix);

c)        property assessment reports; and

d)        inspection conditions assessment reports.

5.        All monthly statements of operations provided by the Property Manager to one or more of the Debtors as required by the terms of the Property Management Agreements.

6.        All Documents and Communications relating to the abandonment of the Property on Timkin Road in Tomball, Texas.

7.        All Documents and Communications relating to the abandonment of, and a fire at, the Property on West Hardy Street in Houston, Texas.

8.        All Documents and Communications relating to Mr. Albergotti's "understanding" as stated in paragraph 37 of the Albergotti Declaration that "the value of the entire GVS Portfolio" is over $450 million, including the "preliminary valuations" referred in paragraph 37 of the Albergotti Declaration.

## Exhibit B

**December 6, 2019 Default Notice**

**Exhibit C**

**Financial Reporting Notices**

December 6, 2019

<u>VIA FEDERAL EXPRESS</u>

GVS Portfolio I B, LLC
c/o Great Value Storage
401 Congress Avenue, 33rd Floor
Austin, Texas 78701
Attention: Natin Paul

Natin Paul
401 Congress Avenue, 33rd Floor
Austin, Texas 78701

Great Value Storage
767 Fifth Avenue, 16th Floor
New York, New York 10153
Attention: General Counsel

Natin Paul
c/o World Class Capital Group, LLC
767 Fifth Avenue, 16th Floor
New York, New York 10153
Attention: Legal Department

Re: **$82,000,000 Mezzanine Loan (the "Mezzanine 2 Loan") from Teachers Insurance and Annuity Association of America (as successor in interest to UBS AG, "Mezzanine 2 Lender") to GVS Portfolio I B, LLC ("Mezzanine 2 Borrower"), secured by membership interests in GVS Portfolio I, LLC (the "Pledged Interests")**

Dear Borrower:

Multiple Events of Default exist under the Mezzanine 2 Loan Agreement dated November 30, 2018 between Mezzanine 2 Borrower and Mezzanine 2 Lender, as amended by that certain Omnibus Amendment to Mezzanine 2 Loan Documents dated as of January 7, 2019 (collectively, the "**Mezzanine 2 Loan Agreement**") and the other "Loan Documents" (as defined in the Mezzanine 2 Loan Agreement). Capitalized terms used in this letter but not defined herein shall have the meanings ascribed to such terms in the Mezzanine 2 Loan Agreement.

On November 25, 2019 Midland Loan Services, a Division of PNC Bank, National Association, as servicer of the Mortgage Loan on behalf of Wells Fargo Bank NA as Trustee for UBS Commercial Mortgage 2018-C15 issued a notice of default to Borrower for certain monetary defaults under the Mortgage Loan (the "**Mortgage Loan Default Notice**").

On December 4, 2019 Apollo Global Real Estate Management, L.P. on behalf of Athene Annuity and Life Company, Athene Annuity & Life Insurance Company, American Equity Investment Life Insurance Company and The Lincoln National Life Insurance Company issued a notice of default to Mezzanine 1 Borrower for certain monetary defaults under the Mezzanine 1 Loan (the "**Mezzanine 1 Loan Default Notice**").

Pursuant to Section 10.1(a)(xv) and Section 10.1(a)(xviii) of the Mezzanine 2 Loan Agreement, a Mezzanine 1 Loan Event of Default and a Mortgage Loan Event of Default each constitute an Event of Default (within the meaning of the Mezzanine 2 Loan Agreement). The Mortgage Loan Default Notice and the Mezzanine 1 Payment Default describe continuing monetary events of default under the Mortgage Loan and Mezzanine 1 Loan, respectively, thus constituting Events of Default under the Mezzanine 2 Loan Agreement.

120454068.6

December 6, 2019
Page 2

In addition, the Monthly Debt Service Payment Amount for the Mezzanine 2 Loan was due by 3:00 p.m. New York City time today, and such payment was not made, which is an Event of Default under Section 10.1(a)(i)(A) of the Mezzanine 2 Loan Agreement.

These Events of Default – in particular the Mortgage 1 Loan Event of Default and the Mezzanine 1 Loan Event of Default – remain in existence despite the fact that the applicable obligors were provided a generous amount of time to cure the same. In addition, you made repeated assurances that such amounts would be paid, but failed to do so each time.

Pursuant to the Intercreditor Agreement and pursuant to Section 10.3 of the Mezzanine 2 Loan Agreement, we may now elect to make protective advances to cure the Mezzanine 1 Loan Event of Default and the Mortgage Loan Event of Default, which shall increase the Obligations.

In light of the foregoing, Mezzanine 2 Lender hereby accelerates the Mezzanine 2 Loan and declares the Mezzanine 2 Loan to be immediately due and payable in full.

Demand is hereby made upon you to immediately pay and perform all Obligations, including without limitation, immediate payment of the Outstanding Principal Balance in the amount of $82,000,000, together with accrued interest thereon, attorneys' fees and expenses, Yield Maintenance Default Premium, and the balance of the Debt and all other Obligations including without limitation all reimbursement and indemnification obligations described in the Mezzanine 2 Loan Agreement. As described in the Mezzanine 2 Loan Agreement, the entirety of the Debt and such other Obligations payable are now accruing interest at the Default Rate.

This letter shall not be construed as an exhaustive list of all Defaults or Events of Default that may exist under the Mezzanine 2 Loan or as a waiver of, or limitation upon, any other rights and remedies Mezzanine 2 Lender may have under the Mezzanine 2 Loan Agreement or any other Loan Documents or under that certain Guaranty of Recourse Obligations dated as of November 30, 2018, executed by Natin Paul ("**Guarantor**") in favor of Mezzanine 2 Lender (the "**Recourse Carveout Guaranty**") with respect to any Event of Default, any of the Borrower's Recourse Liabilities or any Springing Recourse Event, whether or not identified herein, or with respect to any other matter in respect of the Mezzanine 2 Loan, at law, by agreement or in equity, all of which are hereby reserved.

Additionally, please be advised, that the acceptance of any partial payments by Mezzanine 2 Lender with respect to the Obligations after the date of this letter, shall not, in any way whatsoever, constitute a waiver of the matured status of the Mezzanine 2 Loan, a waiver of the existing Events of Default under the Mezzanine 2 Loan, or a waiver of any of Mezzanine 2 Lender's rights or remedies under the Loan Documents, applicable law or otherwise, including, without limitation, its right to pursue attorneys' fees and expenses associated with enforcing its rights under the Loan Documents.

December 6, 2019
Page 3

Please contact us for the current payoff amount.

Very truly yours,

Teachers Insurance and Annuity Association of America,
on behalf of its Separate Real Estate Account

By: _____

Name:    Richard Tsui
Title:    Senior Director

cc:    Midland Loan Services, a Division of PNC Bank, National Association, as Master Servicer
       Wells Fargo Bank, National Association, as Trustee
       Apollo Global Real Estate Management, L.P.
       SitusAMC

120454068.6

**Huffman, Adrienne**

| | |
|---|---|
| **From:** | TrackingUpdates@fedex.com |
| **Sent:** | Monday, December 9, 2019 11:08 AM |
| **To:** | Huffman, Adrienne |
| **Subject:** | FedEx Shipment 777177186377 Delivered |

# Your package has been delivered

## Tracking # 777177186377

Ship date:
**Fri, 12/6/2019**

Adrienne Huffman
CHARLOTTE, NC 28262
US



Delivered

Delivery date:
**Mon, 12/9/2019 10:06 am**

**Natin Paul**
33rd Floor
401 Congress Avenue
AUSTIN, TX 78701
US

## Shipment Facts

Our records indicate that the following package has been delivered.

| | |
|---|---|
| **Tracking number:** |  777177186377 |
| **Status:** | Delivered: 12/09/2019 10:06 AM Signed for By: Signature Release on file |
| **Purchase order number:** | 28308 |
| **Signed for by:** | Signature Release on file |
| **Delivery location:** | AUSTIN, TX |
| **Service type:** | FedEx Standard Overnight® |
| **Packaging type:** | FedEx® Envelope |
| **Number of pieces:** | 1 |
| **Weight:** | 0.50 lb. |
| **Special handling/Services:** | Deliver Weekday |
| **Standard transit:** | 12/9/2019 by 3:00 pm |

Please do not respond to this message. This email was sent from an unattended mailbox. This report was generated at approximately 10:08 AM CST on 12/09/2019.

All weights are estimated.

1

**Huffman, Adrienne**

| | |
|---|---|
| **From:** | TrackingUpdates@fedex.com |
| **Sent:** | Monday, December 9, 2019 10:01 AM |
| **To:** | Huffman, Adrienne |
| **Subject:** | FedEx Shipment 777177028257 Delivered |

# Your package has been delivered

Tracking # 777177028257

Ship date:
Fri, 12/6/2019

Adrienne Huffman
CHARLOTTE, NC 28262
US



Delivered

Delivery date:
Mon, 12/9/2019 9:54 am

General Counsel
Great Value Storage
16th Floor
767 Fifth Avenue
NEW YORK CITY, NY 10153
US



## Shipment Facts

Our records indicate that the following package has been delivered.

| | |
|---|---|
| **Tracking number:** | 777177028257 |
| **Status:** | Delivered: 12/09/2019 09:54 AM Signed for By: R.N |
| **Purchase order number:** | 28308 |
| **Signed for by:** | R.N |
| **Delivery location:** | NEW YORK CITY, NY |
| **Delivered to:** | Receptionist/Front Desk |
| **Service type:** | FedEx Standard Overnight® |
| **Packaging type:** | FedEx® Envelope |
| **Number of pieces:** | 1 |
| **Weight:** | 0.50 lb. |
| **Special handling/Services:** | Deliver Weekday |
| **Standard transit:** | 12/9/2019 by 3:00 pm |

Please do not respond to this message. This email was sent from an unattended mailbox. This report was generated at approximately 9:00 AM CST on 12/09/2019.

1

**Huffman, Adrienne**

| | |
|---|---|
| **From:** | TrackingUpdates@fedex.com |
| **Sent:** | Monday, December 9, 2019 11:08 AM |
| **To:** | Huffman, Adrienne |
| **Subject:** | FedEx Shipment 777176955101 Delivered |

# Your package has been delivered

Tracking # 777176955101

Ship date:
**Fri, 12/6/2019**

**Adrienne Huffman**
CHARLOTTE, NC 28262
US

Delivery date:
**Mon, 12/9/2019 10:06 am**

**Natin Paul**
GVS Portfolio I, LLC
33rd Floor
401 Congress Avenue
AUSTIN, TX 78701
US



Delivered



## Shipment Facts

Our records indicate that the following package has been delivered.

| | |
|---|---|
| **Tracking number:** | 777176955101 |
| **Status:** | Delivered: 12/09/2019 10:06 AM Signed for By: Signature Release on file |
| **Purchase order number:** | 28308 |
| **Signed for by:** | Signature Release on file |
| **Delivery location:** | AUSTIN, TX |
| **Service type:** | FedEx Standard Overnight® |
| **Packaging type:** | FedEx® Envelope |
| **Number of pieces:** | 1 |
| **Weight:** | 0.50 lb. |
| **Special handling/Services:** | Deliver Weekday |
| **Standard transit:** | 12/9/2019 by 3:00 pm |

Please do not respond to this message. This email was sent from an unattended mailbox. This report was generated at approximately 10:08 AM CST on 12/09/2019.

**Huffman, Adrienne**

| | |
|---|---|
| **From:** | TrackingUpdates@fedex.com |
| **Sent:** | Monday, December 9, 2019 10:01 AM |
| **To:** | Huffman, Adrienne |
| **Subject:** | FedEx Shipment 777177282889 Delivered |

# Your package has been delivered

Tracking # 777177282889



Ship date:
**Fri, 12/6/2019**
Adrienne Huffman
CHARLOTTE, NC 28262
US

Delivery date:
**Mon, 12/9/2019 9:54
am**

**Legal Department**
Natin Paul c/o World Class
Capital
16th Floor
767 Fifth Avenue
NEW YORK CITY, NY 10153
US



Delivered

## Shipment Facts

Our records indicate that the following package has been delivered.

| | |
|---|---|
| **Tracking number:** | <u>777177282889</u> |
| **Status:** | Delivered: 12/09/2019 09:54 AM Signed for By: R.N |
| **Purchase order number:** | 28308 |
| **Signed for by:** | R.N |
| **Delivery location:** | NEW YORK CITY, NY |
| **Delivered to:** | Receptionist/Front Desk |
| **Service type:** | FedEx Standard Overnight® |
| **Packaging type:** | FedEx® Envelope |
| **Number of pieces:** | 1 |
| **Weight:** | 0.50 lb. |
| **Special handling/Services:** | Deliver Weekday |
| **Standard transit:** | 12/9/2019 by 3:00 pm |

1

**Huffman, Adrienne**

| | |
|---|---|
| **From:** | TrackingUpdates@fedex.com |
| **Sent:** | Monday, December 9, 2019 11:08 AM |
| **To:** | Huffman, Adrienne |
| **Subject:** | FedEx Shipment 777176993889 Delivered |

# Your package has been delivered

Tracking # 777176993889

Ship date:
**Fri, 12/6/2019**

Adrienne Huffman
CHARLOTTE, NC 28262
US


Delivered

Delivery date:
**Mon, 12/9/2019 10:06 am**

**Natin Paul**
GVS Portfolio I,LLC c/o World
Class
814 Lavaca Street
AUSTIN, TX 78701
US



## Shipment Facts

Our records indicate that the following package has been delivered.

| | |
|---|---|
| **Tracking number:** | 777176993889 |
| **Status:** | Delivered: 12/09/2019 10:06 AM Signed for By: Signature Release on file |
| **Purchase order number:** | 28308 |
| **Signed for by:** | Signature Release on file |
| **Delivery location:** | AUSTIN, TX |
| **Service type:** | FedEx Standard Overnight® |
| **Packaging type:** | FedEx® Envelope |
| **Number of pieces:** | 1 |
| **Weight:** | 0.50 lb. |
| **Special handling/Services:** | Deliver Weekday |
| **Standard transit:** | 12/9/2019 by 3:00 pm |

✉ Please do not respond to this message. This email was sent from an unattended mailbox. This report was generated at approximately 10:08 AM CST on 12/09/2019.

**Huffman, Adrienne**

| | |
|---|---|
| **From:** | TrackingUpdates@fedex.com |
| **Sent:** | Monday, December 9, 2019 9:41 AM |
| **To:** | Huffman, Adrienne |
| **Subject:** | FedEx Shipment 777176853448 Delivered |

# Your package has been delivered

## Tracking # 777176853448

Ship date:
Fri, 12/6/2019

**Adrienne Huffman**
CHARLOTTE, NC 28262
US



Delivered

Delivery date:
Mon, 12/9/2019 8:37 am

**Executive VP - Division Head**
Midland Loan Services
10851 Mastin Street
Suite 700
OVERLAND PARK, KS 66210
US



## Shipment Facts

Our records indicate that the following package has been delivered.

| | |
|---|---|
| **Tracking number:** | 777176853448 |
| **Status:** | Delivered: 12/09/2019 08:37 AM Signed for By: G.HOUSEWRIGHT |
| **Purchase order number:** | 28308 |
| **Signed for by:** | G.HOUSEWRIGHT |
| **Delivery location:** | OVERLAND PARK, KS |
| **Delivered to:** | Receptionist/Front Desk |
| **Service type:** | FedEx Standard Overnight® |
| **Packaging type:** | FedEx® Envelope |
| **Number of pieces:** | 1 |
| **Weight:** | 0.50 lb. |
| **Special handling/Services:** | Deliver Weekday |
| **Standard transit:** | 12/9/2019 by 3:00 pm |

1

**Huffman, Adrienne**

| | |
|---|---|
| **From:** | TrackingUpdates@fedex.com |
| **Sent:** | Monday, December 9, 2019 9:38 AM |
| **To:** | Huffman, Adrienne |
| **Subject:** | FedEx Shipment 777176903078 Delivered |

# Your package has been delivered

## Tracking # 777176903078

Ship date:
Fri, 12/6/2019

Adrienne Huffman
CHARLOTTE, NC 28262
US

Delivery date:
Mon, 12/9/2019 9:30
am

Corp Trust Svcs: UBS 2018-
C15
Wells Fargo, Natl Assoc, as
Trustee
9062 Old Annapolis Road
COLUMBIA, MD 21045
US



Delivered



## Shipment Facts

Our records indicate that the following package has been delivered.

| | |
|---|---|
| **Tracking number:** | 777176903078 |
| **Status:** | Delivered: 12/09/2019 09:30 AM Signed for By: H.LAPE |
| **Purchase order number:** | 28308 |
| **Signed for by:** | H.LAPE |
| **Delivery location:** | COLUMBIA, MD |
| **Delivered to:** | Mailroom |
| **Service type:** | FedEx Standard Overnight® |
| **Packaging type:** | FedEx® Envelope |
| **Number of pieces:** | 1 |
| **Weight:** | 0.50 lb. |
| **Special handling/Services:** | Deliver Weekday |
| **Standard transit:** | 12/9/2019 by 3:00 pm |

**Huffman, Adrienne**

| | |
|---|---|
| **From:** | TrackingUpdates@fedex.com |
| **Sent:** | Monday, December 9, 2019 2:03 PM |
| **To:** | Huffman, Adrienne |
| **Subject:** | FedEx Shipment 777177157900 Delivered |

# Your package has been delivered

Tracking # 777177157900

**Ship date:**
Fri, 12/6/2019

Adrienne Huffman
CHARLOTTE, NC 28262
US

**Delivery date:**
Mon, 12/9/2019 1:54 pm

Jay Jablonski
Apollo Global Management
9 West 57th Street
NEW YORK, NY 10019
US

 Delivered

## Shipment Facts

Our records indicate that the following package has been delivered.

| | |
|---|---|
| **Tracking number:** | 777177157900 |
| **Status:** | Delivered: 12/09/2019 1:54 PM Signed for By: Z.TACY |
| **Purchase order number:** | 28308 |
| **Signed for by:** | Z.TACY |
| **Delivery location:** | NEW YORK, NY |
| **Delivered to:** | Mailroom |
| **Service type:** | FedEx Standard Overnight® |
| **Packaging type:** | FedEx® Envelope |
| **Number of pieces:** | 1 |
| **Weight:** | 0.50 lb. |
| **Special handling/Services:** | Deliver Weekday |
| **Standard transit:** | 12/9/2019 by 3:00 pm |

✉ Please do not respond to this message. This email was sent from an unattended mailbox. This report was generated at approximately 1:02 PM CST on 12/09/2019.

1

**Huffman, Adrienne**

| | |
|---|---|
| **From:** | TrackingUpdates@fedex.com |
| **Sent:** | Monday, December 9, 2019 9:13 AM |
| **To:** | Huffman, Adrienne |
| **Subject:** | FedEx Shipment 777177117984 Delivered |

# Your package has been delivered

## Tracking # 777177117984

Ship date:
Fri, 12/6/2019

Adrienne Huffman
CHARLOTTE, NC 28262
US



Delivered

Delivery date:
Mon, 12/9/2019 9:10
am

**Van Barron**
SitusAMC
6 Concourse Parkway
Suite 3000
ATLANTA, GA 30328
US

## Shipment Facts

Our records indicate that the following package has been delivered.

| | |
|---|---|
| **Tracking number:** | 777177117984 |
| **Status:** | Delivered: 12/09/2019 09:10 AM Signed for By: S.BLAKE |
| **Purchase order number:** | 28308 |
| **Signed for by:** | S.BLAKE |
| **Delivery location:** | ATLANTA, GA |
| **Delivered to:** | Receptionist/Front Desk |
| **Service type:** | FedEx Standard Overnight® |
| **Packaging type:** | FedEx® Envelope |
| **Number of pieces:** | 1 |
| **Weight:** | 0.50 lb. |
| **Special handling/Services:** | Deliver Weekday |
| **Standard transit:** | 12/9/2019 by 3:00 pm |

✉ Please do not respond to this message. This email was sent from an unattended mailbox. This report was generated at approximately 8:13 AM CST on 12/09/2019.

**<u>Exhibit C</u>**

**Financial Reporting Notices**

**TEACHERS INSURANCE AND ANNUITY
ASSOCIATION OF AMERICA**
730 Third Avenue
New York, New York 10017

November 5, 2019

GVS Portfolio I B, LLC
c/o Great Value Storage
401 Congress Avenue, 33rd Floor
Austin, Texas 78701
Attention: Natin Paul

Re:    Mezzanine loan in the original principal amount of up to Sixty-Three Million and No/100 Dollars ($63,000,000.00) made by Teachers Insurance and Annuity Association of America, a New York corporation (as successor-in-interest UBS AG ("**Lender**") to GVS Portfolio I B, LLC, a Delaware limited liability company ("**Borrower**") and evidenced by that certain Mezzanine 2 Loan Agreement dated as of November 30, 2018 (the "**Loan Agreement**"), between Borrower and Lender

Ladies and Gentlemen:

Reference is hereby made to the Loan Agreement and the other Loan Documents (as defined in the Loan Agreement). Capitalized terms used herein but not otherwise defined herein shall have the meaning ascribed to such terms in the Loan Agreement.

Borrower is hereby advised that Lender has not received certain required financial reporting pursuant to the terms and provisions of Section 4.1.6 of the Loan Agreement. Specifically, as of the date hereof, Lender has not received:

(i)    all of the quarterly reporting (other than the year-to-date operating statements prepared on a consolidated basis which have been provided to Lender) for the second calendar quarter of 2019 as required pursuant to the terms and provisions of Section 4.1.6(c) of the Loan Agreement, which was required to be delivered within forty-five (45) days after the end of such calendar quarter, including specifically, but without limitation, the quarterly financial statements on a property-level basis (as opposed to on a consolidated basis);

(ii)    all of the annual reporting for the Fiscal Year of 2018 as required pursuant to the terms and provisions of Section 4.1.6(d) of the Loan Agreement, which was required to be delivered within one hundred twenty (120) days after the end of such Fiscal Year; and

         (iii)    the annual certificate of Guarantor for the calendar year 2018 as required to be delivered pursuant to the terms and provisions of the last sentence of Section 5.2 of the Guaranty, which was required to be delivered within ninety (90) days after the end of such calendar year.

        Please immediately advise Lender as to when the foregoing materials shall be delivered to Lender.

        This notice is made without prejudice to or waiver of the rights or remedies of Lender under the Loan Documents, or any other right or remedy available to Lender at law or in equity. Should there be any discussions or communications between Borrower and Lender (or any other Person holding an interest in the Loan), or their respective representatives or counsel (including, without limitation, any servicer of the Loan), about the above matters, or should there be any delay in Lender exercising its rights and remedies under the Loan Documents, the same shall not cause a modification thereof, establish a custom or practice, or waive, limit or condition Lender's rights and remedies under the Loan Documents. Any agreement by Lender, including any agreement to forbear, modify the Loan Documents, or waive any rights or remedies, must be in writing and signed by an authorized representative of Lender; no oral or implied agreement of any kind will be recognized or enforceable.

        This letter does not purport to describe all events or conditions relating to the Loan that may constitute events of default, and this letter has no bearing on, and in no way supersedes or affects, any prior or future default notices issued on behalf of Lender in connection with the Loan. Lender expressly reserves all of its rights and remedies under the Loan Documents and any other right or remedy available to Lender at law or in equity. Lender further expressly reserves its right to pursue any rights and remedies at any time as Lender may determine in its sole and absolute discretion, including, without limitation, the right to impose the default rate of interest as of the date of any Event of Default (whether the subject of this notice or not) and/or to commence the exercise of any and all remedies against Borrower and/or Guarantors available under applicable law and equity, and the exercise of foreclosure remedies. Failure to exercise any such rights or remedies shall not constitute a waiver of any default or of Lender's right to exercise such rights and remedies at a future date.

        Very truly yours,

        **TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA**, for the benefit of the Separate Real Estate Account

By:_____

        Name:          Richard Tsui
        Title:           Senior Director

cc:    Great Value Storage
767 Fifth Avenue, 16th Floor
New York, New York 10153
Attention: General Counsel

Paul Hastings LLP
200 Park Avenue
New York, New York 10166
Attention: Eric Allendorf, Esq.

December **16**, 2020

<u>VIA FEDERAL EXPRESS</u>

GVS Portfolio I B, LLC
c/o Great Value Storage
401 Congress Avenue, 33rd Floor
Austin, Texas 78701
Attention: Natin Paul

Natin Paul
401 Congress Avenue, 33rd Floor
Austin, Texas 78701

Great Value Storage
767 Fifth Avenue, 16th Floor
New York, New York 10153
Attention: General Counsel

Natin Paul
c/o World Class Capital Group, LLC
767 Fifth Avenue, 16th Floor
New York, New York 10153
Attention: Legal Department

Great Value Storage
c/o World Class
814 Lavaca Street
Austin, Texas 78701
Attention: Natin Paul

> **Re:** **$82,000,000 Mezzanine Loan (the "Mezzanine 2 Loan") from Teachers Insurance and Annuity Association of America (as successor in interest to UBS AG, "Mezzanine 2 Lender") to GVS Portfolio I B, LLC ("Mezzanine 2 Borrower"), secured by membership interests in GVS Portfolio I, LLC (the "Pledged Interests")**

Dear Borrower:

As previously communicated to you on multiple occasions, the maturity date of the Mezzanine 2 Loan was and remains accelerated and all Obligations are due and payable.

We are writing to follow up on several outstanding items.

**Missing Financial Statements.** As required by the Mezzanine 2 Loan documents, the material financial information described on <u>Exhibit A</u> has not been delivered to us. Please immediately deliver the information identified on <u>Exhibit A</u>.

**Annual Budget.** One of the items described on <u>Exhibit A</u> is the annual budget for 2021. As you are aware, funding of operating expenses through the monthly cash management waterfalls is dependent on Mezzanine 2 Lender's approval of the annual budget. Please understand that Mezzanine 2 Lender will be unable to approve an annual budget without the context provided by the financial information described on <u>Exhibit A</u>.

**Property Manager.** As you know, by letter dated July 16, 2020, Mezzanine 2 Lender properly exercised its unilateral right to terminate Great Value Storage, LLC as the property manager for the properties, and exercised its right to cause full subordination of the management fee payable. Pursuant to the Mezzanine 2 Loan documents, you remain required to immediately appoint a replacement Qualified Manager. We

December 16, 2020
Page 2

remind you that the Mezzanine 2 Loan documents provide for personal liability for failure to adhere to these requirements.

**Outstanding Obligations.** By way of update, after giving effect to all distributions made from the Cash Management Account pursuant to the terms of the Mortgage Loan Agreement through December 9, 2020, and determined immediately after giving effect to the distribution made on December 9, 2020, the following amounts remain immediately due and payable to the Mezzanine 2 Lender pursuant to the Mezzanine 2 Loan documents:

| | |
|---|---|
| Principal | $82,000,000.00 |
| Accrued Interest[1] | $595,525.00 |
| Protective Advances | $1,153,244.46 |
| Costs and Expenses[2] | $647,751.67 |
| Default Interest/Late Fees[3] | $10,018,338.34 |
| TOTAL | $94,414,909.47[4] |

Please be reminded that the acceptance of any partial payments by Mezzanine 2 Lender with respect to the Obligations – including amounts received by Mezzanine 2 Lender in connection with any distribution from the Cash Management Account – shall not, in any way whatsoever, constitute a waiver of the matured status of the Mezzanine 2 Loan, a waiver of the existing Events of Default under the Mezzanine 2 Loan, or a waiver of any of Mezzanine 2 Lender's rights or remedies under the Loan Documents, applicable law or otherwise, including, without limitation, its right to pursue attorneys' fees and expenses associated with enforcing its rights under the Loan Documents.

This notice shall not be construed as a reinstatement of the Mezzanine 2 Loan or a waiver or release of any terms and conditions of the Mezzanine 2 Loan Agreement and our rights and remedies thereunder. Further, this notice is not required pursuant to the terms of the Loan Documents and is sent as a courtesy; this notice does not evidence our intent to create a course of dealing or create any obligation to send notices to you that aren't required pursuant to the Mezzanine 2 Loan Agreement or the other Loan Documents.

We hereby reserve all of our rights and remedies under the Mezzanine 2 Loan Agreement, that certain Guaranty of Recourse Obligations dated as of November 30, 2018, executed by Natin Paul ("**Guarantor**") in favor of Mezzanine 2 Lender (the "**Recourse Carveout Guaranty**") and all of the other Loan Documents, including with respect to any Event of Default, any of the Borrower's Recourse Liabilities or any Springing Recourse Event, whether or not identified herein or in our previous letters to you, or with respect to any other matter concerning the Mezzanine 2 Loan, at law, by agreement or in equity, all of which are hereby reserved.

---

[1] Represents accrued interest that was due on December 6, 2019.

[2] Represents costs and expenses for which payments were made prior to December 9, 2020. Additional costs and expenses will continue to be incurred and paid. If you intend to avail yourself of your redemption rights under Section 9-623 of the UCC, please advise us of the same, and we will solicit final invoices from our third party professionals, consultants and advisors.

[3] Default interest continues to accrue. If you intend to avail yourself of your redemption rights under Section 9-623 of the UCC, please advise us of the same, and we will provide the amount of default interest that will have accrued through your intended date of repayment.

[4] Pursuant to the Loan Agreement, prepayments may be subject to yield maintenance and/or other premiums.

December 10 2020
Page 3

Sincerely,

Teachers Insurance and Annuity Association of America,
on behalf of the Separate Real Estate Account

By: _Maja K_____

Name: NAJA KUNZI

Title: AUTHORIZED SIGNER

cc:     Midland Loan Services, a Division of PNC Bank, National Association, as Master Servicer
        Wells Fargo Bank, National Association, as Trustee
        ESS-GV Holdings LLC
        Lewis Roca Rothgerber Christie LLP
        Morrison Cohen

124342128.1

## <u>EXHIBIT A</u>

## **MISSING FINANCIAL REPORTS**

<u>Quarterly Reports – Section 4.1.6(c) of the Mezzanine 2 Loan Agreement</u>
- As of June 30, 2020 (was required to be delivered on or before August 14, 2020)
- As of September 30, 2020 (was required to be delivered on or before November 16, 2020)

<u>Annual Reports – Section 4.1.6(d) of the Mezzanine 2 Loan Agreement</u>
- As of December 31, 2019 (AUDITED) (was required to be delivered on or before April 29, 2020)

<u>Annual Budget – Section 4.1.6(h) of the Mezzanine 2 Loan Agreement</u>
- 2021 Calendar Year (was required to be delivered on or before November 2, 2020)

<u>Guarantor Financial Information – Section 5.2 of the Mezzanine 2 Guaranty of Recourse Obligations</u>
- As of December 31, 2018 (was required to be delivered on or before April 1, 2019)
- As of December 31, 2019 (was required to be delivered on or before March 30, 2020)

<u>Other Deliverables</u>
- All Officer's Certificates, CFO certifications, rent rolls, recertifications of representations and warranties, and other information that Mezzanine 2 Borrower or Natin Paul, as guarantor, failed to deliver pursuant to the terms of the Mezzanine 2 Loan Documents. (The failure to specifically identify the same shall not be construed as Mezzanine 2 Lender's waiver or release of Mezzanine 2 Borrower's or Natin Paul's obligation to deliver the same, or as a waiver of Mezzanine 2 Lender's rights and remedies relating to such failure.)

January 22, 2021

<u>VIA FEDERAL EXPRESS</u>

GVS Portfolio I B, LLC
c/o Great Value Storage
401 Congress Avenue, 33rd Floor
Austin, Texas 78701
Attention: Natin Paul

Natin Paul
401 Congress Avenue, 33rd Floor
Austin, Texas 78701

Great Value Storage
767 Fifth Avenue, 16th Floor
New York, New York 10153
Attention: General Counsel

Natin Paul
c/o World Class Capital Group, LLC
767 Fifth Avenue, 16th Floor
New York, New York 10153
Attention: Legal Department

Great Value Storage
c/o World Class
814 Lavaca Street
Austin, Texas 78701
Attention: Natin Paul

> **Re:** $82,000,000 Mezzanine Loan (the "**Mezzanine 2 Loan**") from **Teachers Insurance and Annuity Association of America (as successor in interest to UBS AG, "Mezzanine 2 Lender") to GVS Portfolio I B, LLC ("Mezzanine 2 Borrower"), secured by membership interests in GVS Portfolio I, LLC (the "Pledged Interests")**

Dear Borrower:

As previously communicated to you on multiple occasions, the maturity date of the Mezzanine 2 Loan was and remains accelerated and all Obligations are due and payable.

We are writing to follow up on several outstanding items.

**Missing Financial Statements.** As required by the Mezzanine 2 Loan documents, the material financial information described on <u>Exhibit A</u> has not been delivered to us. Per our prior request, please immediately deliver the information identified on <u>Exhibit A</u>.

**Annual Budget.** One of the items described on Exhibit A is the annual budget for 2021. As you are aware, funding of the monthly operating expenses through the cash management waterfalls is dependent on Mezzanine 2 Lender's approval of the annual budget. Section 4.1.6 of the Mezzanine 2 Loan Agreement requires you to propose a "good faith estimate" of the operating revenues and expenses. You have not complied with your obligations to deliver a proposed annual budget for 2021, since the budget submitted does not constitute a "good faith estimate" of revenues and expenses pursuant to Section 4.1.6 of the Mezzanine 2 Loan Agreement. The proposed 2021 annual budget submitted merely mirrors the approved budget for 2020, which has no relation to the actual expenses and income reported for the first quarter of 2020 or the revenues actually received in the lockbox account. You are hereby notified that your proposed 2021 annual budget is not approved by Mezzanine 2 Lender for the reasons stated above.

January22 2021
Page 2

Pursuant to the Mezzanine 2 Loan Agreement, you are required to promptly revise and submit a 2021 annual budget. Please understand that Mezzanine 2 Lender will be unable to approve any annual budget without the context provided by the financial information described on Exhibit A.

**Property Manager.** As you know, by letter dated July 16, 2020, Mezzanine 2 Lender properly exercised its unilateral right to terminate Great Value Storage, LLC as the property manager for the properties, and exercised its right to cause full subordination of the management fee payable. Pursuant to the Mezzanine 2 Loan documents, you remain required to immediately appoint a replacement Qualified Manager. We remind you that the Mezzanine 2 Loan documents provide for personal liability for failure to adhere to these requirements.

**Outstanding Obligations.** By way of update, after giving effect to all distributions made from the Cash Management Account pursuant to the terms of the Mortgage Loan Agreement through January 11 2021, and determined immediately after giving effect to the distribution made on January 11 2021, the following amounts remain immediately due and payable to the Mezzanine 2 Lender pursuant to the Mezzanine 2 Loan documents:

| | |
|---|---|
| Principal | $82,000,000.00 |
| Accrued Interest[1] | $595,525.00 |
| Protective Advances | $1,153,244.46 |
| Costs and Expenses[2] | $786,281.91 |
| Default Interest/Late Fees[3] | $11,055,279.14 |
| TOTAL | $95,590,330.51[4] |

Please be reminded that the acceptance of any partial payments by Mezzanine 2 Lender with respect to the Obligations – including amounts received by Mezzanine 2 Lender in connection with any distribution from the Cash Management Account – shall not, in any way whatsoever, constitute a waiver of the matured status of the Mezzanine 2 Loan, a waiver of the existing Events of Default under the Mezzanine 2 Loan, or a waiver of any of Mezzanine 2 Lender's rights or remedies under the Loan Documents, applicable law or otherwise, including, without limitation, its right to pursue attorneys' fees and expenses associated with enforcing its rights under the Loan Documents.

This notice shall not be construed as a reinstatement of the Mezzanine 2 Loan or a waiver or release of any terms and conditions of the Mezzanine 2 Loan Agreement and our rights and remedies thereunder. Further, this notice is not required pursuant to the terms of the Loan Documents and is sent as a courtesy; this notice does not evidence our intent to create a course of dealing or create any obligation to send notices to you that aren't required pursuant to the Mezzanine 2 Loan Agreement or the other Loan Documents.

---

[1] Represents accrued interest that was due on December 6, 2019.

[2] Represents costs and expenses for which payments were made prior to January 11, 2021. Additional costs and expenses will continue to be incurred and paid. If you intend to avail yourself of your redemption rights under Section 9-623 of the UCC, please advise us of the same, and we will solicit final invoices from our third party professionals, consultants and advisors.

[3] Default interest continues to accrue. If you intend to avail yourself of your redemption rights under Section 9-623 of the UCC, please advise us of the same, and we will provide the amount of default interest that will have accrued through your intended date of repayment.

[4] Pursuant to the Loan Agreement, prepayments may be subject to yield maintenance and/or other premiums.

January22 2021
Page 3

We hereby reserve all of our rights and remedies under the Mezzanine 2 Loan Agreement, that certain Guaranty of Recourse Obligations dated as of November 30, 2018, executed by Natin Paul ("**Guarantor**") in favor of Mezzanine 2 Lender (the "**Recourse Carveout Guaranty**") and all of the other Loan Documents, including with respect to any Event of Default, any of the Borrower's Recourse Liabilities or any Springing Recourse Event, whether or not identified herein or in our previous letters to you, or with respect to any other matter concerning the Mezzanine 2 Loan, at law, by agreement or in equity, all of which are hereby reserved.

Sincerely,

Teachers Insurance and Annuity Association of America,
on behalf of the Separate Real Estate Account

By: _____
Name: Talia Feuerstein
Title:  Director

cc:    Midland Loan Services, a Division of PNC Bank, National Association, as Master Servicer
       Wells Fargo Bank, National Association, as Trustee
       ESS-GV Holdings LLC
       Lewis Roca Rothgerber Christie LLP
       Morrison Cohen

124781316.2

## EXHIBIT A

### MISSING FINANCIAL REPORTS

Quarterly Reports – Section 4.1.6(c) of the Mezzanine 2 Loan Agreement
- As of June 30, 2020 (was required to be delivered on or before August 14, 2020)
- As of September 30, 2020 (was required to be delivered on or before November 16, 2020)

Annual Reports – Section 4.1.6(d) of the Mezzanine 2 Loan Agreement
- As of December 31, 2019 (AUDITED) (was required to be delivered on or before April 29, 2020)

Annual Budget – Section 4.1.6(h) of the Mezzanine 2 Loan Agreement
- 2021 Calendar Year (was required to be delivered on or before November 2, 2020)

Guarantor Financial Information – Section 5.2 of the Mezzanine 2 Guaranty of Recourse Obligations
- As of December 31, 2018 (was required to be delivered on or before April 1, 2019)
- As of December 31, 2019 (was required to be delivered on or before March 30, 2020)

Other Deliverables
- All Officer's Certificates, CFO certifications, rent rolls, recertifications of representations and warranties, and other information that Mezzanine 2 Borrower or Natin Paul, as guarantor, failed to deliver pursuant to the terms of the Mezzanine 2 Loan Documents. (The failure to specifically identify the same shall not be construed as Mezzanine 2 Lender's waiver or release of Mezzanine 2 Borrower's or Natin Paul's obligation to deliver the same, or as a waiver of Mezzanine 2 Lender's rights and remedies relating to such failure.)

February 17, 2021

<u>VIA FEDERAL EXPRESS</u>

GVS Portfolio I B, LLC
c/o Great Value Storage
401 Congress Avenue, 33rd Floor
Austin, Texas 78701
Attention: Natin Paul

Natin Paul
401 Congress Avenue, 33rd Floor
Austin, Texas 78701

Great Value Storage
767 Fifth Avenue, 16th Floor
New York, New York 10153
Attention: General Counsel

Natin Paul
c/o World Class Capital Group, LLC
767 Fifth Avenue, 16th Floor
New York, New York 10153
Attention: Legal Department

Great Value Storage
c/o World Class
814 Lavaca Street
Austin, Texas 78701
Attention: Natin Paul

     **Re:**    **$82,000,000 Mezzanine Loan (the "Mezzanine 2 Loan") from Teachers Insurance and Annuity Association of America (as successor in interest to UBS AG, "Mezzanine 2 Lender") to GVS Portfolio I B, LLC ("Mezzanine 2 Borrower"), secured by membership interests in GVS Portfolio I, LLC (the "Pledged Interests")**

Dear Borrower:

As previously communicated to you on multiple occasions, the maturity date of the Mezzanine 2 Loan was and remains accelerated and all Obligations are due and payable.

We are writing to follow up on several outstanding items.

**Missing Financial Statements.** As required by the Mezzanine 2 Loan documents, the material financial information described on <u>Exhibit A</u> has not been delivered to us. Per our prior request, please immediately deliver the information identified on <u>Exhibit A</u>.

**Annual Budget.** One of the items described on <u>Exhibit A</u> is the annual budget for 2021. As noted in prior letters, you remain in contravention of your obligation to propose a good faith annual budget for 2021. Please understand that Mezzanine 2 Lender will be unable to approve any annual budget without the context provided by the financial information described on <u>Exhibit A</u>.

**Property Manager.** As you know, by letter dated July 16, 2020, Mezzanine 2 Lender properly exercised its unilateral right to terminate Great Value Storage, LLC as the property manager for the properties, and exercised its right to cause full subordination of the management fee payable. Pursuant to the Mezzanine 2 Loan documents, we reiterate our demand that you immediately appoint a replacement Qualified

125038933.1

February 17, 2021
Page 2

Manager. We remind you that the Mezzanine 2 Loan documents provide for personal liability for failure to adhere to these requirements.

**Outstanding Obligations.** By way of update, after giving effect to all distributions made from the Cash Management Account pursuant to the terms of the Mortgage Loan Agreement through February 9 2021, and determined immediately after giving effect to the distribution made on February 9 2021, the following amounts remain immediately due and payable to the Mezzanine 2 Lender pursuant to the Mezzanine 2 Loan documents:

| | |
|---|---|
| Principal | $82,000,000.00 |
| Accrued Interest[1] | $595,525.00 |
| Protective Advances | $1,153,244.46 |
| Costs and Expenses[2] | $811,418.93 |
| Default Interest/Late Fees[3] | $11,982,869.34 |
| TOTAL | $96,543,057.73[4] |

Please be reminded that the acceptance of any partial payments by Mezzanine 2 Lender with respect to the Obligations – including amounts received by Mezzanine 2 Lender in connection with any distribution from the Cash Management Account – shall not, in any way whatsoever, constitute a waiver of the matured status of the Mezzanine 2 Loan, a waiver of the existing Events of Default under the Mezzanine 2 Loan, or a waiver of any of Mezzanine 2 Lender's rights or remedies under the Loan Documents, applicable law or otherwise, including, without limitation, its right to pursue attorneys' fees and expenses associated with enforcing its rights under the Loan Documents.

This notice shall not be construed as a reinstatement of the Mezzanine 2 Loan or a waiver or release of any terms and conditions of the Mezzanine 2 Loan Agreement and our rights and remedies thereunder. Further, this notice is not required pursuant to the terms of the Loan Documents and is sent as a courtesy; this notice does not evidence our intent to create a course of dealing or create any obligation to send notices to you that aren't required pursuant to the Mezzanine 2 Loan Agreement or the other Loan Documents.

We hereby reserve all of our rights and remedies under the Mezzanine 2 Loan Agreement, that certain Guaranty of Recourse Obligations dated as of November 30, 2018, executed by Natin Paul ("**Guarantor**") in favor of Mezzanine 2 Lender (the "**Recourse Carveout Guaranty**") and all of the other Loan Documents, including with respect to any Event of Default, any of the Borrower's Recourse Liabilities or any Springing Recourse Event, whether or not identified herein or in our previous letters to you, or with respect to any other matter concerning the Mezzanine 2 Loan, at law, by agreement or in equity, all of which are hereby reserved.

---

[1] Represents accrued interest that was due on December 6, 2019.

[2] Represents costs and expenses for which payments were made prior to January 11, 2021. Additional costs and expenses will continue to be incurred and paid. If you intend to avail yourself of your redemption rights under Section 9-623 of the UCC, please advise us of the same, and we will solicit final invoices from our third party professionals, consultants and advisors.

[3] Default interest continues to accrue. If you intend to avail yourself of your redemption rights under Section 9-623 of the UCC, please advise us of the same, and we will provide the amount of default interest that will have accrued through your intended date of repayment.

[4] Pursuant to the Loan Agreement, prepayments may be subject to yield maintenance and/or other premiums.

125038933.1

February 17, 2021
Page 3

Sincerely,

Teachers Insurance and Annuity Association of America,
on behalf of the Separate Real Estate Account

By: _Samara Fogel_

Name: _Samara Fogel_

Title: _Director_

cc:     Midland Loan Services, a Division of PNC Bank, National Association, as Master Servicer
        Wells Fargo Bank, National Association, as Trustee
        ESS-GV Holdings LLC
        Lewis Roca Rothgerber Christie LLP
        Morrison Cohen

125038933.1

## EXHIBIT A

### MISSING FINANCIAL REPORTS

Quarterly Reports – Section 4.1.6(c) of the Mezzanine 2 Loan Agreement
- As of June 30, 2020 (was required to be delivered on or before August 14, 2020)
- As of September 30, 2020 (was required to be delivered on or before November 16, 2020)

Annual Reports – Section 4.1.6(d) of the Mezzanine 2 Loan Agreement
- As of December 31, 2019 (AUDITED) (was required to be delivered on or before April 29, 2020)

Annual Budget – Section 4.1.6(h) of the Mezzanine 2 Loan Agreement
- 2021 Calendar Year (was required to be delivered on or before November 2, 2020)

Guarantor Financial Information – Section 5.2 of the Mezzanine 2 Guaranty of Recourse Obligations
- As of December 31, 2018 (was required to be delivered on or before April 1, 2019)
- As of December 31, 2019 (was required to be delivered on or before March 30, 2020)

Other Deliverables
- All Officer's Certificates, CFO certifications, rent rolls, recertifications of representations and warranties, and other information that Mezzanine 2 Borrower or Natin Paul, as guarantor, failed to deliver pursuant to the terms of the Mezzanine 2 Loan Documents. (The failure to specifically identify the same shall not be construed as Mezzanine 2 Lender's waiver or release of Mezzanine 2 Borrower's or Natin Paul's obligation to deliver the same, or as a waiver of Mezzanine 2 Lender's rights and remedies relating to such failure.)