SIDLEY AUSTIN LLP
Thomas R. Califano (10369867)
Charles M. Persons (24060413)
Maegan Quejada (24105999)
Jeri Leigh Miller (24102176)
Juliana L. Hoffman (24106103)
2021 McKinney Ave
Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

*Counsel for the Debtors and
Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| GVS TEXAS HOLDINGS I, LLC, *et al.* [1] | Case No. 21-31121-MVL |
| | **(Jointly Administered)** |
| Debtors. | |

**DEBTORS' EXPEDITED MOTION FOR RULE 2004 EXAMINATION
OF GREAT VALUE STORAGE, LLC AND PRODUCTION OF DOCUMENTS**

GVS Texas Holdings I, LLC and its affiliated debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") submit this motion (this "Motion"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2004-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: GVS Texas Holdings I, LLC (7458); GVS Texas Holdings II, LLC (1225); GVS Portfolio I, LLC (6441); GVS Portfolio I B, LLC (7171); GVS Portfolio I C, LLC (3093); WC Mississippi Storage Portfolio I, LLC (0423); GVS Nevada Holdings I, LLC (4849); GVS Ohio Holdings I, LLC (6449); GVS Missouri Holdings I, LLC (5452); GVS New York Holdings I, LLC (5858); GVS Indiana Holdings I, LLC (3929); GVS Tennessee Holdings I, LLC (5909); GVS Ohio Holdings II, LLC (2376); GVS Illinois Holdings I, LLC (9944); and GVS Colorado Holdings I, LLC (0408).  The location of the Debtors' service address is: 814 Lavaca Street, Austin, Texas 78701.

Northern District of Texas (the "Bankruptcy Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (i) directing Great Value Storage, LLC ("GVS") to produce all documents within its possession, custody, or control that are responsive to the requests attached to the Proposed Order as **Exhibit 1** (the "Notice of Rule 2004 Examination"); and (ii) scheduling a deposition of a corporate representative of GVS. In support of this Motion, the Debtors rely upon, and incorporate by reference, the *Declaration of Edward A. Phillips in Support of Debtors' Motions for Rule 2004 Examination*, (the "Phillips Declaration") and the *Declaration of Thomas R. Califano in Support of the Debtors' Motions for Rule 2004 Examination* (the "Califano Declaration"), both filed concurrently herewith. In further support of this Motion, the Debtors respectfully state as follows:

### Status of the Cases and Jurisdiction

1.      On June 17, 2021, (the "Subsidiaries Petition Date") the debtors and debtors in possession, with the exception of GVS Portfolio I C, LLC, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas (the "Court"). On June 23, 2021 (the "Parent Petition Date," and, together with the Subsidiaries Petition Date, the "Petition Date"), GVS Portfolio I C, LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the District Court's Miscellaneous Order No. 33, Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc dated August 3, 1984. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and other bases for the relief requested in this Motion are Bankruptcy Code section 105(a), Bankruptcy Rule 2004, and Bankruptcy Local Rule 2004-1.

### Background

**A. General Background**

5. The Debtors are limited liability companies with the principal business of owning and leasing a wide array of properties functioning principally as self-storage and parking facilities. The properties are managed by a non-Debtor operating affiliate—Great Value Storage, LLC—that maintains and manages the facilities. The Debtors have 64 storage locations in Texas, Colorado, Illinois, Indiana, Mississippi, Missouri, Nevada, New York, Ohio, and Tennessee. Six of the properties are in the Dallas-Fort Worth Metroplex, with an additional 28 located elsewhere in the State of Texas. Since their formation, the Debtors and their non-Debtor operating affiliate have generated revenue and marketed their services as "Great Value Storage,"[2] and maintain approximately 30,811 units, totaling 4,103,764 square feet. The storage units offer secure storage with 24-hour security systems, both climate controlled and non-climate controlled, RV, car, and boat parking, moving and storage supplies, and moving truck rentals. In addition to conventional storage units, the GVS portfolio includes 1,380 covered and uncovered vehicle parking units; thirteen office, warehouse and retail commercial spaces; four campsites; seven billboards; and, two cell tower leases.

6. The Debtors' sole board member is Robert D. Albergotti. Each of the Debtors are directly or indirectly owned by GVS Portfolio I, LLC, GVS Portfolio I B, LLC, and GVS Portfolio I C, LLC.

---

[2] www.greatvaluestorage.com

**B.     Officers and Operations**

7.     The Debtors have no employees; rather as of the date of this Motion, the Debtors have a single officer—Ms. Barbara Lee (concurrently with the filing of this Motion the Debtors are seeking authority to hire a Chief Accounting Officer to assist Mr. Albergotti in his duties). Ms. Lee is also an officer and employee of the Debtors' affiliate management company—Great Value Storage, LLC ("GVS").

8.     As of the Petition Date, Natin Paul was CEO of the Debtors, and the books and records, financial reconciliation, and accounting practices are maintained either by the Debtors' property manager—GVS—or by the Debtors' indirect equity owner—World Class Holdings, LLC, both of which are controlled by Mr. Paul. Following the Court's October 13 order, Mr. Paul agreed to resign as "an officer and director of each of the Debtor entities, and subject to further order of [the] court, [to] have no role whatsoever with respect to management or operation of the Debtors," leaving Ms. Lee, as treasurer, as the only officer of the Debtors.[3]

**C.     Incomplete, Incorrect, and/or Delayed Responses**

9.     Since the outset of these chapter 11 cases, the Debtors have received incomplete, contradicting, and/or delayed responses from GVS. Specifically, despite the Governance Order requiring production of certain documents, the Debtors have yet to receive the complete set of information necessary to comply with this Court's order requiring the turnover of books and records, the amendment of the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and SOFAs"), and the investigation of post-petition transactions under section 549 of the Bankruptcy Code.

---

[3] *See* Governance Order [Docket No. 319] (documenting the Court's October 13, 2021 oral ruling).

10. Following the entry of the Governance Order and the Court's order for the turnover of certain books, records, and other information therein, the Debtors have submitted numerous requests to GVS for information necessary for the Debtors to (i) analyze ongoing operations; (ii) amend the Schedules and SOFAs, as required by the Court; and (iii) complete an investigation into post-petition transfers under section 549 of the Bankruptcy Code, as required by the Court.[4] Despite repeated follow-ups and the Debtors' attempt to set up an in-office meeting between Ms. Lee and the Debtors' advisors, many of these information requests remain either wholly or partially unanswered.[5]

11. In particular, to amend the Schedules and SOFAs and for purposes of ongoing operations and reporting requirements, and as further explained in the Phillips Declaration, the Debtors and their professionals need immediate, direct access to the Debtors' books and records and all software in which such books and records are kept (including Sitelink and all of the Debtors' accounting data kept in Microsoft Excel), which are maintained, at least to some extent, pursuant to Paragraph 3.D(2) of the Property Management Agreements in place between each of the property-owning Debtors and GVS.[6] Direct access to the books and records, including the actual accounting system(s) used for the operation of the property-owning Debtors' properties and related source documents is necessary (i) to conduct a thorough analysis and verification of the books and records as required by the Bankruptcy Code and this Court; (ii) to allow the Debtors' professionals to effectively present the data in the format needed for various debtor reporting

---

[4] *See* November 9, 2021 E-Mail to Shawn Johnson, attached hereto as **Exhibit B**; November 11, 2021 E-Mail to Robert Burford, *et al.*, attached hereto as **Exhibit C**; November 15, 2021 E-Mail to Shawn Johnson, attached hereto as **Exhibit D**; November 19, 2021 E-Mail to Robert Burford, *et al.*, attached hereto as **Exhibit E**; November 20, 2021 E-Mail to Robert Burford, *et al.*, attached hereto as **Exhibit F**; November 21, 2021 E-Mail to Robert Burford, *et al.*, attached hereto as **Exhibit G**; November 21, 2021 E-Mail to Robert Burford, *et al.*, attached hereto as **Exhibit H**.

[5] *See* November 21, 2021 Letter to Thomas Califano (sent at 11:51 p.m. (CT)), attached hereto as **Exhibit I**; *see also* Califano Declaration ¶¶ 6–7.

[6] *See* Phillips Declaration ¶¶ 10–11.

requirements; and (iii) to reduce the necessity for follow-up requests for information or clarifying questions.[7] Accordingly, the Debtors request the following in order to identify all accounting systems and/or software used for the Debtors' books and records:

    a. names of all software licenses and ERP systems used by or for the benefit of any and/or all of the Debtors;

    b. the names of any IT consultants engaged by the Debtors, GVS, or related parties for the year prior to the Petition Date through the present; and

    c. contact information of any personnel that can provide information regarding technology platform decisions.[8]

12. In addition, in connection with the Debtors' fulfillment of their obligations as debtors in possession, including the amendment of the Schedules and SOFAs and investigation of all post-petition transfers, the following information and/or documents in the possession, custody, or control of GVS is required (with all information to be delivered in Microsoft Excel or a compatible format for the Debtors' professionals to analyze and process such information thoroughly and efficiently). The importance of obtaining this information is explained in the Phillips Declaration.[9]

    a. Disbursement journals for-all accounts and all Debtors, identifying the date, check or other identifying number, amount and payee for the 13 full months prior to the Petition Date through the current date. These journals should account for any funds leaving any of the Debtors' accounts whether by check, electronic transfer, wire, ACH, etc.;

    b. Detailed accounts payables journals for all Debtors at the Petition Date. The information should include, but is not limited to, account name, date of transaction, amount of transaction, terms, aging, total owed to account. The underlying support must be available for further analysis but does not have to be provided at the time of the document production.;

---

[7] *See id.*

[8] *See id.* ¶ 11.

[9] *See id.* ¶¶ 7–12.

    c. Monthly accounts receivables ledgers for all locations and all Debtors for 2020 and 2021;

    d. Monthly rent rolls for January – May 2020, July – August 2020, October – November 2020, January – February 2021, April 2021, and July – August 2021;

    e. Monthly statements of operations required under Section 3.D(2) of Property Management Agreements for each month from January 2019 to August 2021 (other than December 2020 and June 2021 which are in the Debtors' possession).

    f. TTM operating statement by property for the third quarter of 2021 and October 2021.

    g. Occupancy statistics for July 2021 through September 2021.

    h. Detailed accounts receivables write-offs by location, by month for 2020 and 2021. The information should include date, amount and account name and age of amount(s) written off;

    i. Trial balance for all debtors at the Petition Date;

    j. General ledgers/export of all accounting data for all Debtors for 2020 and 2021;

    k. All journal entries for all Debtors for 2020 and 2021;

    l. Federal and state tax returns for 2019 and 2020;

    m. Monthly bank account statements for 2019 through 2021 that have not already been provided to the Debtors and that are in the possession, custody, or control of GVS pursuant to Paragraph 3.D(2) of the Property Management Agreements;

    n. Bank account reconciliations for all accounts for all months in 2020 and 2021;

    o. Capital expenditure list (including historical capital expenditure and current capex needs);

    p. Inventory of each of the property-owning Debtors as of the Petition Date.[10]

13. In addition, with respect to the initiation of the investigation of post-petition transactions under section 549, the Debtors require all information, documents, records (including original invoices and correspondence), and backup for any transfers between the Debtors and each

---

[10] *See id.* ¶ 12.

of the following entities, regardless of whether such transfers were for reimbursements or because the transferee was acting as an intermediary for payment purposes:

a. Cupertino Builders, LLC;

b. West Texas Stone Solutions;

c. Love Paul;

d. Nova 401(k);

e. Kadari, Inc.; and

f. Comcast.[11]

14. A list of all such post-petition transfers currently identified by the Debtors' professionals is in Schedule 1 to the Phillips Declaration. The Debtors expect to seek additional information as other transferees are identified.

15. In light of the ongoing difficulties involved in receiving information from GVS necessary to comply with the Governance Order, the Debtors' respectfully request that the Court (i) order GVS to comply with the Notice of Rule 2004 Examination; (ii) produce the documents requested therein; and (iii) produce a corporate representative of GVS to sit for a deposition regarding the documents produced at the date and time to be agreed.

## Relief Requested

16. The Debtors request entry of an order pursuant to Bankruptcy Rule 2004 (i) directing GVS to produce all documents within its possession, custody, or control that are responsive to the requests attached to the Proposed Order as **Exhibit 1**; and (ii) scheduling a deposition of a representative of GVS.

---

[11] *See* November 29, 2021 Letter to Robert Burford, attached hereto as **Exhibit J**.

**Basis for Relief Requested**

17. Pursuant to Bankruptcy Rule 2004, "on the motion of any party in interest, the court may order the examination of any entity" relating to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."[12]

18. Pursuant to Bankruptcy Rule 2004, the Court may also compel the production of documents.[13] The scope of Bankruptcy Rule 2004 is broad and is intended to allow parties-in-interest to fully investigate any matter affecting the administration of the estate.[14]

19. The Debtors seek to conduct an examination of GVS regarding, among other things, its knowledge of the assets and liabilities of the Debtors, the financial condition of the Debtors, and any other matter which may affect the administration of the Debtors' estates. The Debtors propose to conduct the examination of GVS (the "Rule 2004 Examination") at a date and time to be decided, as set forth in the Proposed Order, at the offices of Sidley Austin, LLP, 2021 McKinney Avenue, Suite 2000, Dallas, TX 75021, or at such other location as may be agreed by GVS and the Debtors.

20. Pursuant to Bankruptcy Rule 2004, the Debtors additionally request the production of the documents set forth in the Notice of Rule 2004 Examination. The Debtors request that GVS be ordered to deliver copies of the documents in accordance with the instructions contained in the Notice of Rule 2004 Examination to the office of the Debtors' professionals, Sidley Austin, LLP, 2021 McKinney Avenue, Suite 2000, Dallas, TX 75021, to be received on or before seven (7) days

---

[12] Fed. R. Bankr. P. 2004(a)–(b).

[13] Fed. R. Bankr. P. 2004(c).

[14] *First Fin. Sav. Assoc'n, Inc. v. Kipp (In re Kipp)*, 86 B.R. 490, 491 (Bankr. W.D. Tex. 1988) (citing *In re GHR Energy Corp.*, 33 B.R. 451, 453 (Bankr. D. Mass. 1983)) ("[T]he scope of [a Rule 2004] examination is virtually unlimited.").

prior to the Rule 2004 Examination in order to allow the Debtors an opportunity to review the documents prior to the Rule 2004 Examination.

21. The Rule 2004 Examination and documents requests are necessary to ensure, among other things, that the Debtors are able to meaningfully and substantially investigate, *inter alia*, the post-petition transfers of property under section 549, and obtain the information necessary for the Debtors to accurately and completely amend their Schedules and SOFAs, consistent with the orders of this Court.

22. As required by Local Bankruptcy Rule 2004-1, counsel to the Debtors emailed counsel for GVS regarding a mutually agreeable date, place, and time for the examination and the production requested by this Motion. Counsel for GVS did not respond prior to the filing of this Motion.

23. WHEREFORE, the Debtors respectfully request that the Court (i) grant the relief requested in the Motion and (ii) grant such other and further relief to which it is justly entitled.

Dated: November 30, 2021
Dallas, Texas

**SIDLEY AUSTIN LLP**

 /s/ *Thomas R. Califano*
Thomas R. Califano (10369867)
Charles M. Persons (24060413)
Maegan Quejada (24105999)
Jeri Leigh Miller (24102176)
Juliana L. Hoffman (24106103)
2021 McKinney Ave
Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

*Counsel for the Debtors and Debtors in Possession*