SIDLEY AUSTIN LLP
Thomas R. Califano (10369867)
Charles M. Persons (24060413)
Jeri Leigh Miller (24102176)
Maegan Quejada (24105999)
Juliana L. Hoffman (24106103)
2021 McKinney Ave
Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| GVS TEXAS HOLDINGS I, LLC, *et al.* [1] | Case No. 21-31121-MVL |
| Debtors. | (Jointly Administered) |

**DECLARATION OF ROBERT D. ALBERGOTTI IN SUPPORT OF
THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) DESIGNATING THE
STALKING HORSE BIDDER; (II) APPROVING REVISED BIDDING PROCEDURES
IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
ASSETS; (III) APPROVING REVISED PROCEDURES FOR THE ASSUMPTION AND
ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND
<u>(IV) GRANTING RELATED RELIEF</u>**

I, Robert D. Albergotti, being duly sworn, state the following under penalty of perjury:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, as applicable, are: GVS Texas Holdings I, LLC (7458); GVS Texas Holdings II, LLC (1225); GVS Portfolio I, LLC (6441); GVS Portfolio I B, LLC (7171); GVS Portfolio I C, LLC (3093); WC Mississippi Storage Portfolio I, LLC (0423); GVS Nevada Holdings I, LLC (4849); GVS Ohio Holdings I, LLC (6449); GVS Missouri Holdings I, LLC (5452); GVS New York Holdings I, LLC (5858); GVS Indiana Holdings I, LLC (3929); GVS Tennessee Holdings I, LLC (5909); GVS Ohio Holdings II, LLC (2376); GVS Illinois Holdings I, LLC (9944); and GVS Colorado Holdings I, LLC (0408).  The location of the Debtors' service address is: 814 Lavaca Street, Austin, Texas 78701.

1. I am sole director of GVS Portfolio I C, LLC and its affiliated debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"). I have over forty years of experience in the development and implementation of complex restructuring solutions through internal reorganizations, asset dispositions, divisional shutdowns, and Chapter 11 restructurings.

2. I submit this declaration (this "Declaration") in support of the motion (the "Motion")[2] of the Debtors for entry of an order (i) authorizing the Debtors to enter into the Stalking Horse APA, amending the Original Bidding Procedures (the "Revised Bidding Procedures"); (iii) approving revised procedures for the assumption and assignment of executory contracts; and (iv) granting related relief, as well as the Debtors' omnibus reply ("Reply") in support thereof.

3. The facts set forth herein are based upon my personal knowledge and the personal knowledge of the Debtors' advisors.

4. Over the last seven months I have consulted extensively with Houlihan Lokey Capital, Inc. ("Houlihan Lokey") and Sidley Austin LLP ("Sidley") regarding the sale structure and process to maximize the recovery for all stakeholders. Based on these discussions and my experience in similar matters, I have concluded that the Stalking Horse proposal, including the requested Bid Protections, is reasonably calculated to maximize recoveries and provide certainty of closing for the reasons set forth herein.

5. First, the proposed Purchase Price provides a floor which would not be available in a "naked" auction. Through the Stalking Horse proposal, the Debtors can ensure that the recoveries from the sale provide for payment in full of all creditor claims while providing a surplus

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

for equity interests.

6. Second, the Stalking Horse Asset Purchase Agreement has minimal conditions to closing, thus providing a high level of certainty that a transaction can be successfully concluded. This is of particular importance because of the difficulties that have been faced in providing diligence to prospective buyers.

7. Third, the proposed Bid Protections are reasonable in my experience. Houlihan was able to negotiate a reduction of the Break-Up Fee, which at one and one half percent is at the lower range of precedent. While other potential bidders expressed interest in acting as stalking horse, it did not appear that any other potential bidder could be ready to enter into a binding asset purchase agreement in the time frame available to bidders based on the original Bidding Procedures.

8. For all the foregoing reasons, I believe that entry into the Stalking Horse Asset Purchase Agreement together with the Bid Protections set forth in the Revised Bidding Procedures is a proper exercise of the Debtors' business judgment.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: January 30, 2022

*/s/ Robert D. Albergotti*
Robert D. Albergotti
Director
**GVS Portfolio I C, LLC,** *et al.*