## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>GVS TEXAS HOLDINGS I, LLC, *et al.*<br><br>Debtors. | Chapter 11<br>**Case No. 21-31121-MVL**<br>(Jointly Administered)<br><br>Date:    March 16, 2022<br>Time:   9:30 A.M.<br>Location: Ctrm #2, Earl Cabell Fed Bldg |

### MELVIN VAN BROOKSHIRE'S OBJECTION TO CONFIRMATION OF FOURTH AMENDED PLAN OF REORGANIZATION, OR IN THE ALTERNATIVE TO CLARIFY THE PLAN TO EXPRESSLY INCLUDE THE PROPER POST-PETITION INTEREST ON MR. BROOKSHIRE'S CLAIM

TO THE HONORABLE JUDGE MICHELLE V. LARSON:

MELVIN VAN BROOKSHIRE ("Mr. Brookshire"), Creditor herein, hereby objects to the Debtors' Fourth Amended Plan of Reorganization (Docket Item # 618) ("Plan") and would respectfully show as follows:

1. Mr. Brookshire is entitled to receive post-petition interest compounded at the rate of 1.5 % per month on his claim.

2. Mr. Brookshire's claim is based upon services and materials for improvements (including "repair") made by a contractor.  (See, Brookshire Proof of Claim Number 61 at Page 6.)

3. Texas Property Code Section 28.004 entitled "Interest on Overdue Payment," as part of Chapter 28 "Prompt Payment to Contractors and Subcontractors," provides as follows:

> (a) An unpaid amount required under this chapter begins to accrue interest on the day after the date on which the payment becomes due.
> (b) An unpaid amount bears interest at the rate of 1-1/2 percent each month.
> (c) Interest on an unpaid amount stops accruing under this section on the earlier of:
>   (1) the date of delivery;
>   (2) the date of mailing, if payment is mailed and delivery occurs within three days;  or
>   (3) the date a judgment is entered in an action brought under this chapter.

(Tex.Prop.Code § 28.004 (emphasis added).)

4. Mr. Brookshire's Proof of Claim expressly stated a claim for post-petition interest at the rate of 1.5% per month compounded -- on both the secured part (excluding the attorneys' fees portion) and the unsecured part. (See, Brookshire Proof of Claim Number 61 at Page 6.)

5. Therefore, Mr. Brookshire's allowed claim is entitled to post-petition interest at the rate of 1.5 percent per month, compounded monthly.

6. Mr. Brookshire's total allowed claim on the date of the petition, June 17, 2021, was $487,977.32. (See, Order on Claim Objection, Docket Item 735.) Of this total amount, the secured portion at the time of the petition (Class 1 Claim) was $232,487.75 and the unsecured portion (Class 5 Claim) was $255,489.57.

7. At the time of the filing of the bankruptcy case, the pre-petition interest on the $307,600.84 unpaid invoice principal amount was $166,075.11. As of March 7, 2022, the total interest on the claim is now $231,654.99. The post-petition interest on the total claim (except that interest is not computed on the attorneys' fees portion) is $65,579.88. This post-petition interest is allocable as follows: $30,207.65 to the secured claims (Class 1) and $35,372.23 to the unsecured claim (Class 5).

8. Here is a chart with the amounts of Mr. Brookshire's claim, allocated to Class 1 and Class 5, at the time of the filing, June 17, 2021, and on March 7, 2022 (with post-petition interest):

|  | June 17, 2021 | March 7, 2022 with post-petition interest |
| --- | --- | --- |
| Total Claim | $487,977.32 | $553,557.20 |
| Secured Claim (Class 1) | $232,487.75 | $262,695.40 |
| Unsecured Claim (Class 5) | $255,489.57 | $290,861.80 |

9. <u>The Plan does not provide for the appropriate treatment of the secured claim of Mr. Brookshire in Class 1.</u>

10. The Plan provides treatment of Mr. Brookshire's Class 1 claim as follows: "Each Holder of an Allowed Other Secured Claim shall receive at the option of the Debtors: (i) <u>payment in

<u>full in Cash</u>; (ii) the return of the applicable collateral in satisfaction of the Allowed amount of such Other Secured Claim; or (iii) such other treatment <u>sufficient to render</u> such Allowed Other Secured Claim as Unimpaired." (Plan at Article III.B.1, Page 18)(Emphasis added).)

11. This proposed treatment does not appear to provide for the payment of any interest on the secured claim, as the claim will be paid in full in cash – without any post-petition interest on the claim.

12. If the Plan is paying Mr. Brookshire the amount of $232,487.75 cash for his Class 1 Claim, then his claim is being improperly underpaid. If the payment were made as of March 7, 2022, the Plan would need to pay Mr. Brookshire the amount of $262,695.40 in cash on his Class 1 Claim, with this amount adjusted daily to adjust to the date of the actual payment on his claim.

13. <u>The Plan does not provide for the appropriate treatment of the unsecured claim of Mr. Brookshire in Class 5.</u>

14. The Plan provides treatment of Mr. Brookshire's Class 5 claim as follows: "On the Effective Date, or as soon as reasonably practicable thereafter the Allowed amount of the PropCo Debtor General Unsecured Claims, along with postpetition interest <u>at the Federal Judgment Rate or contract rate</u>, as applicable, shall be paid in Cash from the available Net Sale Proceeds." (Plan at Article III.B.5, Page 19)(Emphasis added).)

15. The Debtors are proposing to pay post-petition interest on the unsecured claims, but the rate is much lower than is required on Mr. Brookshire's claim. The Federal Judgment Rate on June 17, 2021 was .08 percent per annum. This is extremely low interest, especially compared to the 18.0 percent per annum that Mr. Brookshire is entitled to receive under Texas Property Code Section 28.004. In fact, 18 percent is 225 times higher than the .08 percent proposed by the Plan.

16. If the Plan is paying Mr. Brookshire the amount of $255,489.57 for his Class 5 Claim, then his claim is being improperly underpaid. If the payment were made as of March 7,

2022, the Plan would need to pay Mr. Brookshire the amount of $290,861.80 on his Class 5 Claim, with this amount adjusted daily to adjust to the date of the actual payment on his claim.

For the foregoing reasons, Mr. Brookshire respectfully requests that the Bankruptcy Court deny confirmation of the Fourth Amended Plan of Reorganization; or in the alternative to expressly state that Mr. Brookshire's Class 1 Claim will receive post-petition interest at the rate of 1.5 percent per month, compounded monthly, and that Mr. Brookshire's Class 5 Claim will receive post-petition interest at the rate of 1.5 percent per month, compounded monthly.

Dated: March 7, 2022   */s/ Richard D. Brady*
Richard D. Brady, Texas Bar No. 24035177
The Brady Firm, P.C.
P. O. Box 5050
Liberty, TX 77575
Telephone: (936) 336-7171
Facsimile: (936) 336-7151
Email: Richard@thebradyfirm.com
Attorney for Creditor
**MELVIN VAN BROOKSHIRE**

## **CERTIFICATE OF SERVICE**

I am informed and believe that by the filing of this document with the clerk of the court, a copy of the foregoing document shall be delivered electronically on **March 7, 2022** to all entities receiving notice electronically from the court in this case, including the following:

| | |
|---|---|
| DEBTORS' ATTORNEYS: | Thomas R. Califano<br>SIDLEY AUSTIN LLP<br>2021 McKinney Ave, Suite 2000<br>Dallas, Texas 75201 |
| | Maegan Quejada<br>SIDLEY AUSTIN LLP<br>1000 Louisiana Street, Suite 5900<br>Houston, TX 77002 |
| U.S. TRUSTEE: | Asher Bublick<br>Office of the U.S. Trustee<br>Earle Cabell Federal Building<br>1100 Commerce Street, Room 976<br>Dallas, Texas 75242 |

*/s/ Richard D. Brady*
Richard D. Brady