**SQUIRE PATTON BOGGS (US) LLP**

| | |
|---|---|
| Travis A. McRoberts (Bar No. 24088040) | Sarah K. Rathke (admitted *pro hac vice*) |
| 2000 McKinney Ave., Suite 1700 | Peter R. Morrison (admitted *pro hac vice*) |
| Dallas, TX 75201 | 4900 Key Tower |
| Telephone: (214) 758-1589 | 127 Public Square |
| Facsimile: (214) 758-1550 | Cleveland, Ohio 44114 |
| Email: travis.mcroberts@squirepb.com | Telephone: (216) 479-8500 |
| | Facsimile: (216) 479-8780 |
| Stephen D. Lerner (admitted *pro hac vice*) | Email: sarah.rathke@squirepb.com |
| 201 E. Fourth St., Suite 1900 | Email: peter.morrison@squirepb.com |
| Cincinnati, OH 45202 | |
| Telephone: (513) 361-1200 | |
| Facsimile: (513) 361-1201 | |
| Email: stephen.lerner@squirepb.com | |

*Counsel for World Class Holdings I, LLC*

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| GVS TEXAS HOLDINGS I, LLC, et al.[1] | Case No. 21-31121-MVL |
| Debtors. | (Jointly Administered) |

**WORLD CLASS HOLDINGS I, LLC'S LIMITED OBJECTION TO
CONFIRMATION OF THE FOURTH AMENDED JOINT CHAPTER 11
PLAN OF GVS TEXAS HOLDINGS I, LLC AND ITS DEBTOR AFFILIATES
AND RESERVATION OF RIGHTS**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: GVS Texas Holdings I, LLC (7458); GVS Texas Holdings II, LLC (1225); GVS Portfolio I, LLC (6441); GVS Portfolio I B, LLC (7171); GVS Portfolio I C, LLC (3093); WC Mississippi Storage Portfolio I, LLC (0423); GVS Nevada Holdings I, LLC (4849); GVS Ohio Holdings I, LLC (6449); GVS Missouri Holdings I, LLC (5452); GVS New York Holdings I, LLC (5858); GVS Indiana Holdings I, LLC (3929); GVS Tennessee Holdings I, LLC (5909); GVS Ohio Holdings II, LLC (2376); GVS Illinois Holdings I, LLC (9944); and GVS Colorado Holdings I, LLC (0408). The location of the Debtors' service address is: 814 Lavaca Street, Austin, Texas 78701.

World Class Holdings I, LLC ("WCH"), by and through its undersigned counsel, hereby submits this limited objection (the "Objection") to the confirmation of the *Fourth Amended Joint Chapter 11 Plan of GVS Texas Holdings I, LLC and its Debtor Affiliates* (as may be further amended, the "Plan") [Docket No. 618].[2] In support of this Objection, WCH respectfully states as follows:

## BACKGROUND

1. As an initial matter, WCH is open to consensually resolving this Objection with the Debtors and other parties in interest and is hopeful that the parties will reach a resolution. In the meantime, WCH is filing this limited Objection to ensure that its rights are fully recognized and protected.

2. On June 17, 2021 (the "Subsidiaries Petition Date"), the Debtors other than GVS Portfolio I C, LLC filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On June 23, 2021 (the "Parent Petition Date," and, together with the Subsidiaries Petition Date, the "Petition Date"), GVS Portfolio I C, LLC, the sole member of the Junior Mezz Debtor, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On October 4, 2021, the Debtors filed their original *Joint Chapter 11 Plan of Reorganization for GVS Texas Holdings I, LLC and its Debtor Affiliates* [Docket No. 207] and the original *Disclosure Statement for the Joint Plan of Reorganization for GVS Texas Holdings I, LLC and its Debtor Affiliates* [Docket No. 208].

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

2

4.      On November 5, 2021, the Court entered the *Governance Order* [Docket No. 319] (the "Governance Order"), which modified the Debtors' management and governance by, among other things, appointing Robert D. Albergotti as the sole director of the Debtors and causing the immediate resignation of Mr. Paul as an officer and director of each of the Debtors. Mr. Paul is the ultimate equity holder of WCH and each of the Debtors.

5.      On February 1, 2022, the Debtors filed the *Fourth Amended Joint Chapter 11 Plan of GVS Texas Holdings I, LLC and its Debtor Affiliates* [Docket No 618] and the *Fourth Amended Disclosure Statement for the Joint Plan of Reorganization for GVS Texas Holdings I, LLC and its Debtor Affiliates* [Docket No. 619]. The Court approved the *Fourth Amended Disclosure Statement* at the hearing on February 1, 2022.

6.      On February 25, 2022, the Court entered the orders approving the Proposed Lender Resolutions [Docket Nos. 736, 737 and 738], which orders are now on appeal pursuant to notices of appeal filed concurrently herewith by WCH.

7.      On February 28, 2022, pursuant to the Revised Bid Procedures, the Debtors commenced and completed the Auction of substantially all of their assets to the Stalking Horse Bidder. As of the date hereof, the Debtors have yet to file a notice of successful bidder or the expected amendment to the Asset Purchase Agreement reflecting additional terms agreed to at the auction. In fact, upon information and belief, the Asset Purchase Agreement amendment is still not finalized.

8.      As a result of the auction on February 28, 2022, the Debtors' solvency is no longer in dispute. The value of Debtors' assets far exceeds their outstanding obligations, and a substantial return to equity is assured. The sale proceeds are well in excess of the amounts necessary to pay all creditors—even those with contingent/disputed claims.

9. The Plan, as proposed, seeks to implement the Sale and effectuate the liquidation of the Debtors—a liquidation to which WCH objects. The Sale is to close subsequent to confirmation of the Plan, and the proceeds of the Sale are to be distributed to creditors consistent with the Proposed Lender Resolutions. After payment of claims, the remaining assets, including remaining sale proceeds, per the Plan, will be paid to WCH in respect of its equity interests. Such a proposed liquidation will carry significant tax ramifications for WCH, and to mitigate such ramifications, the Debtors will need to remain in existence for tax planning and other related considerations.

10. Post-Sale, the Plan provides that the Liquidating Debtors will act as Disbursing Agent, liquidate the Debtor entities and conduct claims reconciliation. The Plan does not, however, specify who will control the Liquidating Debtors—presumably it is intended that Mr. Abergotti is to remain the Debtors' sole director. Given the substantial value of, and recovery that will be paid in respect of WCH's equity interests, WCH objects to the Plan to the extent that it does not provide for the reinstatement of Mr. Paul as the sole Director on the Effective Date of the Plan and, thus, allow him to direct the post-confirmation Debtors, including whether or not to pursue liquidation. This would permit Mr. Paul to follow through on any necessary claims resolution issues, but most importantly, it would permit him to have appropriate control over the equity interests held by WCH and the post-Effective Date decisions regarding the Debtors. As this Court is aware, the Debtors are pass through tax entities to WCH, and as such, the full "stack" needs to be coordinated in the post-sale treatment of their affairs. Indeed, as noted above, unnecessary liquidation of the Debtors will have significant negative tax implications for WCH and Mr. Paul and, thus, the decisions regarding whether and when to liquidate the Debtor entities

post-Effective Date must be vested with Mr. Paul, who is the only party with an economic stake in such decisions.

## LIMITED OBJECTION

11. Section 1129(a)(5) of the Bankruptcy Code mandates that a debtor's post-confirmation management be "consistent with the interests of creditors and equity security holders and public policy." 11 U.S.C. § 1129(a)(5)(A)(ii). As currently drafted, the Plan does not comply with section 1129(a)(5) because failing to reinstate Mr. Paul, the only remaining person with a vested interest in resolving the non-lender outstanding claims and efficiently wind-downing the Debtors, as the sole director and manager is not in the best interest of creditors and equity security holders.

12. There is little precedent analyzing section 1129(a)(5) and while the section seems generally reserved for issues related to the integrity of management, where, as here, equity surrendered its right to manage the Debtors in order to facilitate these proceedings, but remains both an owner and holder of "in the money" equity, it stands to reason that fairness and public policy would support reinstatement of management post-confirmation. Indeed, Collier's notes that "[t]he protection provided by [1129(a)(5)(A)(ii)] is less for existing creditors through ensuring performance of the plan, and more for taking into account the interests of <u>future</u> creditors and interested parties from future abuse of the reorganized debtor." 7 Collier on Bankruptcy P 1129.02 (16th ed. 2021)(emphasis added). To be clear, there will not be any future abuse; however, post-confirmation Mr. Albergotti will no longer be best suited to manage the Debtors after consummation of the Plan. Therefore, principles of fairness, equity, and public policy support permitting Mr. Paul to direct the Reorganized Debtors in the future.

13. Granting WCH and Mr. Paul this reasonable and appropriate relief will not adversely impact other parties in interest—sale proceeds would be distributed to the Senior Lender, the Senior Mezz Lender and the Junior Mezz Lender in full satisfaction of their Allowed Claims, before Mr. Paul regained control. Conversely, denying Mr. Paul the ability to control the Debtors post-confirmation will result in substantial prejudice—prejudice that can be avoided while also protecting the interests of all other stakeholders in these proceedings. Mr. Paul looks forward to working with the Debtors' current professionals and Mr. Albergotti to effect a smooth transition of leadership and would be amenable to a transition plan that provides adequate comfort to stakeholders, the Court, and the United States Trustee.

14. In light of these circumstances and the certainty surrounding the satisfaction of all Allowed Claims, WCH objects to confirmation of the Plan unless Mr. Paul is reinstated as the sole director and officer of each of the Debtors on the Effective Date of the Plan. Additionally, rather than distributing any estate assets directly to WCH and liquidating the Debtors, Mr. Paul should, under his control, have the authority and discretion to allow the Debtors to retain WCH's share of the proceeds and manage the Debtors as reorganized entities, including determining whether and when to pursue a liquidation.

## **CONCLUSION**

As drafted, the Plan is not confirmable because it does not comply with section 1129(a)(5)(ii) of the Bankruptcy Code and confirmation should be denied unless: Mr. Paul is reinstated as of the Effective Date of the Plan; the Debtors, under Mr. Paul's control, have the discretion to retain remaining sale proceeds and other assets that would otherwise be distributed to WCH in respect of its equity interests; and Mr. Paul is permitted to operate and control the Reorganized Debtors.

## **RESERVATION OF RIGHTS**

WCH reserves all of its rights to supplement, modify or amend this objection, including orally at any hearing to consider confirmation of the Plan, and nothing contained herein shall be construed as a waiver of any of WCH's rights with respect to the Plan.

**WHEREFORE,** WCH respectfully requests that the Court sustain this objection, deny confirmation of the Plan unless revised as described here, and grant such other and further relief as the Court may deem just and proper.

Dated: March 8, 2022

*/s/ Peter R. Morrison*
Travis A. McRoberts (Bar No. 24088040)
**SQUIRE PATTON BOGGS (US) LLP**
2000 McKinney Ave., Suite 1700
Dallas, TX 75201
Telephone: (214) 758-1589
Facsimile: (214) 758-1550
Email: travis.mcroberts@squirepb.com

Stephen D. Lerner (admitted *pro hac vice*)
201 E. Fourth St., Suite 1900
Cincinnati, OH 45202
Telephone: (513) 361-1200
Facsimile: (513) 361-1201
Email: stephen.lerner@squirepb.com

Sarah K. Rathke (*pro hac vice*)
Peter R. Morrison (*pro hac vice*)
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
Telephone: (216) 479-8500
Facsimile: (216) 479-8780
Email: sarah.rathke@squirepb.com
Email: peter.morrison@squirepb.com

*Counsel for World Class Holdings I, LLC*

010-9341-6046

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of March, 2022, I caused a true and correct copy of the foregoing to be filed and served through ECF notification upon all parties who receive notice in this matter pursuant to the Court's CM/ECF filing system.

*/s/ Peter R. Morrison*
Peter R. Morrison
