Lynnette R. Warman
State Bar No. 2086940
CULHANE MEADOWS PLLC
13101 Preston Rd., Suite 110-1593
Dallas, Texas 75240
Telephone: (214) 693-6525
Email: LWarman@CM.law

*COUNSEL FOR SETH KRETZER,*
*RECEIVER FOR GREAT VALUE STORAGE LLC*
*AND WORLD CLASS CAPITAL GROUP LLC*

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| GVS TEXAS HOLDINGS I, LLC, *et al.* [1] | § | Case No. 21-31121-MVL |
| | § | |
| Debtors | § | **(Jointly Administered)** |
| | § | |

### SETH KRETZER'S, AS RECEIVER FOR GREAT VALUE STORAGE, LLC AND WORLD CLASS CAPITAL GROUP LLC, LIMITED OBJECTION TO FOURTH AMENDED JOINT PLAN OF GVS TEXAS HOLDINGS I, LLC AND ITS DEBTOR AFFILIATES

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW SETH KRETZER, RECEIVER FOR GREAT VALUE STORAGE, LLC AND WORLD CLASS CAPITAL GROUP LLC, an interested party and creditor, and files Seth Kretzer's, as Receiver ("Receiver") for Great Value Storage, LLC and World Class Capital Group LLC, Limited Objection to Fourth Amended Joint Plan of GVS Texas Holdings I, LLC and its Debtor Affiliates (the "Plan") filed in these bankruptcy cases ("Bankruptcy Cases"). [Doc. 618] The Receiver objects to the Plan for the reasons set forth below:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: GVS Texas Holdings I, LLC (7458); GVS Texas Holdings II, LLC (1225); GVS Portfolio I, LLC (6441); GVS Portfolio I B, LLC (7171); GVS Portfolio I C, LLC (3093); WC Mississippi Storage Portfolio I, LLC (0423); GVS Nevada Holdings I, LLC (4849); GVS Ohio Holdings I, LLC (6449); GVS Missouri Holdings I, LLC (5452); GVS New York Holdings I, LLC (5858); GVS Indiana Holdings I, LLC (3929); GVS Tennessee Holdings I, LLC (5909); GVS Ohio Holdings II, LLC (2376); GVS Illinois Holdings I, LLC (9944); and GVS Colorado Holdings I, LLC (0408). The location of the Debtors' service address is: 814 Lavaca Street, Austin, Texas 78701.

LIMITED OBJECTION TO FOURTH AMENDED JOINT PLAN OF GVS TEXAS HOLDINGS I, LLC AND DEBTOR AFFILIATES

1

### I.  BACKGROUND FACTS

1. Natin Paul ("Paul"), the founder and ultimate owner of the Debtors, is also the founder and ultimate owner of World Class Capital Group LLC ("WCCG") and its alleged wholly owned subsidiary Great Value Storage LLC ("GVS," and together with WCCG referred to as the "Companies"). GVS is the entity that manages the storage facilities owned by the Debtors pursuant to separate Property Management Contracts ("Management Contracts").

2. In 2012, the Companies executed a Note Purchase Agreement (the "NPA") with Capital Point Partners II L.P. ("Capital Point"), the predecessor-in-interest of Princeton Capital Corporation ("Princeton"). Between 2012 and 2014, the Companies sold approximately $5.6 million in notes (the "Notes") to Capital Point, which ultimately sold them to Princeton. The NPA contains a list of twenty-three (23) storage facility properties which the Companies represented they owned and/or managed when the NPA was signed. The NPA contemplated the Companies' retention of the properties, the acquisition of additional properties and the continued management of such properties during the term of the Notes.

3. The Companies ultimately defaulted on the Notes. On March 14, 2019, Princeton filed a lawsuit styled *Princeton Capital Corp. v. Great Value Storage LLC, World Class Capital Group LLC, and Natin Paul,* Cause No. 2019-18855, in the 165th Judicial District of Harris Co. Texas (the "Princeton District Court Proceeding"), alleging breach of contract, unjust enrichment, money had and received, and various other counts against WCCG, GVS, and Paul, including fraudulent transfer, alter ego and related claims.

4. On January 22, 2021, the District Court granted summary judgment against the Companies for breach of the NPA, finding them both liable for the amounts owed to Princeton, as well as fees, costs, and post-judgment interest. A final judgment was entered on March 4, 2021. On June 30, 2021, Princeton filed a Motion for Post-Judgment Receivership in the Princeton

District Court Proceeding.

5. The receivership motion was granted, and the Order Appointing Receiver and Compelling Discovery ("Receivership Order") was entered in the Princeton District Court Proceeding on September 8, 2021. Seth Kretzer was appointed as Receiver on September 21, 2021, with broad authority to take possession of and sell all leviable assets of the Companies.

6. Over the next six months, the Companies requested and obtained numerous stays of the Receiver Order. In addition to such motions seeking a stay or other relief from the Receivership Order, the Companies and their affiliates are parties to numerous other bankruptcy and litigation cases. The Receiver has appeared in many of those cases as well.

## II. Post-Petition Payments to Insiders

### Post-petition Management Fees

7. After the Bankruptcy Cases were filed, the Companies, through the actions of Paul, continued to dissipate assets, make transfers in violation of the Receivership Order and failed to remit funds and assets to the Receiver. For example, Paul failed to turn over the October management fees to the Receiver and admitted that he deliberately diverted the November 2021 property management fee paid by the Debtors to World Class Holdings, LLC, rather than GVS. [Doc 695] World Class Holdings, LLC ("WCH") is directly owned by Paul, and is the owner of World Class Holdings I, LLC.

8. Pursuant to statements made by his counsel before the Court of Appeals, it appears that Paul further directed the Debtors not to pay post-petition management fees due starting in December 2022, until he gives them further notice, thereby once again diverting funds that should be paid to the Receiver on behalf of GVS.[2] When asked about the payment of management fees,

---

[2] The monthly management fee payment ranges from about $96,000 to $104,000 based upon records reviewed by the Receiver. Using the lower range as an estimate, the Debtors, due to Paul's interference, have failed to pay the

Debtors' counsel advised the Receiver that they were "waiting for invoices" from GVS.

9. Due to Paul's continuous refusal to provide information, the monthly operating reports have consistently been filed late in these cases, often with incomplete information. Several, if not all of them were subsequently amended. The Receiver has reviewed the various monthly operating reports and attached bank statements when available to him, as well as pleadings filed in the cases by other parties. That review revealed that Paul has continued to pay himself, non-debtor affiliates and others from the assets of the Debtors since these cases were filed. The following are a few examples of such post-petition insider payments, which conservatively total more than $1,250,000:

(a) **Over $1 million** has been funneled to or on behalf of insiders, including but not limited to Cupertino Builders, LLC; World Class Holdings I, LLC, Hernandez Remodeling, Kadari, Inc., Waste Managers, LLC and others. These transfers are set out in more detail in Debtors' Expedited Motion for Rule 2004 Examination of Cupertino Builders, LLC, World Class Holdings I, LLC, Hernandez Remodeling, Kadari, Inc. and others filed March 3, 2022. [Doc. 752]

(b) Transfers of about **$251,000** appear to have been made for payroll for companies other than the Debtors. [Doc. 752]

(c) Transfers in unknown amount to Paul for which no explanation has been provided. [See the various monthly operating reports.]

---

Receiver at least $576,000 since the Receiver was appointed. Paul has received or diverted at least $192,000 of the $576,000 and has taken steps to ensure the Receiver is paid nothing.

### III.     Improper transfers in other bankruptcy cases

10.     Paul has filed many bankruptcy cases in other jurisdictions over the past few years. The Receiver has participated in several of them, including a case filed by WC Culebra Crossing SA, LP, Case No. 21-10360, pending before Judge Davis in the Western District of Texas, Austin Division. At a hearing Monday in that case it came to light that during the three months the Court left the stay in place for the express purpose of allowing the Debtor time to explore the possibility of obtaining new financing, Paul drained at least $250,000 from that estate. That revelation came when the parties reviewed late filed monthly operating reports which were filed right before the hearing.

11.     On Tuesday Judge Davis issued a show cause order in which he stated as follows:

"On March 7, 2022, the Court held a hearing in an affiliate case, WC Culebra SA, LP, Case No. 21-10360, on a motion seeking conversion filed by the U.S. Trustee because WC Culebra had not filed monthly operating reports or paid U.S. Trustee fees in several months. Right before the hearing, the WC Culebra filed the untimely monthly operating reports, which strongly suggested that WC Culebra made several transfers of cash with neither lender consent nor Court approval.

The U.S. Trustee also filed a motion to convert in this case because the Debtor has not filed monthly operating reports or paid U.S. Trustee fees for several months. The Court finds that the Debtor should appear and show cause why a chapter 11 trustee should not be appointed in this case to ensure that no unauthorized transfers are made by the Debtor, and to ensure that monthly operating reports are timely filed. Due to the expense this would entail, the Court invites participation and comment by the Debtor's owners, affiliates, lenders, and the U.S. Trustee's office.

ACCORDINGLY, IT IS ORDERED that the Debtor appear at a hearing on March 23, 2022 at 1:30 p.m. and show cause why a chapter 11 trustee should not be appointed."

The order was filed in the following cases:

1. WC 3rd and Trinity, LP (Case No. 21-10252-tmd) (Bankr. W.D. Tex);
2. Arboretum Crossing, LLC (Case No. 21-10546-tmd) (Bankr. W.D. Tex);
3. WC 717 N. Harwood Property, LLC (Case No. 21-10630-tmd) (Bankr. W.D. Tex);
4. WC Met Center, LLC, (Case No. 21-10698-tmd) (Bankr. W.D. Tex);
5. 6th and San Jacinto, LLC (Case No. 21-10942) (Bankr. W.D. Tex); and
6. WC 511 Barton Blvd, LLC (Case No. 21-10943) (Bankr. W.D. Tex).

12. Paul clearly has a track record of filing chapter 11 cases, failing to follow the applicable rules and failing to preserve assets of the estate.

### IV. Objections to Plan

13. The Receiver objects to various provisions of the Plan, as follows:

(a) The Receiver objects to the proposal that the Debtors control the administration of the cases, as well as the claim objection process and distribution to creditors. *See,* Plan, Sec. IV.C. and Sec. VII. Based upon the Debtors' principal's record in this case and other bankruptcy cases, as outlined above, the Receiver believes the Plan should be clarified to make clear that the selection of the Disbursing Agent[3] and the administration of the cases, including claims administration and distribution should be done by someone other than a person or company controlled by Natin Paul.

(b) The Receiver objects to the Debtors controlling the Disputed Reserve Account for the reasons set forth above. *See* Plan, Sec. IV. D.

(c) The Receiver objects to the distribution of any funds pursuant to the Plan to the Interest Holders of the Debtors until all claims and causes of action asserted against the Debtors and/or the Interest Holders are determined by final orders in this Court or other courts with appropriate jurisdiction. In the alternative, the Receiver requests that the Plan be amended to provide that any distribution to be made to the Interest Holders of the Debtors be paid into the Registry of the court in the matter *Princeton Capital Corp. v. Great Value Storage LLC, World Class Capital Group*

---

[3] The term "Disbursing Agent" is defined in paragraph 43 of Section 1 and means "the Liquidating Debtors or such other Entity designated by the Liquidating Debtors to hold and disburse the Plan Distributions to Holders of Allowed Claims, Allowed Interests, or other eligible Entities pursuant to the terms of this Plan." The term "Liquidating Debtors" is defined in paragraph 83 of Section 1 of the Plan. It "means, any Debtor or any successor or assign thereto, by merger, consolidation, or otherwise, on or after the Effective Date."

*LLC, and Natin Paul,* Cause No. 2019-18855, pending in the 165th Judicial District of Harris Co. Texas.

14. **Reservation of Rights.** The Receiver further reserves all rights, claims, defenses, and remedies, including without limitation, the right to amend, modify or supplement this objection and to raise additional arguments at any hearings on confirmation of the Plan.

WHEREFORE, PREMISES CONSIDERED, the Receiver respectfully requests this Court condition approval of the Plan on the incorporation of the terms set for the herein and granting such further relief as the Court deems just and proper.

Dated: March 9, 2022

Respectfully submitted,

CULHANE MEADOWS PLLC

By: */s/ Lynnette R. Warman*
Lynnette R. Warman
State Bar No. 20867940
13101 Preston Rd., Suite 110-1593
Dallas, Texas 75240
Telephone: (214) 693-6525
Email: LWarman@CM.law

*COUNSEL FOR SETH KRETZER,
RECEIVER FOR GREAT VALUE STORAGE LLC AND
WORLD CLASS CAPITAL GROUP LLC*

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing pleading was served electronically through the Court's ECF system on March 9, 2022, on all parties registered for electronic service.

*/s/ Lynnette R. Warman*
Lynnette R. Warman