Lynnette R. Warman
State Bar No. 2086940
CULHANE MEADOWS PLLC
13101 Preston Rd., Suite 110-1593
Dallas, Texas 75240
Telephone: (214) 693-6525
Email: LWarman@CM.law

*COUNSEL FOR SETH KRETZER,*
*RECEIVER FOR GREAT VALUE STORAGE LLC*
*AND WORLD CLASS CAPITAL GROUP LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>GVS TEXAS HOLDINGS I, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 21-31121-MVL<br><br>**(Jointly Administered)**<br>**Rel. Dkt. No. 749** |

**DECLARATION OF JAMES W. VOLBERDING IN SUPPORT OF SETH KRETZER'S, AS RECEIVER FOR GREAT VALUE STORAGE, LLC AND WORLD CLASS CAPITAL GROUP LLC, MOTION FOR LEAVE TO FILE UNTIMELY CLAIM**

I, James W. Volberding, being duly sworn, state the following under penalty of perjury:

1. I am a partner at the firm of Kretzer and Volberding, P.C. and am an attorney for Mr. Seth Kretzer, the court appointed receiver (the "Receiver") for *Great Value Storage, LLC* and *World Class Capital Group, LLC*.

2. I submit this declaration ("Declaration") in support of Seth Kretzer's, as Receiver for Great Value Storage LLC and World Class Capital Group LLC, Motion for Leave to File

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: GVS Texas Holdings I, LLC (7458); GVS Texas Holdings II, LLC (1225); GVS Portfolio I, LLC (6441); GVS Portfolio I B, LLC (7171); GVS Portfolio I C, LLC (3093); WC Mississippi Storage Portfolio I, LLC (0423); GVS Nevada Holdings I, LLC (4849); GVS Ohio Holdings I, LLC (6449); GVS Missouri Holdings I, LLC (5452); GVS New York Holdings I, LLC (5858); GVS Indiana Holdings I, LLC (3929); GVS Tennessee Holdings I, LLC (5909); GVS Ohio Holdings II, LLC (2376); GVS Illinois Holdings I, LLC (9944); and GVS Colorado Holdings I, LLC (0408). The location of the Debtors' service address is: 814 Lavaca Street, Austin, Texas 78701.

Untimely Claim ("Motion for Leave").  The facts set forth herein are based upon my personal knowledge.

3. As of the date of filing this Declaration, no objections to the Motion for Leave have been filed.  The Debtors filed a response in which they indicated that they do not oppose the relief requested in the Motion for Leave.  [Doc. 823]

4. Seth Kretzer's, as Receiver for Great Value Storage LLC and World Class Capital Group LLC, Amended Witness and Exhibit List for the Hearing on its Motion for Leave ("Amended Witness and Exhibit List") [Doc. 817] is incorporated herein by this reference for all purposes.  Attached thereto are true and correct copies of the exhibits identified and discussed in this Declaration.[2]

5. Mr. Kretzer was appointed as Receiver by the Honorable Judge Ursula Hall of the 165th District Court on September 9, 2021. *See,* Exhibit 1.  Mr. Kretzer immediately retained our law firm, Kretzer & Volberding, P.C., and me to represent him as Receiver.  I have personal knowledge of all aspects of the receivership and the litigation and bankruptcy cases involving the collection of Nate Paul entities (collectively, "*Nate Paul Entities*").

6. The receivership resulted from an unpaid March 4, 2021 judgment rendered by the 165th District Court in favor of Princeton Capital against *Great Value Storage, LLC ("GVS")* and *World Class Capital Group, LLC ("WCCG")*.  *See,* Exhibit 2.

7. Exhibit 3 is a copy of the proof of claim for which Mr. Kretzer seeks leave to file.  There is good cause to approve the late filing of his proof of claim.  In addition, based upon the Debtors' updated sale and confirmation pleadings, these estates are solvent.  Accordingly, the Receiver should be allowed to file his claims and be afforded the treatment provided under 11 U.S.C § 726.

---

[2] All references to Exhibits herein shall be references to the similarly numbered exhibits in and attached to the Amended Witness and Exhibit List unless otherwise expressly designated herein.

8. GVS and WCCG (together the "Companies"), timely appealed the Receivership Order to the First Court of Appeals. The Court granted their motion for temporary order and stayed the receivership order October 6, 2021, and again on October 26, 2021. *See,* Exhibit 3A and Exhibit 4.

9. The Receivership Order remained stayed until November 18, 2021, when the Court of Appeals lifted the stay. *See,* Exhibit 5.

10. In response to a mandamus action by Nate Paul Entities, the Court of Appeals again stayed the receivership on December 7, 2021. *See,* Exhibit 6.

11. The Court of Appeals finally lifted the stay on December 23, 2021. *See,* Exhibit 7.

12. At all times since its entry, Mr. Paul has failed to comply with the discovery terms of the Receivership Order. It was therefore necessary for the Receiver to search for relevant information and documents through third parties. Pursuant to a request made pursuant to the Receivership Order, we obtained 16 months of bank records from Wells Fargo Bank for each Company. True and correct copies of those records appear in Exhibit 8.

13. The Wells Fargo Bank records revealed that Mr. Paul had transferred millions of dollars between GVS, WCCG and hundreds of other entities, including the Debtors. In fact, just during this 16-month window, Mr. Paul transferred $87 million into and out of the WCCG account and $7.4 million into and out of the GVS account (together the "Cash Transfers"). I prepared summaries of the Bank Statements to illustrate the Cash Transfers. *See,* Exhibits 9 and 10.

14. During recent post-judgment proceedings, the Companies, through Mr. Paul and Ms. Barbara Lee, have testified that the Companies are now insolvent entities. In addition, Mr. Paul has testified that he orchestrated a series of Real Estate Transfers of each Companies' properties to the Debtors and other entities owned by Mr. Paul. The Real Estate Transfers took place at various times between 2016 and 2021. The Companies received no known consideration

for either the Cash Transfers or the Real Estate Transfers (together the "Transfers"). *See*, Exhibits 11 and 12.

15. The Receiver recently obtained a copy of a Texas Franchise Extension Request filed by Paul as "Managing Member" of WCCG on or about June 17, 2021 ("Extension Request"), in which he requested an extension of time to file 2021 franchise tax reports on behalf of WCCG and its affiliates. *See*, Exhibit 13. Notably, despite his testimony that WCCG currently has no affiliates or interests in any other companies, attached to the Extension Request is a list of affiliates which include GVS and at least ten (10) of the Debtors. This Extension Request expressly contradicts Paul's testimony that WCCG currently owns no interests in other affiliates or subsidiaries.

16. In addition to the serial, and often parallel requests to stay the Receivership Order, Mr. Paul has challenged the Receivership Order and the Receiver's authority to take action pursuant to the order at every level, including filing an appeal, a petition for mandamus, and filing motions, objections, and responses in every state and federal court in which Receiver has appeared. Through two other related entities, Mr. Paul and his lawyers sued Mr. Kretzer and my law firm in yet another attempt to stop the Receiver from taking actions permitted by the Receiver Order. *See,* Exhibit 15.

17. After the Bankruptcy Cases were filed, the Companies, through the actions of Paul, continued to dissipate assets, make transfers in violation of the Receivership Order and continued to refuse to remit funds and assets to the Receiver. For example, Paul failed to turn over the October property management fees to the Receiver and later admitted that he deliberately transferred the November 2021 property management fee paid by the Debtors to an entity other than GVS. *See*, Exhibits 14, 14A and 14B. Pursuant to statements made by his counsel in the

First Appeals Court, it appears that Paul also directed the Debtors not to make further payments of the post-petition management fees until he gives them further instruction.

18. On January 17, 2022, the 165th District Judge, Harris County found it necessary to issue *sua sponte* a temporary injunction against the Nate Paul Entities in light of the various attempts by Mr. Paul to stay or otherwise displace the Receivership Order, and other failures to comply with orders of that court. *See,* Exhibit 16.

19. On January 24, 2022, the same court issued an order to compel the Nate Paul Entities to produce relevant financial records. *See*, Exhibit 17. The Nate Paul Entities did not comply with that order.

20. On March 7, 2022, Judge Tony Davis, a U.S. Bankruptcy Judge in the Western District of Texas, Austin Division, learned that Mr. Paul had transferred $251,000 from the DIP account without Court or secured lender permission. The Court immediately converted that case to chapter 7 and ordered payment of the secured lender's legal fees. *See*, Exhibits 18 and 19. The next day the Court issued an order to show cause as to why chapter 11 trustees should not be appointed in the other pending Nate Paul Entity chapter 11 cases in that district. *See,* Exhibit 20.

21. For the reasons outlined herein, the Receiver was unable to file a proof of claim in the Bankruptcy Cases prior to the Bar Date of October 26, 2021, because the Receivership Order was stayed as of that date and as well as much of the time prior to and following that date. After the stay was lifted on December 23, 2021, the Companies, through Mr. Paul, continued to take actions to attack the Receivership Order, and took the position that the order had been rendered moot by certain actions taken by the Companies, and refused to produce the documents needed by the Receiver to assess potential claims against the Debtors. The Receiver has responded to each of Mr. Paul's attempts to derail the Receivership Order. In addition, the Receiver, through counsel, has appeared in numerous bankruptcy and other litigation proceedings, and has investigated

potential claims and causes of action against the Debtors as quickly as possible under the circumstances. Through those efforts the Receiver was able to garner sufficient information to draft his proof of claim and the Motion for Leave.

22. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 15, 2022

                                                        By: */s/ James W. Volberding*
James W. Volberding
Partner, Kretzer & Volberding, P.C.