JACKSON WALKER LLP
Michael S. Held (State Bar No. 09388150)
Jennifer F. Wertz (State Bar No. 24072822)
J. Machir Stull (State Bar No. 24070697)
Vienna F. Anaya (State Bar No. 24091225)
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

MORRISON & FOERSTER LLP
Theresa A. Foudy (admitted *pro hac vice*)
James M. Peck (admitted *pro hac vice*)
Mark A. Lightner (admitted *pro hac vice*)
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for RREF III Storage LLC, RREF III Storage IV LLC, and RREF III Storage V LLC*

*Counsel for RREF III Storage LLC, RREF III Storage IV LLC, and RREF III Storage V LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| GVS TEXAS HOLDINGS I, LLC, *et al.*,[1] | § § § | Case No. 21-31121-MVL |
| | § | (Jointly Administered) |
| | § | |
| Debtors. | § | |

**REPLY OF RREF III STORAGE LLC, RREF III STORAGE IV LLC, AND RREF III STORAGE V LLC IN RESPONSE TO WORLD CLASS HOLDINGS I, LLC'S LIMITED OBJECTION TO CONFIRMATION OF THE FOURTH AMENDED JOINT PLAN OF GVS TEXAS HOLDINGS I, LLC AND ITS DEBTOR AFFILIATES AND RESERVATION OF RIGHTS AND IN SUPPORT OF CONFIRMATION OF THE FOURTH AMENDED JOINT CHAPTER 11 PLAN OF GVS TEXAS HOLDINGS I, LLC AND ITS DEBTORS AFFILIATES**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: GVS Texas Holdings I, LLC (7458); GVS Texas Holdings II, LLC (1225); GVS Portfolio I, LLC (6441); GVS Portfolio I B, LLC (7171); GVS Portfolio I C, LLC (3093); WC Mississippi Storage Portfolio I, LLC (0423); GVS Nevada Holdings I, LLC (4849); GVS Ohio Holdings I, LLC (6449); GVS Missouri Holdings I, LLC (5452); GVS New York Holdings I, LLC (5858); GVS Indiana Holdings I, LLC (3929); GVS Tennessee Holdings I, LLC (5909); GVS Ohio Holdings II, LLC (2376); GVS Illinois Holdings I, LLC (9944); and GVS Colorado Holdings I, LLC (0408). The location of the Debtors' service address is: 814 Lavaca Street, Austin, Texas 78701.

RREF III Storage LLC, the secured creditor (the "Mezz 2 Lender") of GVS Portfolio I B, LLC (the "Mezz 2 Debtor"), RREF III Storage IV LLC, the secured creditor (the "Mezz 1 Lender") of GVS Portfolio I, LLC (the "Mezz 1 Debtor"), and RREF III Storage V LLC (collectively with RREF III Storage LLC and RREF III Storage IV LLC, "RREF"), the secured creditor (the "Senior Lender," and collectively with the Mezz 1 Lender and the Mezz 2 Lender, the "Lenders") of the Mortgage Debtors[2] submit this reply (the "Reply") in opposition to *World Class Holdings I, LLC's Limited Objection to Confirmation of the Fourth Amended Joint Chapter 11 Plan of GVS Texas Holdings I, LLC and its Debtor Affiliates and Reservation of Rights* [Dkt. No. 773] (the "Objection") and in support of confirmation of the *Fourth Amended Joint Chapter 11 Plan of GVS Texas Holdings I, LLC and its Debtor Affiliates* [Dkt. No. 618] (the "Plan").[3] In support of the Reply, RREF respectfully states as follows:

**REPLY**

1. From the very first day of these Chapter 11 cases, the Debtors' equity owner has been a source of vexatious delay and obstruction, leading to needless expense and motion practice. While the equity owner was in control of the Debtors, the Debtors produced no financial information until RREF filed its *Motion for Rule 2004 Examination* [Dkt. No. 156], filed no plan or disclosure statement until RREF filed its *Motion for Appointment of Chapter 11 Trustee* [Dkt. No. 195], and did nothing to market its assets until the Court entered the *Governance Order* [Dkt. No. 319] (the "Governance Order"), pursuant to which the equity owner voluntarily agreed to relinquish management control over the Debtors to avoid

---

[2] As used herein, the "Mortgage Debtors" refers collectively to each of the Debtors other than the Mezz 2 Debtor, the Mezz 1 Debtor, and GVS Portfolio I C, LLC.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

appointment of a Chapter 11 trustee in the face of well-supported allegations of fraud and mismanagement.

2. Since the time of entry of the Governance Order, the equity owner has persistently refused to abide by its terms, leading to a plethora of motions by the Debtors in an effort to obtain their own financial information and to a number of hearings which should have been unnecessary had the equity owner only complied with the Orders entered by this Court.[4] In addition to needlessly increasing expenses, the equity owner's obstructive behavior has prevented the Debtors from completing the Court-ordered investigation of post-petitions transactions, which has to date identified a number of transfers as "suspect" and worthy of further investigation.[5]

3. Nonetheless, in spite of the behavior of equity owner World Class Holdings I, LLC ("World Class") and its ultimate owner, Natin Paul, the Debtors are on the verge of confirming a Chapter 11 Plan and consummating a related sale that will provide $580 million in value to these estates. As a result, notwithstanding its best efforts to delay and scuttle the sale process at seemingly every turn, upon the occurrence of the Effective Date, World Class is anticipated to be the beneficiary of the very sale that it had sought to prevent in an amount

---

[4] *See, e.g., Order Granting the Debtors' Motion for Rule 2004 Examination of Yardi Systems, Inc. and Production of Documents* [Dkt. No. 794]; *Order Enforcing the Governance and Diligence Orders* [Dkt. No. 494]; *Order in Furtherance of Governance Order Directing Access to Diligence Items* [Dkt. No. 410]; *Supplemental Order Regarding Bank Accounts* [Dkt. No. 396]; *Debtors' Expedited Motion for Rule 2004 Examination of Barbara Lee and Production of Documents* [Dkt. No. 360]; *Debtors' Expedited Motion for Rule 2004 Examination of Great Value Storage, LLC and Production of Documents* [Dkt. No. 359].

[5] *See Expedited Motion for Rule 2004 Examination of Cupertino Builders, LLC, World Class Holdings I, LLC, Hernandez Remodeling, Kadari, Inc., Nova 401(K) Associates, Inc., Champion Energy Services, LLC, Waste Managers, LLC, Entelegent Solutions, Inc., and Mesquite Department of Public Works* [Dkt. No. 752]; *see also Debtors' Second Interim Report Regarding Post-Petition Transfer Investigation* [Dkt. No. 820]; *Debtors' Interim Report Regarding Post-Petition Transfer Investigation* [Dkt. No. 687].

nearing $100 million on account of its equity interests in the Debtors (with potentially more to come in the future, depending upon the ultimate resolution of certain disputed claims).[6]

4.  Unfortunately, although perhaps unsurprisingly, the Debtors having achieved this remarkable result for World Class and Natin Paul's benefit is not enough to satisfy the insatiable Mr. Paul. Instead of gratefully accepting this incredible windfall, World Class demands that the Court reinstate Paul "as the sole Director on the Effective Date of the Plan" to allow him to "direct the post-confirmation Debtors . . . ." Objection, ¶ 10. World Class claims that this is necessary to avoid an "unnecessary liquidation of the Debtors" that would have "significant negative tax implications" for Paul, who it claims should "have the authority and discretion to allow the Debtors to retain [World Class]'s share of the proceeds and manage the Debtors as reorganized entities, including determining whether and when to pursue a liquidation." *Id.*, ¶¶ 10, 14. The Objection then claims, without a trace of irony, that the reinstatement of Paul is supported by "fairness and public policy." *Id.*, ¶ 12.

5.  The World Class Objection correctly notes that, pursuant to Bankruptcy Code section 1129(a)(5), the Court must determine whether the Plan's proposal for post-confirmation management of the Debtors is "consistent with the interests of creditors and equity security holders and public policy." 11 U.S.C. § 1129(a)(5)(A)(ii); *see* Objection, ¶ 11. However, in reaching its proffered conclusion that reinstatement of Paul is consistent with these goals, World Class gets it precisely backwards, as the interests of creditors and furtherance of public policy require that Paul be kept as far away as possible from the post-confirmation management of the Debtors and the wind down of these estates.

---

[6] *See Notice of Filing of Amendment to Second Plan Supplement* [Dkt. No. 807], Ex. 1 (proposing to establish a reserve of approximately $89 million to cover disputed claims and administrative expenses).

3

6. Post-confirmation, the Debtors will still need to make distributions, manage the Disputed Claims Reserve Account, and complete the reconciliation of claims against the estates.[7] Of particular significance to RREF, the Debtors will need to defend this Court's orders approving the Lender Settlements[8] against the appeals thereof taken by World Class (the "Rule 9019 Appeals").[9] While World Class claims that the Lenders will not be harmed by its re-assuming control of the Debtors because the Lenders will have already received their distributions,[10] this entirely ignores that World Class filed the Rule 9019 Appeals and that the Debtors have retained their rights to bring causes of action post-confirmation.[11] Given World Class's penchant for scorched earth litigation, and its belief that the Debtors' fiduciary duties run to equity *alone*,[12] World Class most certainly cannot be trusted to be in charge of the Debtors' response to the Rule 9019 Appeals brought by World Class, the Debtors' claims reconciliation process, or the Debtors' ability to pursue litigation claims in the future.

    **A.    Appointment of Stephan Pinsly as Director and CEO Is in the Interests of Creditors and Public Policy**

7. Following confirmation of the Plan, Stephan Pinsly—the Debtors' chief accounting officer—is to be appointed as chief executive offer and sole director of the

---

[7] *See* Plan IV.D, VI.B, VI.C.1, VI.D.2, VII.A-C, and VII.I.

[8] *See Order Authorizing the Debtors to Enter Into the Settlement Agreement Between the Debtors and Senior Mezz Lender and Granting Related Relief* [Dkt. No. 736]; *Order Authorizing the Debtors to Enter Into the Settlement Between the Debtors and Senior Lender and Granting Related Relief* [Dkt. No. 737]; *Order Authorizing the Debtors to Enter Into the Settlement Between the Debtors and Junior Mezz Lender and Granting Related Relief* [Dkt. No. 738] (collectively, the "9019 Orders").

[9] *See Amended Notice of Appeal and Statement of Election* [Dkt. No. 770]; *Amended Notice of Appeal and Statement of Election* [Dkt. No. 771]; *Notice of Appeal and Statement of Election* [Dkt. No. 772] (collectively, the "Notices of Appeal").

[10] *See* Objection, ¶ 13.

[11] *See* Plan IV.C and VIII.C.1.

[12] *See World Class Holdings I, LLC's Omnibus Objection to (i) Motion of the Debtors Pursuant to Bankruptcy Rule 9019 for Approval of the Proposed Settlement With Senior Mezz Lender; (ii) Motion of the Debtors Pursuant to Bankruptcy Rule 9019 for Approval of the Proposed Settlement With Senior Lender and (iii) Motion of the Debtors Pursuant to Bankruptcy Rule 9019 for Approval of the Proposed Settlement With the Junior Mezz Lender* [Dkt. No. 652], ¶ 31.

Reorganized Debtors to administer the resolution of disputed claims and wind down the Debtors' estates.[13] Contrary to the Objection, that appointment fully complies with the requirements of the Bankruptcy Code, and it would be any re-installation of management authority in the hands of Paul that would violate section 1123(a)(5) of the Bankruptcy Code.

8. When considering whether the appointment of a proposed officer or director is in the best interests of creditors and in furtherance of public policy, courts "factor in [his or her] character and history," and should "disapprove [a plan] in which demonstrated incompetence or malevolence is a hallmark of proposed management." 7 COLLIER ON BANKR. ¶ 1129.02[5][b] (16th ed. 2021). "Bankruptcy courts have recognized that keeping a competent officer in charge of the reorganized debtor is consistent with public policy" under section 1129(a)(5). *In re Cypresswood Land Partners, I*, 409 B.R. 396, 427 (Bankr. S.D. Tex. 2009) (citation omitted). Courts also take into account the "expressed preference" of creditors. *In re The Leslie Fay Cos.*, 207 B.R. 764, 787 (Bankr. S.D.N.Y. 1997). As the party seeking to have the Debtors' proposed management set aside, World Class bears the burden of providing "evidence that the . . . service" of Mr. Pinsly as sole director and CEO post-confirmation would be "inconsistent with the interests of creditors, equity security holders, or public policy . . . ." *In re Toy & Sports Warehouse Inc.*, 37 B.R. 141, 149-150 (Bankr. S.D.N.Y. 1984).

9. The Debtors' proposed appointment of Mr. Pinsly as sole director and CEO of the Debtors upon confirmation is clearly consistent with the interests of creditors and public policy. There can be no serious dispute that Mr. Pinsly is a competent and experienced professional that is more than capable of fulfilling this role—something that the Court necessarily determined in

---

[13] *See* Second Plan Supplement, Ex. 3.

approving the Debtors' application to retain him as chief accounting officer.[14] *Cf. Cypresswood Land Partners*, 409 B.R. at 427 (existing management had demonstrated "level of competence" through participation in bankruptcy proceedings prior to confirmation). It also should be noted that none of the Lenders or other non-insider creditors of the Debtors have expressed opposition to the retention of Mr. Pinsly in a management role post-confirmation, which weighs in favor such appointment. *See Leslie Fay Cos.*, 207 B.R. at 787.

10. Although World Class may not agree with the Debtors' selection of Mr. Pinsly for this role, it is insufficient to assert, as World Class has in a conclusory manner, that he would not be "best suited" to manage the Debtors post-confirmation.[15] Rather, it is World Class' burden to affirmatively demonstrate, with evidence, *Toy & Sports Warehouse*, 37 B.R. at 149-150, that Mr. Pinsly is incompetent, inexperienced, or has committed waste, fraud, or other wrongful acts. *See, e.g.*, *In re Bashas' Inc.*, 437 B.R. 874, 912 (Bankr. D. Ariz. 2010) (must show incompetence or inexperience); *see also Bank of Am., Ill. v. 203 North LaSalle St. P'ship*, 195 B.R. 692, 703-704 (N.D. Ill. 1996). World Class has not done so, and therefore has failed to raise any cognizable challenge to the Debtors' selection of Mr. Pinsly as director and CEO.

    **B.    Reinstatement of Paul as Director Is Contrary to the Interests of Creditors and Public Policy**

11. As clear as it is that Mr. Pinsly is qualified to serve as post-confirmation director and CEO, it is equally apparent that Paul is wholly unsuited to serve in such a role.

12. As an initial matter, vesting Paul with control over the Debtors is contrary to the interests of creditors for the simple reason that Paul—through World Class—has filed the Rule

---

[14] *See Order (I) Authorizing the Retention and Employment of Getzler Henrich & Associates LLC as Financial Advisor; and (II) Designating Stephan M. Pinsly as Chief Accounting Officer, Effective as of November 18, 2021* [Dkt. No. 405].

[15] The World Class Objection proceeds on the assumption that Mr. Albergotti would be appointed as sole director upon confirmation of the Plan. The Second Plan Supplement however clarified that Mr. Pinsly would be sole director and CEO.

9019 Appeals.[16] To vest the party that is currently appealing the 9019 Orders with the responsibility to defend those very same Orders on appeal is to task the fox with guarding the proverbial henhouse.

13. The reinstatement of Paul as director is also manifestly contrary to public policy, in that he has consistently and repeatedly demonstrated a remarkable lack of character and integrity in these and other proceedings. At this point, the Court is more than familiar with the sordid history of these cases and Paul's and World Class's flagrant disregard of this Court's Orders. Accordingly, RREF will not here recite chapter and verse the many misdeeds that led all three Lenders and the United States Trustee to seek the appointment of a chapter 11 trustee in these cases, and that ultimately led to Paul's ouster as director and officer of the Debtors in favor of Mr. Albergotti. *See* Governance Order.

14. However, RREF notes that this Court is not the only one before which the bankruptcy of a Paul-affiliated entity is currently pending, and recent developments in several bankruptcies pending in the Western District of Texas only further confirm that Paul is a poor bankruptcy steward that cannot be trusted to comport himself in accordance with applicable law.[17] In addition, just last week the Delaware Chancery Court imposed a charging order on Paul and World Class' equity interests in the Debtors in order to secure an approximately $10 million judgment in connection with an alleged securities fraud committed by Paul and his affiliates, which charging order would attach to any proceeds from the sale that are distributed by

---

[16] *See* Notices of Appeal.
[17] *See Order to Show Cause, In re Arboretum Crossing, LLC*, Case No. 21-10546 (Bankr. W.D. Tex. Mar. 8, 2022) [Dkt. No. 97]; *Order to Show Cause, In re WC 3rd and Trinity, LP*, Case No. 21-10252 (Bankr. W.D. Tex. Mar. 8, 2022) [Dkt. No. 91]; *Order to Show Cause, In re WC 511 Barton Blvd LLC*, Case No. 21-10943 (Bankr. W.D. Tex. Mar. 8, 2022) [Dkt. No. 28]; *Order to Show Cause, In re WC 717 N Harwood Prop., LLC*, Case No. 21-10630 (Bankr. W.D. Tex. Mar. 8, 2022) [Dkt. No. 109]; *Order to Show Cause, In re WC Manhattan Place Prop., LLC*, Case No. 22-10047 (Bankr. W.D. Tex. Mar. 8, 2022) [Dkt. No. 34]; *Order to Show Cause, In re WC Met Center, LLC*, Case No. 21-10698 (Bankr. W.D. Tex. Mar. 8, 2022) [Dkt. No. 63]; *Order to Show Cause, In re WC South Congress Square, LLC*, Case No. 20-11107 (Bankr. W.D. Tex. Mar. 8, 2022) [Dkt. No. 176].

GVS Portfolio I C, LLC to World Class.[18] With this in mind, the timing of Paul's request to be reinstated due to supposed tax planning concerns associated with the liquidation of the Debtors (which concerns have never been raised before now, notwithstanding the fact that each iteration of the Plan since January has contemplated the liquidation of the Debtors) is curious to say the least.

15. As a leading bankruptcy treatise puts it, if bankruptcy courts are to have any "role beyond the ministerial one of counting ballots[,]" then they must have the discretion to disqualify proposed management for which "demonstrated incompetence or malevolence is a hallmark. . . ." 7 COLLIER ON BANKR. ¶ 1129.02[5][b] (16th ed. 2021). RREF submits that the reasons enumerated above are collectively more than sufficient to disqualify Paul from serving in any management or fiduciary role with respect to the Debtors, and against this backdrop, it is inconceivable that Paul could ever propose "a smooth transition of leadership . . . that provides adequate comfort to stakeholders, the Court, and the United States Trustee[,]" World Class' weak assurances to the contrary notwithstanding. Objection, ¶ 13. If past is any prelude, Paul cannot be trusted to exercise his duties consistent with the best interests of the estates and in accordance with the Orders of the Court and other applicable law.

---

[18] *See [Proposed] Temporary Restraining Order and Interim Charging Order*, *Barclays Trust v. World Class Holding Co., LLC*, Case No. 2022-0218 (Del. Ch. Mar. 10, 2022) [Dkt. No. 16]; *see also Consent Judgment*, *Barclays Trust v. World Class Holding Co., LLC*, Case No. 20-00947 (W.D. Tex. Aug. 5, 2021) [Dkt. No. 33].

## CONCLUSION

16. For each of the foregoing reasons, the World Class Objection should be overruled, and the Plan should be confirmed.

Dallas, Texas
March 15, 2022

/s/ *Jennifer F. Wertz*

| | |
|---|---|
| **JACKSON WALKER LLP** | **MORRISON & FOERSTER LLP** |
| Michael S. Held (TX Bar No. 09388150) | Theresa A. Foudy (admitted *pro hac vice*) |
| Jennifer F. Wertz (TX Bar No. 24072822) | James Michael Peck (admitted *pro hac vice*) |
| J Machir Stull (TX Bar No. 24070697) | Mark A. Lightner (admitted *pro hac vice*) |
| Vienna F. Anaya (TX Bar No. 24091225) | 250 West 55th Street |
| 2323 Ross Avenue, Suite 600 | New York, NY 10019-9601 |
| Dallas, TX 75201 | Telephone: (212) 468-8000 |
| Telephone: (214) 953-6000 | Facsimile: (212) 468-7900 |
| Facsimile: (214) 953-5800 | Email: tfoudy@mofo.com |
| Email: mheld@jw.com | Email: jpeck@mofo.com |
| Email: jwertz@jw.com | Email: mlightner@mofo.com |
| Email: mstull@jw.com | |
| Email: vanaya@jw.com | |
| | |
| *Local Counsel for RREF III Storage LLC, RREF III Storage IV LLC, and RREF III Storage V LLC* | *Counsel for RREF III Storage LLC, RREF III Storage IV LLC, and RREF III Storage V LLC* |