**Exhibit B**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| GVS TEXAS HOLDINGS I, LLC, *et al.*[1] | Case No. 21-31121-MVL |
| Debtors. | **(Jointly Administered)** |

**STIPULATION AND AGREED ORDER
WITH WORLD CLASS HOLDINGS I, LLC**

This stipulation and agreed order (the "Stipulation") is entered into by and between the above-captioned debtors and debtors in possession (collectively, the "Debtors"), Natin Paul

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: GVS Texas Holdings I, LLC (7458); GVS Texas Holdings II, LLC (1225); GVS Portfolio I, LLC (6441); GVS Portfolio I B, LLC (7171); GVS Portfolio I C, LLC (3093); WC Mississippi Storage Portfolio I, LLC (0423); GVS Nevada Holdings I, LLC (4849); GVS Ohio Holdings I, LLC (6449); GVS Missouri Holdings I, LLC (5452); GVS New York Holdings I, LLC (5858); GVS Indiana Holdings I, LLC (3929); GVS Tennessee Holdings I, LLC (5909); GVS Ohio Holdings II, LLC (2376); GVS Illinois Holdings I, LLC (9944); and GVS Colorado Holdings I, LLC (0408). The location of the Debtors' service address is: 814 Lavaca Street, Austin, Texas 78701.

271530184v.1

010-9343-8042/4/AMERICAS

("Paul), and World Class Holdings I, LLC ("World Class," or "Equity" and, together with the Debtors, the "Parties"). The Parties hereby stipulate and agree as follows:

## RECITALS

WHEREAS, on June 17 and June 23, 2021, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the U.S. Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court").

WHEREAS, on November 10, 2021, the Bankruptcy Court entered the Governance Order [Docket No. 319], pursuant to which *inter alia* (i) Robert D. Albergotti became the sole director of the Debtors with, among other things, control over, and access to, the Debtors' bank accounts and operations;[1] (ii) Paul resigned from all positions with each of the Debtor entities and, subject to further order of the Bankruptcy Court, relinquished any role whatsoever with respect to management or operation of the Debtors;[2] and (iii) required the Debtors to investigate post-petition transactions for propriety under section 549 of the Bankruptcy Code (the "549 Investigation") and provide a report to the U.S. Trustee and the Lenders regarding their findings.[3]

WHEREAS, on January 18, 2022, the Debtors executed that certain asset purchase agreement (together with all exhibits and amendments thereto, as may be further amended from time to time, the "APA"), dated as of January 18, 2022, by and among CBRE WWG Storage Partners JV III, LLC, a Delaware limited liability company ("Purchaser") and the Debtors.

WHEREAS, on January 21, 2022, the Debtors filed the *Debtors' Motion for Entry of an Order (i) Authorizing the Sale of the Assets of the Debtors Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (ii) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (iii) Granting Related Relief* [Docket No. 574] (the "Sale Motion").

---

[1] *See* Governance Order ¶ 1.
[2] *Id.* at ¶ 2.
[3] *Id.* at ¶ 8.

WHEREAS, on February 1, 2022, the Bankruptcy Court entered the *Order (I) Designating the Stalking Horse Bidder; (II) Approving Revised Bidding Procedures in Connection with the Sale of Substantially all of the Debtors' Assets; (III) Approving Revised Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (Iv) Granting Related Relief* [Docket No. 626] (the "Revised Bidding Procedures Order"), which designated February 28, 2022 as the auction date in furtherance of the sale of all or substantially all of the Debtors' assets (the "Sale"), and March 16, 2022 as the hearing date to approve the Sale Motion (the "Sale Hearing").

WHEREAS, on February 1, 2022, the Debtors filed the *Fourth Amended Joint Chapter 11 Plan of Reorganization for GVS Texas Holdings I, LLC and its Debtor Affiliates* [Docket No. 618] (as may be amended, modified, or supplemented, the "Plan") and (ii) the *Fourth Amended Disclosure Statement for the Joint Chapter 11 Plan of Reorganization for GVS Texas Holdings I, LLC and its Debtor Affiliates* [Docket No. 619] (together with all exhibits thereto, the "Disclosure Statement").

WHEREAS, on February 2, 2022, the Bankruptcy Court entered the *Order (I) Approving the Adequacy of the Disclosure Statement, (II) Approving the Forms of Notices in Connection with Confirmation of the Fourth Amended Plan, (III) Scheduling Dates with Respect Thereto, and (VI) Granting Related Relief* [Docket No. 631] (the "Disclosure Statement Order"), which set the hearing to confirm the Plan for March 16, 2022 (the "Confirmation Hearing").

WHEREAS, on February 25, 2022, the Bankruptcy Court entered orders approving the 9019 settlements (the "9019 Orders") with Senior Lender, Senior Mezz Lender, and Junior Mezz Lender (collectively, the "Lenders").[1]

WHEREAS, on March 8, 2022, World Class filed Amended Notices of Appeal [Docket No. 770 and Docket No. 771] of the 9019 Order (collectively, the "9019 Appeals").

---

[1] *See* Docket Nos. 736, 737, 738, respectively.

WHEREAS, on March 8, 2022, the Debtors filed the First Plan Supplement [Docket No. 778], and on March 10, 2022, filed the Second Plan Supplement [Docket No. 796], the Third Plan Supplement [Docket No. 797], and the Amendment to the Second Plan Supplement [Docket No. 807] (collectively, the "Plan Supplement").

WHEREAS, the Amendment to the Second Plan Supplement set forth the following proposed reserves (the "Reserves"), including a contingency reserve in the amount of $14,933,515.98 (the "Contingency Reserve"):

| Claim | Estimated Amount | |
|---|---|---|
| RREF (Disputed 9019 Settlement Reserve) | $30,000,000.00 | |
| Great Value Storage (Post-petition management fees) | $517,000.00 | |
| Great Value Storage, LLC (filed claim) | $305,000.00 | |
| Melvin Van Brookshire (interest claim) | $65,579.88 | |
| Seth Kretzer, as Receiver | $3,500,000.00 | |
| Princeton Capital Corporation | $15,000,000.00 | |
| Barclays Trust | $10,600,000.00 | |
| Customer Claims | $680,000.00 | |
| **Total Disputed Claims** | | $60,667,579.88 |
| **Pre-Effective Date Professional Fees** | | $5,250,000.00 |
| **Post-Effective Date Professional Fees** | | $2,500,000.00 |
| **UST Fees** | | $1,250,000.00 |
| **Title Company Reserves** | | $5,000,000.00 |
| **Contingency Reserve** | | $14,933,515.98 |
| | **TOTAL** | $89,601,095.86 |

WHEREAS, on March 8, 2022, World Class filed *World Class Holdings I, LLC's Limited Objection to Confirmation of the Fourth Amended Joint Chapter 11 Plan of GVS Texas Holdings I, LLC And its Debtor Affiliates and Reservation of Rights* [Docket No. 773] ("Confirmation Objection"), and on March 9, 2022, filed *World Class Holdings I, LLC's Limited Objection to Debtors' Motion for Entry of an Order (i) Authorizing the Sale of the Assets of the Debtors Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (ii) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (iii) Granting Related Relief and Reservation of Rights* [Docket No. 784] ("Sale Objection").

**NOW, THEREFORE, IN CONSIDERATION OF THE FOREGOING, IT IS STIPULATED, ORDERED, ADJUDGED, AND DECREED,** as follows:

1. The recitals set forth above are incorporated herein and terms not otherwise defined herein shall have the same meaning as set forth in the Plan, Sale Motion, or APA, as applicable.

2. As evidenced by the estimated closing statement, affixed hereto as **Exhibit A**, the Debtors will fund all non-reserved "Net Sale Proceeds" (all proceeds of Sale, net of costs, taxes, fees due and payable to Houlihan Lokey Capital, Inc. and Mr. Albergotti, all Allowed Claims, and a reserve established for the payment of Disputed Claims) on the Closing Date to a qualified intermediary acceptable to World Class (the "1031 Agent") pursuant to section 1031 of the Internal Revenue Code ("IRC"), and the 1031 Agent shall retain such Net Sale Proceeds as required by the IRC. The 1031 Agent shall distribute the property held thereby solely at the direction of World Class.

3. The Disputed Claim Reserve Funds shall be held at Fidelity National Title (the title company facilitating the Closing) and disbursements therefore from be made upon receipt of written joint escrow instructions from the Debtors and World Class, or upon Bankruptcy Court order, to (i) disburse Disputed Claim Reserve Funds to a creditor upon Allowance of its claim and, (ii) any residual amount related to the respective Allowed Claims in the Disputed Claim Reserve Fund after Allowance of a creditor claim shall be immediately transferred to the 1031 Agent, and any funds remaining the Disputed Claim Reserve Fund shall be immediately transferred to the 1031 Agent.

4. The Contingency Reserve shall be reduced to $7,000,000. A copy of the revised Reserve is affixed hereto as **Exhibit B**.[1]

5. The Debtors shall resolve all Disputed Claims within 120 days of the entry of the order approving this Stipulation. To the extent the Debtors fail to resolve all Disputed Claims within such time period, such claims may be resolved by World Class on behalf of the Debtors.

---

[1] Certain Reserves may not be funded in full due to payment at closing of the Sale.

6. The 549 Investigation shall be completed within 120 days following the entry of the order approving this Stipulation so long as World Class and all of their affiliated entities, managers, and members cooperate reasonably with the 549 Investigation. The Debtors may seek Court approval to extend the 120-day deadline if cooperation is not forthcoming.

7. World Class shall retain its rights under the Plan and applicable law to object, in good faith, to any Claim and to challenge and object, in good faith, any Claim resolution reached by the Debtors.

8. Upon the conclusion of the Claim resolution process and the 549 Investigation, subject to final Bankruptcy Court order, Mr. Paul shall be reinstated as the sole officer of the Debtors.

9. Contemporaneously with the execution of this Stipulation, Mr. Paul, World Class and any and all of their affiliated entities, including the Reorganized Debtors, shall execute the Release, annexed hereto as **Exhibit C**, releasing Mr. Albergotti and Stephan Pinsly, as well as all of the Debtors' Professionals, including but not limited to, Sidley Austin LLP, Houlihan Lokey Capital, Inc., and Getzler Henrich & Associates LLC (collectively, the "Released Parties") from any and all claims against any of the foregoing and waive any objections to the allowance of the fees and expenses of the foregoing so long as such amounts do not exceed the amounts set forth under the Pre-Effective Date Professional Fees and the Post-Effective Date Professional Fee line items in the reserves set forth in Exhibit B hereto.

10. Upon execution and approval of this Stipulation, the Confirmation Objection, Sale Objection and 9019 Appeals notices filed by World Class shall be immediately withdrawn and the Debtors shall remove any reserve for RREF in the Disputed Claim Reserve Fund.

11. The Released Parties shall reasonably cooperate with transactions, documents and other actions necessary to complete the 1031 exchange.

12. This Stipulation shall be binding upon the Parties and their respective successors, agents, and assigns, including bankruptcy trustees and estate representatives.

13. This Stipulation shall not be modified, altered, amended or supplemented except by a writing executed by the Parties or their authorized representatives.

14. The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

**IT IS SO ORDERED.**

Dated March 15, 2022

| | |
|---|---|
| **SIDLEY AUSTIN LLP** | **SQUIRE PATTON BOGGS (US) LLP** |
| */s/ Thomas R. Califano* | */s/ Peter R. Morrison* |
| Thomas R. Califano (SBN 10369867) | Travis A. McRoberts (Bar No. 24088040) |
| Maegan Quejada (SBN 24105999) | 2000 McKinney Ave., Suite 1700 |
| Jeri Leigh Miller (SBN 24102176) | Dallas, TX 75201 |
| Juliana L. Hoffman (SBN 24106103) | Telephone: (214) 758-1589 |
| 2021 McKinney Avenue, Suite 2000 | Facsimile: (214) 758-1550 |
| Dallas, Texas 75291 | Email: travis.mcroberts@squirepb.com |
| Telephone: (214) 981-3300 | |
| Facsimile: (214) 981-3400 | -and- |
| | |
| *Counsel for Debtors and Debtors in Possession* | Stephen D. Lerner (*pro hac vice*) |
| | 201 E. Fourth St., Suite 1900 |
| | Cincinnati, OH 45202 |
| | Telephone: (513) 361-1200 |
| | Facsimile: (513) 361-1201 |
| | Email: stephen.lerner@squirepb.com |
| | Sarah K. Rathke (*pro hac vice*) |
| | |
| | -and- |
| | |
| | Peter R. Morrison (*pro hac vice*) |
| | 4900 Key Tower |
| | 127 Public Square |
| | Cleveland, Ohio 44114 |
| | Telephone: (216) 479-8500 |
| | Facsimile: (216) 479-8780 |
| | Email: sarah.rathke@squirepb.com |
| | Email: peter.morrison@squirepb.com |

_[signature]_

Natin Paul
*In his individual capacity and on behalf of World Class Holdings I, LLC*

*Counsel for World Class Holdings I, LLC*

### End of Order ###

7

# Exhibit A

## Estimated Closing Statement

9

| **Closing Statement**<br>Great Value Storage<br>($ in millions) | **CONFIDENTIAL DRAFT**<br>**SUBJECT TO MATERIAL REVISION** |
|---|---:|
| **Closing Date:** | **3/21/2022** |
| WWG Purchase Price | $588.25 |
|     Less: Break Fee Credit Bid (1.5% of $450mm) | (6.75) |
|     Less: Expense Reimbursement Credit Bid | (1.50) |
| **Net Cash Purchase Price** | **$580.00** |
|     Less: Estimated Property Taxes | (1.04) |
|     Less: Escrowed Deposit | (45.00) |
|     Less: Indemnity Escrow | (5.80) |
| **Cash to Estate Before Claims & Costs** | **$528.16** |
|     Plus: Forecasted Debtor Operating Account Cash | $3.50 |
|     Plus: Escrowed Deposit | 45.00 |
| **Less: Claims** | |
|     Total CMBS Claim | (128.29) |
|       Less: Escrows (Tax, Insurance, Capex, Other) | 4.38 |
|     Net CMBS Claim | (123.91) |
|     PropCo Admin & Priority Claims | |
|       PropCo Admins Excl. Pro Fees | (4.36) |
|       Houlihan Lokey Fees | (16.47) |
|       Independent Director Fees | (0.20) |
|     PropCo GUCs (Excl. Princeton)[1] | (3.02) |
|     Mezz 1 | (125.46) |
|     GVS Portfolio I Admin & Priority Claims | -- |
|     GVS Portfolio I GUCs[1] | (0.01) |
|     Mezz 2 | (124.57) |
|     GVS Portfolio I B Admin & Priority Claims | (0.03) |
|     GVS Portfolio I B GUCs[1] | (0.55) |
| **Sub-Total Claims** | **$398.57** |
| **Cash to Estate Before Reserves** | **$178.08** |
| **Less: Estimated Reserves for Additional Claims** | |
|     Princeton Claim | ($15.00) |
|     Disputed 9019 Settlement Reserve | (30.00) |
|     Brookshire Claims Interest | (0.07) |
|     Receiver's Claims | (3.50) |
|     Barclays Claim | (10.60) |
|     Title Company Reserves | (5.00) |
|     Property Taxes Owed | (0.79) |
|     Great Value Storage, LLC (Filed) | (0.31) |
|     Great Value Storage, LLC (Accrued Management Fees) | (0.52) |
|     Siegel Jennings Co., LPA | (0.12) |
|     Customer Claims | (0.68) |
|     U.S. Trustee Fees | (1.25) |
|     Getzler Henrich Fees | (0.65) |
|     Sidley Austin Fees | (4.17) |
|     Omni Fees | (0.43) |
|     549 and Wind Down Professional Fees | (2.50) |
| **Sub-Total Reserved for Additional Claims** | **($75.58)** |
|     Plus: Buffer | ($7.00) |
| **Total Reserved for Additional Claims** | **($82.58)** |
| **Net After Reserves** | **$95.51** |

(1) Includes interest on GUCs calculated assuming 1 year of interest at the Federal Judgement Rate as of 6/18/21 (0.08%), per the Federal Reserve's weekly avg. 1-year constant maturity yield

**Exhibit B**

**Reserves**

10

| Claim | Estimated Amount | |
|---|---|---|
| RREF (Disputed 9019 Settlement Reserve) | $30,000,000.00 | |
| Great Value Storage (Post-petition management fees) | $517,000.00 | |
| Great Value Storage, LLC (filed claim) | $305,000.00 | |
| Melvin Van Brookshire (interest claim) | $65,579.88 | |
| Seth Kretzer, as Receiver | $3,500,000.00 | |
| Princeton Capital Corporation | $15,000,000.00 | |
| Barclays Trust | $10,600,000.00 | |
| Customer Claims | $680,000.00 | |
| **Total Disputed Claims** | | **$60,667,579.88** |
| **Pre-Effective Date Professional Fees** | | **$5,250,000.00** |
| **Post-Effective Date Professional Fees** | | **$2,500,000.00** |
| **UST Fees** | | **$1,250,000.00** |
| **Title Company Reserves** | | **$5,000,000.00** |
| **Contingency Reserve** | | **$7,000,000.00** |
| | **TOTAL** | **$81,667,579.88** |

11

# Exhibit C

## Release Agreement

# RELEASE AGREEMENT

**THIS RELEASE** ("Agreement") is dated as of March 15, 2022 and is made by and between is entered into by Natin Paul ("Paul"), and World Class Holdings I, LLC ("World Class," or "Equity" the "Releasor(s)").

**WHEREAS**, on June 17 and June 23, 2021, the GVS Texas Holdings I, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court") commencing these bankruptcy cases (the "Chapter 11 Cases").

**WHEREAS**, the Releasors have entered into that certain stipulation and agreed order (the "Stipulation") dated March 15, 2022; and

**WHEREAS**, the Releasors desire to enter into releases of Sidley Austin LLP, Houlihan Lokey, Getzler Henrich, Stephan A. Pinsly and Robert D. Albergotti and each of their respective employees, members and agents (the "Released Parties" and together with the Releasors, the "Parties") pursuant to the terms of this Agreement.

## RELEASE

For good and valuable consideration provided by each of the Released Parties, the adequacy and sufficiency of which is hereby confirmed, the Releasors, in their respective individual capacities and corporate capacities will be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever provided a full discharge, waiver and release to each of the Released Parties (and each such Released Party so released shall be deemed forever released, waived and discharged) (the "Release") from any and all Claims, Causes of Action and any other debts, obligations, rights, suits, damages, actions, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, whether directly or derivatively held, existing as of the Stipulation Effective Date or thereafter arising, in law, at equity or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, including but not limited to any actions taken in connection with (i) the Debtors, the Chapter 11 Cases, the marketing of any of the Debtors' assets, the *Fourth Amended Joint Plan of GVS Texas Holdings I, LLC and its Affiliated Debtors* [Docket No. 618] (the "Plan"),[1] and the *Order (i) Authorizing the Sale of the Assets of the Debtors Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (ii) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (iii) Granting Related Relief* (the "Sale Order"), (ii) the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Agreement, (iii) the business or contractual arrangements between any Releasor, (iv) the negotiation, formulation or preparation of this Agreement, the Disclosure Statement, the Sale Documents, or related agreements, instruments or other documents, and (v) the restructuring of Claims or Interests prior to or during the Chapter 11 Cases, (vi) the purchase, sale, or rescission of the purchase or sale of any Claim or

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

Interest of the Debtors, and/or (vii) the Confirmation or Consummation of the Plan (including, but not limited to, the Claims resolution process and 549 Investigation) or this Agreement that such Party would have been legally entitled to assert (whether individually or collectively) or that any Releasors would have been legally entitled to assert for, or on behalf or in the name of, any Debtor, its respective Estate (whether directly or derivatively) against any of the Released Parties.

The Release set forth in this Agreement shall not operate to waive, release or otherwise impair the Releasor's rights to assert a claim or cause of action against any Released Party arising from willful misconduct, actual fraud, or gross negligence of the Released Parties as determined by Final Order of the Bankruptcy Court; *provided however*, that the Releasor bringing such suit shall do so in the Bankruptcy Court or such other court as the Bankruptcy Court may direct.

Entry of the Agreed Order shall constitute the Court's approval, pursuant to Bankruptcy Rule 9019, of the Release set forth in this Agreement, which includes by reference each of the related provisions and definitions contained in the Stipulation and Plan, as applicable, and further, shall constitute the Court's finding that the Releases herein are: (1) in exchange for the good and valuable consideration provided by the Releasors; (2) a good faith settlement and compromise of the Claims released by this Agreement and the Release herein; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing.

## WAIVER OF STATUTORY LIMITATIONS ON RELEASES

Each of the Releasors in the Releases contained above expressly acknowledges that although ordinarily a general release may not extend to Claims which the Releasor does not know or suspect to exist in its favor, which if known by it may have materially affected its settlement with the party released, they have carefully considered and taken into account in determining to enter into the above releases the possible existence of such unknown losses or claims. Without limiting the generality of the foregoing, each Releasor expressly waives any and all rights conferred upon it by any statute or rule of law which provides that a release does not extend to claims which the claimant does not know or suspect to exist in its favor at the time of providing the release, which if known by it may have materially affected its settlement with the Released Party. The Releases contained in this Agreement are effective regardless of whether those released matters are presently known, unknown, suspected or unsuspected, foreseen or unforeseen.

Dated March 15, 2022

_____
Natin Paul
*In His Individual Capacity and on Behalf of World Class Holdings I, LLC*