SIDLEY AUSTIN LLP
Thomas R. Califano (10369867)
Charles M. Persons (24060413)
Penny P. Reid (15402570)
Mustafa Abdul-Jabbar (24101414)
Juliana L. Hoffman (24106103)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

*Counsel for the Reorganized Debtors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>GVS TEXAS HOLDINGS I, LLC, *et al.* [1]<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 21-31121-MVL<br><br>**(Jointly Administered)** |

**REORGANIZED DEBTORS' MOTION FOR CONTEMPT AND SANCTIONS
REGARDING THE RULE 2004 EXAMINATION OF HERNANDEZ REMODELING**

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, as applicable, are: GVS Texas Holdings I, LLC (7458); GVS Texas Holdings II, LLC (1225); GVS Portfolio I, LLC (6441); GVS Portfolio I B, LLC (7171); GVS Portfolio I C, LLC (3093); WC Mississippi Storage Portfolio I, LLC (0423); GVS Nevada Holdings I, LLC (4849); GVS Ohio Holdings I, LLC (6449); GVS Missouri Holdings I, LLC (5452); GVS New York Holdings I, LLC (5858); GVS Indiana Holdings I, LLC (3929); GVS Tennessee Holdings I, LLC (5909); GVS Ohio Holdings II, LLC (2376); GVS Illinois Holdings I, LLC (9944); and GVS Colorado Holdings I, LLC (0408). The location of the Reorganized Debtors' service address is: c/o Getzler Henrich & Associates, LLC, 295 Madison Avenue, 20th Floor, New York, NY 10017.

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
>
> **A HEARING WILL BE HELD ON THIS MATTER ON JUNE 29, 2022, AT 9:30 A.M. (CT) BEFORE THE HONORABLE MICHELLE V. LARSON, 1100 COMMERCE STREET, DALLAS, TEXAS 75242.**

GVS Texas Holdings I, LLC and its affiliated debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors") submit this motion (the "Motion") pursuant to section 105(a), 549 and 1107 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004") and Federal Rule of Civil Procedure 45 for entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A** holding Hernandez Remodeling and Jacob Armendariz, the owner of Hernandez Remodeling ("Mr. Armendariz" and together with Hernandez Remodeling, the "Hernandez Remodeling Parties") in contempt for their failure to comply with this Court's Order[2] granting Debtors' Amended Motion for Rule 2004 Examination of Hernandez

---

[2] *See* Order Granting Debtors' Motion for Rule 2004 Examination of Cupertino Builders, LLC, World Class, Hernandez Remodeling, Kadari, Inc., Nova 401(k) Associates, Inc., Champion Energy Services, LLC, Waste

Remodeling[3] and imposing sanctions against the Hernandez Remodeling Parties until they comply fully with the 2004 Order. The Reorganized Debtors further request an award of their reasonable costs and fees associated with the Hernandez Remodeling Parties' failure to comply with the 2004 Order. In support of this Motion, the Reorganized Debtors respectfully state as follows:

## BACKGROUND

1. On April 6, 2022, this Court entered the 2004 Order, authorizing the Reorganized Debtors to conduct an oral examination of Hernandez Remodeling in furtherance of the Reorganized Debtors' Court-ordered 549 investigation of certain post-petition transactions.[4] The 2004 Order further directed Hernandez Remodeling to "produce documents, communications, and other materials responsive" to certain Requests for Production set forth in the Debtors' Notice of Rule 2004 Examination of Hernandez Remodeling (the "Requests").[5] The 2004 Order authorized the Debtors to "issue subpoenas for the foregoing [Requests] and attendance at the oral examinations as may be necessary" and authorized the Debtors "to take all steps necessary or appropriate to carry out the relief granted in" the 2004 Order.[6]

2. On April 8, 2022, counsel for the Reorganized Debtors ("Sidley") sent an email to two email addresses known to be affiliated with Mr. Armendariz to inform him of the 2004 Order.[7]

---

Managers, LLC, EnTelegent Solutions, Inc., and Mesquite Department of Public Works [Dkt. 923] [hereinafter "2004 Order"].

[3] *See* Debtors' Amended Motion for Rule 2004 Examination of Cupertino Builders, LLC, World Class, Hernandez Remodeling, Kadari, Inc., Nova 401(k) Associates, Inc., Champion Energy Services, LLC, Waste Managers, LLC, EnTelegent Solutions, Inc., and Mesquite Department of Public Works [Dkt. 920] [hereinafter "2004 Motion"].

[4] *See* 2004 Order at 3; *see also* Governance Order ¶¶ 4, 8 [Dkt. 319].

[5] *See* 2004 Order at 3; *see also* 2004 Motion, Ex. E (Rule 2004 Request for Production of Documents from Hernandez Remodeling).

[6] 2004 Order at 3.

[7] *See* Declaration of Sophie Green at ¶ 3 [hereinafter "Green Decl."].

Mr. Armendariz did not respond to that email, nor did he respond to a follow-up email from Sidley that was sent on April 19, 2022.[8]

3. On April 21, 2022, Sidley contacted Mr. Armendariz by phone.[9] On the call, Mr. Armendariz (i) confirmed that he was not represented by counsel; (ii) provided an email address for future communications; (iii) confirmed that he owns Hernandez Remodeling; (iv) confirmed that he would serve as the corporate representative for Hernandez Remodeling; and (v) volunteered to appear in Dallas for the oral examination, because according to Mr. Armendariz, he frequently conducts his work in the city of Dallas and was willing to submit to an examination there.[10] Following the call with Mr. Armendariz, Sidley sent Mr. Armendariz an email with a copy of the 2004 Order and relevant exhibits of the 2004 Motion, as well as two proposed dates for the Hernandez Remodeling deposition: May 10 and May 11, 2022.[11] On April 25, 2022, Sidley sent Mr. Armendariz a follow-up email to select one of the two proposed deposition dates.[12]

4. On April 26, 2022, having not received a response from Mr. Armendariz, Sidley called Mr. Armendariz to discuss the proposed dates.[13] On the call, Mr. Armendariz acknowledged receipt of Sidley's April 21st and 25th scheduling emails and agreed to be deposed on May 10, 2022.[14] During the call, Mr. Armendariz again confirmed that he was able, willing, and committed to appear on May 10, 2022 for deposition as the corporate representative of Hernandez Remodeling

---

[8] *Id.*

[9] *Id.* at ¶ 4.

[10] *Id.*

[11] *Id.* at ¶ 5.

[12] *Id.*

[13] *Id.* at ¶ 6.

[14] *Id.*

to be taken at Sidley's Dallas office, located at 2021 McKinney Ave, Suite 2000, Dallas, TX 75201 (the "Deposition").[15]

5. Directly following the call on April 26, 2022, Sidley sent an email to Mr. Armendariz memorializing the agreed-upon date and location of the Deposition and informing Mr. Armendariz that Sidley would be serving Hernandez Remodeling with a formal subpoena in connection with the Deposition.[16]

6. On April 28, 2022, the Reorganized Debtors served Hernandez Remodeling with a deposition subpoena further confirming the Deposition (the "Deposition Subpoena").[17] Also on April 28, 2022, the Reorganized Debtors served Hernandez Remodeling with a subpoena for the documents set forth in the Requests, setting a production deadline of May 5, 2022 (the "Document Subpoena").[18]

7. On May 6, 2022, Sidley sent Mr. Armendariz a reminder email regarding the upcoming Deposition.[19]

8. On the afternoon of May 9, 2022, less than twenty-four hours before the Deposition, Sidley called Mr. Armendariz to confirm logistics regarding his appearance at the Deposition.[20] Mr. Armendariz confirmed that he would appear for the Deposition and that he would arrive at

---

[15] *Id.*

[16] *Id.* at ¶ 7.

[17] *Id.* at ¶ 8.

[18] *Id.*

[19] *Id.* at ¶ 9.

[20] *Id.* at ¶ 10.

Sidley Austin's Dallas office at approximately 9:30 am the following morning.[21] Mr. Armendariz also requested parking information, which was sent to him by email following the call.[22]

9. The Reorganized Debtors reasonably relied on Mr. Armendariz's multiple assurances and confirmations that he would sit for the Deposition and accordingly retained a stenographer and videographer to attend and record the Deposition.[23] $855.00 in costs and fees were expended in obtaining the videographer and stenographer in connection with arranging the Deposition of Hernandez Remodeling's corporate representative, Mr. Armendariz.[24]

10. On May 10, 2022, Mr. Armendariz failed to appear for the Deposition,[25] and despite numerous calls to try to locate Mr. Armendariz, all calls went to Mr. Armendariz's voicemail.[26] Sidley also sent Mr. Armendariz an email regarding his failure to attend the Deposition yet received no response.[27] After having no trouble reaching Mr. Armendariz on multiple occasions prior to the Deposition date,[28] Mr. Armendariz would not respond to any phone calls or emails as of May 10th.[29] And despite many attempts to contact Mr. Armendariz in the days and weeks following the Deposition, Mr. Armendariz's non-responsiveness has persisted through the filing of this Motion, prompting Reorganized Debtors' request for relief from this Court.[30]

---

[21] *Id.*

[22] *See id.*

[23] *Id.* at ¶ 11.

[24] *Id.*

[25] *Id.* at ¶ 12.

[26] *See id.*

[27] *See id.*

[28] *See id.* at ¶¶ 4, 6, 10.

[29] *See id.*

[30] *See id.* at ¶ 13.

11. In addition to Mr. Armendariz's failure to appear at the Deposition, the Hernandez Remodeling Parties have failed to produce any documents responsive to the Requests or otherwise respond to the Requests or Document Subpoena.

## ARGUMENT AND AUTHORITIES

12. The Court should hold the Hernandez Remodeling Parties in contempt for failing to comply with the Deposition and Document Subpoenas issued under Federal Rule of Civil Procedure 45 ("Rule 45").

13. Rule 2004(c) provides that the "attendance of an entity for examination and for the production of documents . . . may be compelled as provided in Rule 9016." Federal Rule of Bankruptcy Procedure 9016 accordingly makes Rule 45 applicable to the issuance of subpoenas under Rule 2004.

14. Rule 45(g) permits a court to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *See EB Holdings II Inc. v. Illinois Nat'l Ins. Co.*, No. CV 4:21-MC-02650, 2022 WL 254621, at *2 (S.D. Tex. Jan. 27, 2022) (holding a nonparty in contempt for ignoring "a facially valid subpoena" requiring her to sit for a deposition, after having been "notified multiple times of her deposition" and served with a copy of the related court order); *see also Sell v. Country Life Ins. Co.*, No. CV-15-00353-PHX-DJH, 2017 WL 5713885, at *5 (D. Ariz. Feb. 27, 2017) (finding non-party witness to be "in contempt of Court for failing to comply with the subpoena to appear and testify at his deposition" and ordering that he "pay Plaintiff's reasonable costs and attorney fees associated with scheduling the deposition, preparing for and appearing at the deposition, and seeking relief for [the non-party's] failure to appear at the deposition").

15. Further, "[a] court may employ judicial sanctions in civil contempt proceedings to 'coerce the defendant into compliance with the court's order' or 'compensate the complainant for losses sustained.'" *Id.* (quoting *American Airlines Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000)). "The movant must establish by clear and convincing evidence that a court order was in effect, it required specific conduct by the respondent, and the respondent failed to comply." *Id.* (citing *Martin v. Trinity Industries, Inc.*, 959 F.2d 45, 47 (5th Cir. 1992)); *see also In re Augustus*, No. 05-83177 G37, 2007 WL 172525, at *1 (Bankr. S.D. Tex. Jan. 18, 2007) (same).

16. This Court already issued an order authorizing the Reorganized Debtors to subpoena Hernandez Remodeling for an oral examination and for production of documents pertinent to the ongoing section 549 post-petition investigation.[31] Pursuant to the 2004 Order, the Reorganized Debtors issued a clear Deposition Subpoena based upon a mutually agreed-upon date and location.[32] Mr. Armendariz did not comply with the Deposition Subpoena. Given the Hernandez Remodeling Parties' blatant disregard for this Court's 2004 Order and the Deposition Subpoena—evidenced by Mr. Armendariz's failure to (i) appear at the Deposition, (ii) communicate with Sidley regarding his failure to appear, and/or (iii) provide any justification to excuse his non-appearance—this Court should hold the Hernandez Remodeling Parties in contempt for their noncompliance of the 2004 Order and Deposition Subpoena.

17. A finding of contempt here and an award of reasonable costs and fees associated with the Hernandez Remodeling Parties' noncompliance with the Deposition Subpoena is particularly warranted given the multiple conservations that Sidley had with Mr. Armendariz,

---

[31] 2004 Order at 3.

[32] *See id.* ("Debtors are authorized, pursuant to Bankruptcy Rule 9016, to issue subpoenas for the foregoing document requests and attendance at the oral examinations as may be necessary.").

where Mr. Armendariz specifically agreed and committed to appear for the Deposition, including the fact that Mr. Armendariz reaffirmed his intent to appear at the Deposition ***less than twenty-four hours*** prior to its start. As a result of Mr. Armendariz's failure to appear at the Deposition, the Reorganized Debtors were forced to expend costs associated with obtaining the stenographer and videographer who were retained to record the Deposition. Accordingly, the Court should issue an award of the $855 incurred by the Reorganized Debtors based upon the Hernandez Remodeling Parties' noncompliance with the Deposition Subpoena and 2004 Order. *See In re Nicole Energy Services, Inc.*, 356 B.R. 786 (B.A.P. 6th Cir. 2007) (upholding award of fees and costs incurred due to a 2004 examinee's noncompliance with the court's order and related subpoenas).

18. The Hernandez Remodeling Parties similarly failed to produce any of the requested documents or otherwise respond to the Document Subpoena that was issued pursuant to the 2004 Order authorizing the Reorganized Debtors to seek such documents.[33] Accordingly, the Court should hold the Hernandez Remodeling Parties in contempt for their noncompliance with regard to the Document Subpoena.

19. In holding the Hernandez Remodeling Parties in contempt for their failure to comply with the 2004 Order and Deposition and Document Subpoenas, the Court should issue daily fines in the amount of $250 until the Hernandez Remodeling Parties comply with the 2004 Order in its entirety. *See In re Galindo*, No. CIV A. H-05-4384, 2006 WL 2168125, at *4 (S.D. Tex. July 31, 2006) (upholding $1000.00 per day fine where "[t]he Bankruptcy Court fined [entity] $1000.00 per day and it took [entity] seventy-five days before it complied"); *Ninaltowski v. Moore*,

---

[33] Great Value Storage, LLC ("GVS") has produced the Construction Services Agreement by and between GVS Texas Holdings I, LLC and Hernandez Remodeling and a number of Hernandez Remodeling invoices, but the Requests seek documents and information far beyond the limited documents produced by GVS.

No. 2:20-CV-01808-JMG, 2021 WL 3051932, at *3 (E.D. Pa. July 20, 2021) (holding that a daily fine of $250 was warranted "for every day that the nonparties fail to comply with the subpoenas" given the moving party's repeated attempts "to obtain the nonparties' compliance with the subpoenas, to no avail"); *see also Trustees of Heating, Piping & Refrigeration Pension Fund v. Clean Air Mech., Inc.*, No. CV JKB-17-3690, 2021 WL 5760906, at *1 (D. Md. Dec. 3, 2021) (imposing a fine of $500 per day based on defendant's "repeated failure to comply with a valid subpoena and this Court's Orders").

## **CONCLUSION**

20. By this Motion, the Reorganized Debtors respectfully request entry of the proposed Order attached hereto as **Exhibit A** holding the Hernandez Remodeling Parties in contempt for their failure to comply with this Court's 2004 Order and imposing $250 daily fines against the Hernandez Remodeling Parties until they comply fully with the 2004 Order.[34] The Reorganized Debtors further request an award of the $855 in costs that were incurred as a result of the Hernandez Remodeling Parties' noncompliance with the Deposition and Document Subpoenas issued pursuant to the 2004 Orders and such other and further relief to which it is justly entitled.

[*Remainder of Page Intentionally Left Blank*]

---

[34] *See* Dkt. 923.

<table>
<tr><td>Dated: May 27, 2022<br>Dallas, Texas</td><td>Respectfully submitted,<br><br>SIDLEY AUSTIN LLP<br>/s/ Thomas R. Califano<br>Thomas R. Califano (10369867)<br>Charles M. Persons (24060413)<br>Penny P. Reid (15402570)<br>Mustafa Abdul-Jabbar (24101414)<br>Juliana L. Hoffman (24106103)<br>2021 McKinney Ave<br>Suite 2000<br>Dallas, Texas 75201<br>Telephone: (214) 981-3300<br>Facsimile: (214) 981-3400<br><br>*Counsel for the Reorganized Debtors*</td></tr>
</table>

## CERTIFICATE OF CONFERENCE

I hereby certify that a good faith attempt was made on May 18, 2022 to confer with Hernandez Remodeling regarding the relief requested in this Motion but no agreement could be reached.

/s/ Thomas R. Califano<br>
Thomas R. Califano

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was sent via electronic mail via the Court's ECF system to all parties authorized to receive electronic notice in this case on May 27, 2022.

/s/ Thomas R. Califano<br>
Thomas R. Califano

**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>GVS TEXAS HOLDINGS I, LLC, *et al.* [1]<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 21-31121-MVL<br><br>**(Jointly Administered)** |

**ORDER GRANTING REORGANIZED DEBTORS' MOTION FOR
CONTEMPT AND SANCTIONS REGARDING THE RULE 2004
<u>EXAMINATION OF HERNANDEZ REMODELING</u>**

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, as applicable, are: GVS Texas Holdings I, LLC (7458); GVS Texas Holdings II, LLC (1225); GVS Portfolio I, LLC (6441); GVS Portfolio I B, LLC (7171); GVS Portfolio I C, LLC (3093); WC Mississippi Storage Portfolio I, LLC (0423); GVS Nevada Holdings I, LLC (4849); GVS Ohio Holdings I, LLC (6449); GVS Missouri Holdings I, LLC (5452); GVS New York Holdings I, LLC (5858); GVS Indiana Holdings I, LLC (3929); GVS Tennessee Holdings I, LLC (5909); GVS Ohio Holdings II, LLC (2376); GVS Illinois Holdings I, LLC (9944); and GVS Colorado Holdings I, LLC (0408). The location of the Reorganized Debtors' service address is: c/o Getzler Henrich & Associates, LLC, 295 Madison Avenue, 20th Floor, New York, NY 10017.

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Reorganized Debtors") for entry of an order (this "Order") holding Hernandez Remodeling and Jacob Armendariz (collectively, the "Hernandez Remodeling Parties") in contempt for their failure to comply with Court's Order[3] granting Debtors' Amended Motion for Rule 2004 Examination of Hernandez Remodeling,[4] imposing $250 daily fines until the Hernandez Remodeling Parties comply fully with the 2004 Order, issuing an award to the Reorganized Debtors for the $855 in fees incurred by the stenographer and videographer retained for the Deposition, and granting such further relief as may be just, pursuant to section 105(a), 549 and 1107 of the United States Code, Federal Rule of Bankruptcy Procedure 2004, Federal Rule of Civil Procedure 45; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion being in the best interests of the Reorganized Debtors' estates, their creditors, and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

---

[2] Capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

[3] *See* Order Granting Debtors' Motion for Rule 2004 Examination of Cupertino Builders, LLC, World Class, Hernandez Remodeling, Kadari, Inc., Nova 401(k) Associates, Inc., Champion Energy Services, LLC, Waste Managers, LLC, EnTelegent Solutions, Inc., and Mesquite Department of Public Works [Dkt. 923] [hereinafter "2004 Order"].

[4] *See* Debtors' Amended Motion for Rule 2004 Examination of Cupertino Builders, LLC, World Class, Hernandez Remodeling, Kadari, Inc., Nova 401(k) Associates, Inc., Champion Energy Services, LLC, Waste Managers, LLC, EnTelegent Solutions, Inc., and Mesquite Department of Public Works [Dkt. 920].

**IT IS HEREBY ORDERED THAT**

1. The relief requested in the Motion is GRANTED as set forth herein.

2. The Hernandez Remodeling Parties are found to be in contempt of Court.

3. Daily sanctions of $250 in the above-styled case shall be imposed beginning from the date of this Order until the Hernandez Remodeling Parties fulfill their obligations under this Order and the 2004 Order.

4. The Hernandez Remodeling Parties are ordered to pay to the Reorganized Debtors the $855 in fees incurred from the Deposition stenographer and videographer as a result of Jacob Armendariz's failure to appear for the Deposition on May 10, 2022.

5. The terms and conditions of this Order will be immediately effective and enforceable upon its entry.

6. This Court shall retain jurisdiction to hear and determine all matters arising from, or related to, the implementation, interpretation, or enforcement of this Order.

# # # END OF ORDER # # #